UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

UNITED STATES OF AMERICA

                    Plaintiff,

                                                Case No. _____

            v.

JOSEPH ANDREW HALLADA, JR.
9677 Midway Road
Coleman, WI   54112

ROBERTA JEAN HALLADA                            **COMPLAINT**
9677 Midway Road
Coleman, WI   54112

GREENSTONE FARM CREDIT SERVICES, FLCA
1760 Abbey Road, Suite 200
East Lansing, MI   48823

NORTHLAND CAPITAL FINANCIAL SERVICES, LLC
c/o Registered Agent Solutions, Inc., Registered Agent
901 South Whitney Way
Madison, WI   53711

BEAVER MACHINE, INC.
c/o Keith A. Sadowski, Registered Agent
P.O. Box 75
Coleman, WI   54112

FARM CREDIT SERVICES OF AMERICA, PCA
c/o CT Corporation System, Registered Agent
301 South Bedford Street, Suite 1
Madison, WI   53703

CNH INDUSTRIAL CAPITAL AMERICA, LLC
c/o C.T. Corporation System, Registered Agent
301 South Bedford Street, Suite 1
Madison, WI   53703

THE COOPERATIVE FINANCE ASSOCIATION, INC.
P.O. Box 901532
Kansas City, MO   64190

LUISIER WELL DRILLING
c/o James A. Meyers, Registered Agent
220 Hank Marks Drive
Oconto Falls, WI   54154-1078

DAIR-RAY VETERINARY SERVICE, S.C. (dissolved)
c/o Leonard A. Ray, Registered Agent
101 North 3rd Street
Lena, WI   54139,

Defendants.

---

Comes now the plaintiff, the United States of America, acting through the Farm Service Agency, U.S. Department of Agriculture, by Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Michael A. Carter, Assistant United States Attorney for said District, and for its cause of action alleges that:

1.      This is a civil action brought by the United States of America under 28 U.S.C. § 1345 to foreclose upon chattel and real estate held by Defendants Joseph A. Hallada Jr. and Roberta J. Hallada ("Halladas")

2.      The Halladas have executed promissory notes, secured by mortgages upon real estate within the jurisdiction of this court.

3.      The Halladas have executed the following promissory notes:

| Date | Amount | Exhibit No. (hereto annexed) |
|------|--------|------------------------------|
| January 9, 2014 | $31,500 | A |
| January 9, 2014 | $20,440 | B |
| August 28, 2012 | $28,750 | C |
| August 11, 2011 | $13,700 | D |
| July 8, 2011 | $48,610 | E |
| September 8, 2010 | $35,500 | F |
| August 12, 2009 | $16,522.74 | G |
| August 12, 2009 | $41,137.15 | H |
| August 12, 2009 | $22,900.57 | I |
| August 12, 2009 | $59,921.65 | J |

| | | |
|---|---|---|
| August 12, 2009 | $16,255.39 | K |
| August 12, 2009 | $22,390.59 | L |
| August 12, 2009 | $1,211.91 | M |
| August 12, 2009 | $35,000 | N |
| August 12, 2009 | $50,000 | O |
| April 15, 2008 | $26,950 | P |
| October 24, 2006 | $17,000 | Q |
| September 27, 2006 | $1,970 | R |
| September 27, 2006 | $19,278.80 | S |
| September 27, 2006 | $70,481.85 | T |
| September 27, 2006 | $26,416.94 | U |
| September 27, 2006 | $48,230 | V |
| June 15, 2004 | $23,000 | W |
| June 3, 2003 | $90,000 | X |
| June 30, 2000 | $44,000 | Y |

4.     To secure said notes, the Halladas executed and delivered to plaintiff a security agreement dated June 30, 2000.   The Halladas subsequently executed another security agreement on July 29, 2016, a copy of which is attached as Exhibit Z.

5.     Financing statements and continuation statements were duly filed for the record:

| Date | Exhibit No. (hereto annexed) |
|---|---|
| December 18, 2017 | AA |
| December 18, 2017 | AB |
| December 18, 2014 | AC |
| January 17, 2013 | AD |
| January 14, 2013 | AE |
| January 2, 2006 | AF |
| December 21, 2007 | AG |
| June 3, 2003 | AH |
| May 30, 2003 | AI |
| June 23, 2000 | AJ |
| June 21, 2000 | AK |

6.     By virtue of said notes, security agreements, financing statements and continuation statements, plaintiff has a security interest in all farm products, crops, livestock, and farm equipment owned by the Halladas.   Said property includes, but is not limited to, the property described in the security agreement that is attached hereto as Exhibit Z, except for the

five (5) Delaval Eco lite detrachers with cables, uprights and supports described in Exhibit AH.

A subordination Agreement (Exhibit BN) placed FSA's security interest behind the security

interest of GreenStone Farm Credit Services, FLCA, for the five (5) Delaval Eco lit detrachers.

       7.     The property described in paragraph 6 is in the possession of the defendant Joseph

A. Hallada, Jr. and is located at 9677 Midway Road, Coleman, Wisconsin 54112.

       8.     To further secure said notes, the Halladas executed and delivered to plaintiff the

following duly recorded mortgages upon certain real estate within the jurisdiction of this court:

| Date | Exhibit No.<br>(hereto annexed) |
| --- | --- |
| December 18, 2014 | AL |
| December 18, 2014 | AM |
| June 23, 2014 | AN |
| June 23, 2014 | AO |
| January 9, 2014 | AP |
| January 9, 2014 | AQ |
| August 28, 2012 | AR |
| August 28, 2012 | AS |
| August 11, 2011 | AT |
| August 11, 2011 | AU |
| July 8, 2011 | AV |
| July 8, 2011 | AW |
| September 8, 2010 | AX |
| September 8, 2010 | AY |
| August 12, 2009 | AZ |
| August 12, 2009 | BA |
| April 15, 2008 | BB |
| April 15, 2008 | BC |
| October 24, 2006 | BD |
| October 24, 2006 | BE |
| September 27, 2006 | BF |
| September 27, 2006 | BG |
| June 15, 2004 | BH |
| June 15, 2004 | BI |

       9.     Plaintiff subsequently executed the following subordination agreements:

4

|                    | Exhibit No.      |
|--------------------|------------------|
| Date               | (hereto annexed) |
| November 3, 2008   | BJ               |
| November 3, 2008   | BK               |
| November 3, 2008   | BL               |
| November 3, 2008   | BM               |
| November 3, 2008   | BN               |
| November 3, 2008   | BO               |
| November 3, 2008   | BP               |
| November 3, 2008   | BQ               |
| November 3, 2008   | BR               |

10.     The Halladas failed to make the required payments towards the above debts to the government and, therefore, have defaulted under the terms of the applicable loan instruments.

11.     The Halladas being in default, plaintiff served upon them a Notice of Acceleration of Indebtedness and Demand for Payment, a copy of which is hereto annexed as Exhibit BS.

12.     Plaintiff has made the following payments as permitted by the provisions of the mortgages and said payments have become a part of the mortgage indebtedness:

| Title Report: | $500.00 |
| Lien Search   | $ 38.00 |

13.     The Halladas owe plaintiff, under the provisions of the notes and mortgages, a balance of $280,554.69, as of May 4, 2018 with interest accruing thereafter at the daily rate of $19.4107.   This amount is computed as follows: principal of $257,833.86, and interest of $22,720.83.   A Statement of Account is attached hereto as Exhibit BT.

14.     Farm Credit Services of Northeast Wisconsin, FLCA, n/k/a Greenstone Farm Credit Services, FLCA, purports to have a senior interest in all of the parcels of real property securing the Farm Service Agency's notes (Parcels 1 – 5 in Marinette County and Parcel 1 in Oconto County) by virtue of a mortgage recorded in the office of the Register of Deeds for Marinette County on December 14, 1995 in Volume 5485 of Records, page 31 as Document

number 545866, amended in document number 721380, in the original amount of $145,000.00. The mortgage was also recorded in the office of the Register of Deeds for Oconto County on December 14, 1995 in Volume 676 of Records, page 400, Document 433532, amended in Document No. 614638. This mortgage is superior to all of the mortgages of Farm Service Agency in both Marinette and Oconto County (Exhibits AL – BI).

15. GreenStone Farm Credit Services, FLCA, purports to have a senior interest in all of the parcels of real property securing the Farm Service Agency's notes (Parcels 1 – 5 in Marinette County and Parcel 1 in Oconto County) by virtue of a mortgage recorded in the office of the Register of Deeds for Marinette County on May 15, 2008, as Document number 721379, in the original amount of $270,000.00. This mortgage was also recorded in the office of the Register of Deeds for Oconto County on May 14, 2008 in Volume 1310 Records, page 888, Document No. 614637. This mortgage is senior to all of the FSA mortgages (Exhibits AL – BI) due to the subordination agreements recorded on November 3, 2008 (See Exhibits BJ – BR).

16. The other defendants may have interests in the mortgaged premises but any such interests are junior and subordinate to the interests of the plaintiff.

WHEREFORE, plaintiff prays that an accounting be taken under the direction of this Court of what is due for principal and interest on the notes, security agreements, financing statements continuation statements, and mortgages, and that a decree be entered as follows:

(a) That the Halladas pay to plaintiff $280,554.69 together with interest from May 4, 2018, at the rate of $19.4107 per day computed as provided in the notes, security agreements, financing statements, continuation statements, and mortgages, up to the date on which the decree is entered, plus interest thereafter according to law, costs, disbursements, and expenses;

6

(b)     Or in default of such payment, that all legal right, title, and interest that the Halladas have in the property described in said mortgages, less than any property released, be sold at public sale in accordance with 28 U.S.C. § 2001-2003, inclusive, and 28 U.S.C. § 2004 and that the amounts due to plaintiff and GreenStone Farm Credit Services, FLCA, be paid out of the proceeds of the sale pursuant to the lien priority of each mortgage;

(c)     That the interest the Halladas have in the property described in said security agreements be sold at a public or private sale in accordance with 28 U.S.C. § 2004 and that the proceeds of the sale be paid out to plaintiff and others creditors pursuant to the lien priority set forth in the security agreements and subordinations agreements;

(d)     That the defendants and all persons claiming or who may claim by, from, or under them be absolutely barred and foreclosed from all rights and equity of redemption in the property;

(e)     That if the proceeds of the sales exceed the sum of money to be paid to plaintiff, any such excess be deposited with the Clerk of this Court subject to further orders of the Court;

(f)     For such other and further relief as is just.


Dated this 29th day of May, 2018.


MATTHEW D. KRUEGER
United States Attorney


By:     s/Michael A. Carter
MICHAEL A. CARTER
Assistant United States Attorney
Wisconsin State Bar No. 1090041

7

Office of the United States Attorney
Federal Building, Room 530
517 East Wisconsin Avenue
Milwaukee, Wisconsin   53202
Telephone: 414-297-1700
Fax: 414-297-4394
Michael.A.Carter@usdoj.gov

8

This form is available electronically.

**FSA-2026**
(12-05-12)

Position 2

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| 1. Name | 2. State | 3. County |
|---|---|---|
| HALLADA, JOSEPH ANDREW and HALLADA, ROBERTA JEAN | WISCONSIN | OCONTO |

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date |
|---|---|---|---|
| 58-042- | 44 | 34 | JANUARY 9, 2014 |

**8. TYPE OF ASSISTANCE**

D-OL-NBF-REG7

**9. ACTION REQUIRING PROMISSORY NOTE:**

- [ ] Initial loan
- [ ] Conservation easement
- [ ] Deferred payments
- [ ] Consolidation
- [ ] Rescheduling
- [ ] Debt write down
- [x] Subsequent loan
- [ ] Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture (Government), or its assigns, at its office in *(a)* OCONTO, WISCONSIN or at such other place as the Government may later designate in writing, the principal sum of *(b)* THIRTY-ONE THOUSAND FIVE HUNDRED DOLLARS AND 00/00 - - - - dollars *(c)* ($ 31,500.00 , plus interest on the unpaid principal balance at the RATE of *(d)* ONE AND SEVEN EIGHTHS - - - - - percent *(e)* 1.875 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* 7 installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 2,425.00 | 01/01/2015 | $ n/a | n/a |
| $ n/a | n/a | $ n/a | n/a |
| $ n/a | n/a | $ n/a | n/a |
| $ n/a | n/a | $ n/a | n/a |

and *(d)* $ 2,425.00 thereafter on the *(e)* 1st of each *(f)* year until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* 7 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial JH KH Date 1/9/14

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial J H  R H  Date 1/9/14

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.


_Joseph Andrew Hallada_
JOSEPH ANDREW HALLADA


_Roberta Jean Hallada_
ROBERTA JEAN HALLADA


NOTE: The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

**FSA-2026**
(12-05-12)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name | 2. State | 3. County |
|---|---|---|
| HALLADA, JOSEPH ANDREW and HALLADA, ROBERTA JEAN | WISCONSIN | OCONTO |

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date |
|---|---|---|---|
| 58-042- | 43 | 33 | JANUARY 9, 2014 |

**8. TYPE OF ASSISTANCE**

EM-ACT LOSS-OP

**9. ACTION REQUIRING PROMISSORY NOTE:**

☐ Initial loan   ☐ Conservation easement   ☐ Deferred payments
☐ Consolidation   ☐ Rescheduling   ☐ Debt write down
☒ Subsequent loan   ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture (Government), or its assigns, at its office in (a)   OCONTO, WISCONSIN   or at such other place as the Government may later designate in writing, the principal sum of (b)   TWENTY THOUSAND FOUR HUNDRED FORTY DOLLARS AND 00/00 - - - dollars (c) ($   20,440.00   , plus interest on the unpaid principal balance at the RATE of (d)   TWO AND SEVEN EIGHTHS - - - - -

percent (e)   2.875   %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in (a)   14   installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 1,785.00 | 01/01/2015 | $ n/a | n/a |
| $ n/a | n/a | $ n/a | n/a |
| $ n/a | n/a | $ n/a | n/a |
| $ n/a | n/a | $ n/a | n/a |

and (d) $   1,785.00   thereafter on the (e)   1st   of each (f)   year   until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable (g)   14   years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initials _JH RH_   Date _1/9/14_

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _SH RH_    Date _1/9/14_

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.


_Joseph Andrew Hallada_
JOSEPH ANDREW HALLADA

_Roberta Jean Hallada_
ROBERTA JEAN HALLADA

NOTE: The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

| FSA-2026 | U.S. DEPARTMENT OF AGRICULTURE | Position 2 |
|---|---|---|

**FSA-2026**
(09-07-10)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 2

# PROMISSORY NOTE

| 1. Name | 2. State | 3. County |
|---|---|---|
| HALLADA, JOSEPH ANDREW and HALLADA, ROBERTA JEAN | WISCONSIN | OCONTO |

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date |
|---|---|---|---|
| 58-042- | 43 | 32 | AUGUST 28, 2012 |

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|
| EM-ACT LOSS-OPERATING | ☐ Initial loan  ☐ Conservation easement  ☐ Deferred payments<br>☐ Consolidation  ☐ Rescheduling  ☐ Debt write down<br>☒ Subsequent loan  ☐ Reamortization |

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the

United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at

its office in *(a)* ____OCONTO, WISCONSIN____ or at such other place as the Government may later

designate in writing, the principal sum of *(b)* ____TWENTY EIGHT THOUSAND SEVEN HUNDRED FIFTY DOLLARS AND 00 - - - -____

dollars *(c)* ($ ____28,750.00____ , plus interest on

the unpaid principal balance at the **RATE** of *(d)* ____TWO AND ONE QUARTER - -____

percent *(e)* ____2.26____ %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may

**CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written

notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the

Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* ____11____

installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 1,088.00 | 01/01/2013 | $ 3,243.00 | 01/01/2014 |
| $ n/a | n/a | $ n/a | n/a |
| $ n/a | n/a | $ n/a | n/a |
| $ n/a | n/a | $ n/a | n/a |

and *(d)* $ ____3,243.00____ thereafter on the *(e)* ____1st____ of each *(f)* ____year____ until the

principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner

paid, shall be due and payable *(g)* ____10____ years from the date of this note, and except that prepayments may

be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule

of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as
requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is
requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date
disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial ____ Date ____8/28/12____

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _____ Date _____

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.


_JOSEPH ANDREW HALLADA_

_ROBERTA JEAN HALLADA_

---

NOTE: *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

**FSA-2501**
(07-25-12)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 2

## ADDENDUM TO THE PROMISSORY NOTE OR ASSUMPTION AGREEMENT
### FOR THE DISASTER SET-ASIDE PROGRAM

| 1. Name | 2. Full Case Number *(ST/CO/9 digits)* |
|---|---|
| JOSEPH ANDREW HALLADA and ROBERTA JEAN HALLADA | 58 - 042 - 0 |

3. Promissory Note or Assumption Agreement:

| A. Fund Code | B. Loan Number | C. Date | D. Amount |
|---|---|---|---|
| 43 | 32 | 08/28/2012 | $ 28,750.00 |

4. This addendum amends the above-described promissory note or assumption agreement to set forth the terms and conditions for set-aside of the installment described below:

    A.   Disaster Designation Number:    **S3551**

    B.   Date of Installment being Set-aside:    **01/01/2014**

    C.   Amount of Installment Set-aside:    **$1,747.00**

Any principal amount set-aside will continue to accrue interest at the same rate being charged the non-set-aside portion of the note.

This addendum does not change any of the terms or conditions of the promissory note or assumption agreement.

The undersigned borrower and any cosigners hereby agree to pay the installment being set-aside, plus any accrued interest on the principal amount set-aside, on or before the final due date of the loan, as set forth on the note or assumption agreement being amended.

If the promissory note or assumption agreement is later restructured through primary loan servicing, the addendum will automatically be considered cancelled and the amount set-aside will be included in the total debt restructured.

| 5A. Borrower Name<br>JOSEPH ANDREW HALLADA | 5B. Signature<br>*Joseph Andrew Hallada* | 5C. Date<br>10/31/2013 |
|---|---|---|
| 6A. Borrower Name<br>ROBERTA JEAN HALLADA | 6B. Signature<br>*Roberta Jean Hallada* | 6C. Date<br>10/31/2013 |
| 7A. Borrower Name | 7B. Signature | 7C. Date |
| 8A. Borrower Name | 8B. Signature | 8C. Date |

NOTE: *The following statement is made in accordance with the Privacy Act of 1974 (5 USC 552a - as amended). The authority for requesting the information identified on this form is 7 CFR part 761 and the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program. The information collected on this form may be disclosed to other Federal, State, Local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower and USDA/FSA-16, Graduation File. Providing the requested information is voluntary. However, failure to furnish the requested information will result in a determination of ineligibility to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0233. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions. The provisions of appropriate criminal and civil fraud, privacy, and other statutes may be applicable to the information provided. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.*

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

**FSA-2026**
(09-07-10)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name | 2. State | 3. County |
|---|---|---|
| HALLADA, JOSEPH ANDREW and HALLADA, ROBERTA JEAN | WISCONSIN | OCONTO |

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date |
|---|---|---|---|
| 58-042 | 44 | 31 | AUGUST 11, 2011 |

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|
| D-OL-NBF-REG 7 | ☐ Initial loan  ☐ Conservation easement  ☐ Deferred payments<br>☐ Consolidation  ☐ Rescheduling  ☐ Debt write down<br>☒ Subsequent loan  ☐ Reamortization |

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in (a) **OCONTO, WISCONSIN** or at such other place as the Government may later designate in writing, the principal sum of (b) **THIRTEEN THOUSAND SEVEN HUNDRED DOLLARS AND 00/00 - - -** dollars (c) ($ **13,700.00**, plus interest on the unpaid principal balance at the RATE of (d) **TWO AND ONE EIGHTH - - - - -** percent (e) **2.125** %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in (a) **8** installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 423.00 | 01/01/2012 | $ 1,127.00 | 01/01/2013 |
| $ n/a | n/a | $ n/a | n/a |
| $ n/a | n/a | $ n/a | n/a |
| $ n/a | n/a | $ n/a | n/a |

and (d) $ **1,127.00** thereafter on the (e) **1st** of each (f) **Year** until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable (g) **7** years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial _____ Date _8/11/11_

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _____   Date _8/11/11_

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.


JOSEPH ANDREW HALLADA


ROBERTA JEAN HALLADA


NOTE: The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

Form Approved — OMB No. 0560-0233

**FSA-2501**
(07-25-12)

U.S. DEPARTMENT OF AGRICULTURE
·Farm Service Agency

Position 2

## ADDENDUM TO THE PROMISSORY NOTE OR ASSUMPTION AGREEMENT
## FOR THE DISASTER SET-ASIDE PROGRAM

| 1. Name JOSEPH ANDREW HALLADA and ROBERTA JEAN HALLADA | 2. Full Case Number *(ST/CO/9 digits)* 58 - 042 - 0 |
|---|---|

3. Promissory Note or Assumption Agreement:

| A. Fund Code 44 | B. Loan Number 31 | C. Date 08/11/2011 | D. Amount $ 13,700.00 |
|---|---|---|---|

4. This addendum amends the above-described promissory note or assumption agreement to set forth the terms and conditions for set-aside of the installment described below:

    A.   Disaster Designation Number:   **S3551**

    B.   Date of Installment being Set-aside:   **01/01/2014**

    C.   Amount of Installment Set-aside:   **$609.00**

Any principal amount set-aside will continue to accrue interest at the same rate being charged the non-set-aside portion of the note.

This addendum does not change any of the terms or conditions of the promissory note or assumption agreement.

The undersigned borrower and any cosigners hereby agree to pay the installment being set-aside, plus any accrued interest on the principal amount set-aside, on or before the final due date of the loan, as set forth on the note or assumption agreement being amended.

If the promissory note or assumption agreement is later restructured through primary loan servicing, the addendum will automatically be considered cancelled and the amount set-aside will be included in the total debt restructured.

| 5A. Borrower Name JOSEPH ANDREW HALLADA | 5B. Signature *Joseph Andrew Hallada* | 5C. Date 10/31/2013 |
|---|---|---|
| 6A. Borrower Name ROBERTA JEAN HALLADA | 6B. Signature *Roberta Jean Hallada* | 6C. Date 10/31/2013 |
| 7A. Borrower Name | 7B. Signature | 7C. Date |
| 8A. Borrower Name | 8B. Signature | 8C. Date |

NOTE: *The following statement is made in accordance with the Privacy Act of 1974 (5 USC 552a - as amended). The authority for requesting the information identified on this form is 7 CFR Part 761 and the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program. The information collected on this form may be disclosed to other Federal, State, Local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower and USDA/FSA-16, Graduation File. Providing the requested information is voluntary. However, failure to furnish the requested information will result in a determination of ineligibility to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0233. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions. The provisions of appropriate criminal and civil fraud, privacy, and other statutes may be applicable to the information provided. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.*

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

**FSA-2026**
(09-07-10)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name | 2. State | 3. County |
|---|---|---|
| HALLADA, JOSEPH ANDREW and HALLADA, ROBERTA JEAN | WISCONSIN | OCONTO |

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date |
|---|---|---|---|
| 58-042 | 43 | 30 | JULY 8, 2011 |

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|
| EM-ACT LOSS-OP | ☐ Initial loan  ☐ Conservation easement  ☐ Deferred payments<br>☐ Consolidation  ☐ Rescheduling  ☐ Debt write down<br>☒ Subsequent loan  ☐ Reamortization |

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)*  OCONTO, WISCONSIN  or at such other place as the Government may later designate in writing, the principal sum of *(b)*  FORTY-EIGHT THOUSAND SIX HUNDRED TEN DOLLARS AND 00/00 - - - dollars *(c)* ($  48,610.00  , plus interest on the unpaid principal balance at the **RATE** of *(d)*  THREE AND THREE QUARTERS - - - percent *(e)*  3.75  %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*  11  installments as indicated  below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 2,854.00 | 01/01/2012 | $ 5,918.00 | 01/01/2013 |
| $ n/a | n/a | $ n/a | n/a |
| $ n/a | n/a | $ n/a | n/a |
| $ n/a | n/a | $ n/a | n/a |

and *(d)* $  5,918.00  thereafter on the *(e)*  1st  of each *(f)*  Year  until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*  10  years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.*

Initial _____  Date _7/8/11_

**Exhibit E**

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _____  Date 7/8/11

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.


_Joseph Andrew Hallada_
JOSEPH ANDREW HALLADA


_Roberta Jean Hallada_
ROBERTA JEAN HALLADA


NOTE:    The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

Form Approved – OMB No. 0560-0233

**FSA-2501**
(07-25-12)

Position 2

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## ADDENDUM TO THE PROMISSORY NOTE OR ASSUMPTION AGREEMENT
### FOR THE DISASTER SET-ASIDE PROGRAM

| 1. Name | 2. Full Case Number *(ST/CO/9 digits)* |
|---|---|
| JOSEPH ANDREW HALLADA and ROBERTA JEAN HALLADA | 58 - 042 - 0 |

3. Promissory Note or Assumption Agreement:

| A. Fund Code | B. Loan Number | C. Date | D. Amount |
|---|---|---|---|
| 43 | 30 | 07/08/2011 | $ 48,610.00 |

4. This addendum amends the above-described promissory note or assumption agreement to set forth the terms and conditions for set-aside of the installment described below:

A. Disaster Designation Number:  S3551

B. Date of Installment being Set-aside:  01/01/2014

C. Amount of Installment Set-aside:  $3,189.00

Any principal amount set-aside will continue to accrue interest at the same rate being charged the non-set-aside portion of the note.

This addendum does not change any of the terms or conditions of the promissory note or assumption agreement.

The undersigned borrower and any cosigners hereby agree to pay the installment being set-aside, plus any accrued interest on the principal amount set-aside, on or before the final due date of the loan, as set forth on the note or assumption agreement being amended.

If the promissory note or assumption agreement is later restructured through primary loan servicing, the addendum will automatically be considered cancelled and the amount set-aside will be included in the total debt restructured.

| 5A. Borrower Name<br>JOSEPH ANDREW HALLADA | 5B. Signature | 5C. Date<br>10/31/2013 |
|---|---|---|
| 6A. Borrower Name<br>ROBERTA JEAN HALLADA | 6B. Signature | 6C. Date<br>10/31/2013 |
| 7A. Borrower Name | 7B. Signature | 7C. Date |
| 8A. Borrower Name | 8B. Signature | 8C. Date |

NOTE: *The following statement is made in accordance with the Privacy Act of 1974 (5 USC 552a - as amended). The authority for requesting the information identified on this form is 7 CFR Part 761 and the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program. The information collected on this form may be disclosed to other Federal, State, Local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower and USDA/FSA-16, Graduation File. Providing the requested information is voluntary. However, failure to furnish the requested information will result in a determination of ineligibility to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0233. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions. The provisions of appropriate criminal and civil fraud, privacy, and other statutes may be applicable to the information provided. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.*

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

**FSA-2026**
(04-08-10)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name<br>HALLADA, JOSEPH ANDREW<br>HALLADA, ROBERTA JEAN | | 2. State<br>WISCONSIN | 3. County<br>OCONTO |
|---|---|---|---|
| 4. Case Number<br>58-042- | 5. Fund Code<br>43 | 6. Loan Number<br>29 | 7. Date<br>SEPTEMBER 8, 2010 |

| 8. TYPE OF ASSISTANCE<br><br>EM- ACT LOSS- OPERATING | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☐ Initial loan ☐ Conservation easement ☐ Deferred payments

☐ Consolidation ☐ Rescheduling ☐ Debt write down

☒ Subsequent loan ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in (a) OCONTO or at such other place as the Government may later designate in writing, the principal sum of (b) THIRTY FIVE THOUSAND FIVE HUNDRED * * * * * * * * * * * * * * * * * * * * * * * dollars (c) ($ 35,500.00 * * * * * * * * * * * , plus interest on the unpaid principal balance at the RATE of (d) THREE AND THREE QUARTERS * * * * * * * * * * * * * * * * percent (e) 3.750 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in (a) 08 installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 1,350.00 | 01-01-2011 | $ 4,323.00 | 1-1-2012 |
| $ NA | NA | $ NA | NA |
| $ NA | NA | $ NA | NA |
| $ NA | NA | $ NA | NA |

and (d) $ 4,323.00 thereafter on the (e) 1 - 1 of each (f) YEAR until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable (g) 07 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial _RcH_ Date _9/8/10_

**Exhibit F**

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _R A_   Date _9/8/10_
          _J N_

Case 1:18-cv-00822   Filed 05/30/18   Page 2 of 4   Document 1-6

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

_Joseph Andrew Hallada_
JOSEPH ANDREW HALLADA

_Roberta Jean Hallada_
ROBERTA JEAN HALLADA

NOTE: The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

FSA-2501
(07-25-12)

Position 2

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## ADDENDUM TO THE PROMISSORY NOTE OR ASSUMPTION AGREEMENT
## FOR THE DISASTER SET-ASIDE PROGRAM

| 1. Name  JOSEPH ANDREW HALLADA and ROBERTA JEAN HALLADA | 2. Full Case Number (ST/CO/9 digits)  58 - 042 - 0 |
| --- | --- |

3. Promissory Note or Assumption Agreement:

| A. Fund Code  43 | B. Loan Number  29 | C. Date  09/08/2010 | D. Amount  $ 35,500.00 |
| --- | --- | --- | --- |

4. This addendum amends the above-described promissory note or assumption agreement to set forth the terms and conditions for set-aside of the installment described below:

A. Disaster Designation Number: **S3551**

B. Date of Installment being Set-aside: **01/01/2014**

C. Amount of Installment Set-aside: **$2,187.00**

Any principal amount set-aside will continue to accrue interest at the same rate being charged the non-set-aside portion of the note.

This addendum does not change any of the terms or conditions of the promissory note or assumption agreement.

The undersigned borrower and any cosigners hereby agree to pay the installment being set-aside, plus any accrued interest on the principal amount set-aside, on or before the final due date of the loan, as set forth on the note or assumption agreement being amended.

If the promissory note or assumption agreement is later restructured through primary loan servicing, the addendum will automatically be considered cancelled and the amount set-aside will be included in the total debt restructured.

| 5A. Borrower Name  JOSEPH ANDREW HALLADA | 5B. Signature | 5C. Date  10/31/2013 |
| --- | --- | --- |
| 6A. Borrower Name  ROBERTA JEAN HALLADA | 6B. Signature | 6C. Date  10/31/2013 |
| 7A. Borrower Name | 7B. Signature | 7C. Date |
| 8A. Borrower Name | 8B. Signature | 8C. Date |

NOTE: *The following statement is made in accordance with the Privacy Act of 1974 (5 USC 552a - as amended). The authority for requesting the information identified on this form is 7 CFR Part 761 and the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program. The information collected on this form may be disclosed to other Federal, State, Local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower and USDA/FSA-16, Graduation File. Providing the requested information is voluntary. However, failure to furnish the requested information will result in a determination of ineligibility to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0233. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions. The provisions of appropriate criminal and civil fraud, privacy, and other statutes may be applicable to the information provided. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 4 for Privacy Act and Public Burden Statements.)

**FSA-2026**
(12-31-07)

Position 2

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

## PROMISSORY NOTE

| 1. Name | 2. State | 3. County |
|---|---|---|
| HALLADA, JOSEPH ANDREW<br>HALLADA, ROBERTA JEAN | WISCONSIN | OCONTO |

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date |
|---|---|---|---|
| 58-042- | 41 | 17 to 28 | AUGUST 12, 2009 |

**8. TYPE OF ASSISTANCE**

**9. ACTION REQUIRING PROMISSORY NOTE:**

- [ ] Initial loan
- [ ] Subsequent loan
- [ ] Consolidation
- [ ] Conservation easement
- [ ] Rescheduling
- [x] Reamortization
- [x] Deferred payments
- [ ] Debt write down

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in (a) OCONTO or at such other place as the Government may later designate in writing, the principal sum of (b) SIXTEEN THOUSAND FIVE HUNDRED TWENTY TWO 74/100 * * *

* * * * * * * * * * dollars (c) ($ 16,522.74 * * * *, plus interest on the unpaid principal balance at the RATE of (d) FOUR AND ONE EIGHTH * * * * * * * * * * * * * * percent (e) 4.125 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in (a) 38 installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 0.00 | 01-01-2010 | $ 0.00 | 01-01-2011 |
| $ 940.00 | 01-01-2012 | $ NA | NA |
| $ NA | NA | $ NA | NA |
| $ NA | NA | $ NA | NA |

and (d) $ 940.00 thereafter on the (e) 01-01 of each (f) YEAR until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable (g) 37 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed. Borrower authorizes FSA to enter the amounts and dates of such advances in the Record of Advances.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.

Initial _____ Date 8/12/09

**Exhibit G**

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (include year) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 41-17 | $ 17,000.00 | 5.00 % | 10-24-06 | JOSEPH & ROBERTA HALLADA | 10-24-46 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

*R H*   8/12/09

Initial _*J. H.*_   Date _8/12/09_

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute **DEFAULT** under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.


```
Addendum to promissory note dated AUGUST 12, 2009 in the original amount of $16,522.74
at an annual interest rate of 4.125 percent.
This agreement amends and attaches to the above note.  $ 39.00 of each regular payment
on the note will be applied to the interest, which accrued during the deferral period.
The remainder of the regular payment will be applied in accordance with 7CFR Part 1951, subpart A.
I agree to sign a supplement payment agreement and make additional payments
if during the deferral period I have a substantial increase in income and repayment ability.
```

JOSEPH ANDREW HALLADA

ROBERTA JEAN HALLADA

## 24. RECORD OF ADVANCES

| A. AMOUNT | B. DATE | A. AMOUNT | B DATE | A. AMOUNT | B. DATE |
|---|---|---|---|---|---|
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | C. TOTAL: $ | . |

NOTE: The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses. Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act (FOIA), to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

Initial _J.H._  Date 8/12/09
8/12/09



RECEIVED
FEB 2 5 2008
BY:

I/We are requesting that the following Farm Ownership Loan(s) be converted from the Limited Resource interest rate of 5.00% to the Full Note Interest rate of 5.00% at this time:
4.875

_____✓_____ Loan #41-17

I/We hereby waive all rights to reconsideration, mediation and appeals relative to this matter.

*Joseph Hallada*          2/22/08
Joseph Hallada                          Date

*Roberta Hallada*          2/22/08
Roberta Hallada                          Date

Please note that all individuals who signed the original promissory note(s) are required to sign above.

Form Approved – OMB No. 0560-0233

Position 2

**FSA-2501**
(07-25-12)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## ADDENDUM TO THE PROMISSORY NOTE OR ASSUMPTION AGREEMENT
## FOR THE DISASTER SET-ASIDE PROGRAM

| 1. Name | 2. Full Case Number *(ST/CO/9 digits)* |
|---|---|
| JOSEPH ANDREW HALLADA and ROBERTA JEAN HALLADA | 58 - 042 - 0 |

3. Promissory Note or Assumption Agreement:

| A. Fund Code | B. Loan Number | C. Date | D. Amount |
|---|---|---|---|
| 41 | 28 | 08/12/2009 | $ 16,522.74 |

4. This addendum amends the above-described promissory note or assumption agreement to set forth the terms and conditions for set-aside of the installment described below:

A. Disaster Designation Number:  S3551

B. Date of Installment being Set-aside:  01/01/2014

C. Amount of Installment Set-aside:  $ 460.00

Any principal amount set-aside will continue to accrue interest at the same rate being charged the non-set-aside portion of the note.

This addendum does not change any of the terms or conditions of the promissory note or assumption agreement.

The undersigned borrower and any cosigners hereby agree to pay the installment being set-aside, plus any accrued interest on the principal amount set-aside, on or before the final due date of the loan, as set forth on the note or assumption agreement being amended.

If the promissory note or assumption agreement is later restructured through primary loan servicing, the addendum will automatically be considered cancelled and the amount set-aside will be included in the total debt restructured.

| 5A. Borrower Name<br>JOSEPH ANDREW HALLADA | 5B. Signature<br>*Joseph Hallada* | 5C. Date<br>10/31/2013 |
|---|---|---|
| 6A. Borrower Name<br>ROBERTA JEAN HALLADA | 6B. Signature<br>*Roberta Jean Hallada* | 6C. Date<br>10/31/2013 |
| 7A. Borrower Name | 7B. Signature | 7C. Date |
| 8A. Borrower Name | 8B. Signature | 8C. Date |

NOTE: *The following statement is made in accordance with the Privacy Act of 1974 (5 USC 552a - as amended). The authority for requesting the information identified on this form is 7 CFR Part 761 and the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-aside Program. The information collected on this form may be disclosed to other Federal, State, Local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower and USDA/FSA-16, Graduation File. Providing the requested information is voluntary. However, failure to furnish the requested information will result in a determination of ineligibility to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-aside Program.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0233. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.*

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 4 for Privacy Act and Public Burden Statements.)

**FSA-2026**
(12-31-07)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 2

# PROMISSORY NOTE

| 1. Name<br>HALLADA, JOSEPH ANDREW<br>HALLADA, ROBERTA JEAN | 2. State<br>WISCONSIN | 3. County<br>OCONTO |
|---|---|---|

| 4. Case Number<br>58-042- | 5. Fund Code<br>44 | 6. Loan Number<br>13 to 21 | 7. Date<br>AUGUST 12, 2009 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

- [ ] Initial loan
- [ ] Subsequent loan
- [ ] Consolidation
- [ ] Conservation easement
- [✓] Rescheduling
- [ ] Reamortization
- [✓] Deferred payments
- [ ] Debt write down

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in (a) OCONTO or at such other place as the Government may later designate in writing, the principal sum of (b) FORTY ONE THOUSAND ONE HUNDRED THIRTY SEVEN 15/100 * * *
* * * * * * * * * * dollars (c) ($ 41,137.15 * * * *, plus interest on the unpaid principal balance at the RATE of (d) TWO AND ONE QUARTER * * * * * * * * * * * * *
percent (e) 2.25 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in (a) 16 installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 0.00 | 01-01-2010 | $ 0.00 | 01-01-2011 |
| $ 3,828.00 | 01-01-2012 | $ NA | NA |
| $ NA | NA | $ NA | NA |
| $ NA | NA | $ NA | NA |

and (d) $ 3,828.00 thereafter on the (e) 01-01 of each (f) YEAR until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable (g) 15 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed. Borrower authorizes FSA to enter the amounts and dates of such advances in the Record of Advances.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.*

Initial _RH_ _JH_   Date _8/10/09_

**Exhibit H**

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (include year) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 44-13 | $ 48,230.00 | 5.00 % | 09-27-06 | JOSEPH & ROBERTA HALLADA | 09-27-13 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _____       Date _8/12/09_

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute **DEFAULT** under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.


```
Addendum to promissory note dated AUGUST 12, 2009 in the original amount of $41,137.15
at an annual interest rate of 2.25 percent.
This agreement amends and attaches to the above note.  $ 142.00 of each regular payment
on the note will be applied to the interest, which accrued during the deferral period.
The remainder of the regular payment will be applied in accordance with 7CFR Part 1951, subpart A.
I agree to sign a supplement payment agreement and make additional payments
if during the deferral period I have a substantial increase in income and repayment ability.
```


JOSEPH ANDREW HALLADA

ROBERTA JEAN HALLADA

## 24. RECORD OF ADVANCES

| A.<br>AMOUNT | B.<br>DATE | A.<br>AMOUNT | B<br>DATE | A.<br>AMOUNT | B.<br>DATE |
|---|---|---|---|---|---|
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | C. TOTAL: $ | |

NOTE: The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses. Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act (FOIA), to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

Initial _____ Date 8/12/09

Form Approved — OMB No. 0560-0233

FSA-2501
(07-25-12)

Position 2

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## ADDENDUM TO THE PROMISSORY NOTE OR ASSUMPTION AGREEMENT
## FOR THE DISASTER SET-ASIDE PROGRAM

| 1. Name | 2. Full Case Number *(ST/CO/9 digits)* |
|---|---|
| JOSEPH ANDREW HALLADA and ROBERTA JEAN HALLADA | 58 - 042 - 0 |

3. Promissory Note or Assumption Agreement:

| A. Fund Code | B. Loan Number | C. Date | D. Amount |
|---|---|---|---|
| 44 | 27 | 08/12/2009 | $ 41,137.15 |

4. This addendum amends the above-described promissory note or assumption agreement to set forth the terms and conditions for set-aside of the installment described below:

A. Disaster Designation Number: **S3551**

B. Date of Installment being Set-aside: **01/01/2014**

C. Amount of Installment Set-aside: **$2,044.00**

Any principal amount set-aside will continue to accrue interest at the same rate being charged the non-set-aside portion of the note.

This addendum does not change any of the terms or conditions of the promissory note or assumption agreement.

The undersigned borrower and any cosigners hereby agree to pay the installment being set-aside, plus any accrued interest on the principal amount set-aside, on or before the final due date of the loan, as set forth on the note or assumption agreement being amended.

If the promissory note or assumption agreement is later restructured through primary loan servicing, the addendum will automatically be considered cancelled and the amount set-aside will be included in the total debt restructured.

| 5A. Borrower Name | 5B. Signature | 5C. Date |
|---|---|---|
| JOSEPH ANDREW HALLADA | *Joseph Andrew Hallada* | 10/31/2013 |
| 6A. Borrower Name | 6B. Signature | 6C. Date |
| ROBERTA JEAN HALLADA | *Roberta Jean Hallada* | 10/31/2013 |
| 7A. Borrower Name | 7B. Signature | 7C. Date |
| | | |
| 8A. Borrower Name | 8B. Signature | 8C. Date |
| | | |

NOTE: *The following statement is made in accordance with the Privacy Act of 1974 (5 USC 552a - as amended). The authority for requesting the information identified on this form is 7 CFR Part 761 and the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program. The information collected on this form may be disclosed to other Federal, State, Local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower and USDA/FSA-16, Graduation File. Providing the requested information is voluntary. However, failure to furnish the requested information will result in a determination of ineligibility to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0233. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions. The provisions of appropriate criminal and civil fraud, privacy, and other statutes may be applicable to the information provided. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.*

Form Approved - OMB No. 0560-0237
*(See Page 4 for Privacy Act and Public Burden Statements.)*

**FSA-2026**
(12-31-07)

Position 2

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

# PROMISSORY NOTE

| 1. Name<br>HALLADA, JOSEPH ANDREW<br>HALLADA, ROBERTA JEAN | 2. State<br>WISCONSIN | 3. County<br>OCONTO |
|---|---|---|

| 4. Case Number<br>58-042- | 5. Fund Code<br>44 | 6. Loan Number<br>14 to 26 | 7. Date<br>AUGUST 12, 2009 |
|---|---|---|---|

**8. TYPE OF ASSISTANCE**

**9. ACTION REQUIRING PROMISSORY NOTE:**

- [ ] Initial loan
- [ ] Subsequent loan
- [ ] Consolidation
- [ ] Conservation easement
- [x] Rescheduling
- [ ] Reamortization
- [x] Deferred payments
- [ ] Debt write down

10. **FOR VALUE RECEIVED**, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)* OCONTO or at such other place as the Government may later designate in writing, the principal sum of *(b)* TWENTY TWO THOUSAND NINE HUNDRED 57/100 * * *

* * * * * * * * * * dollars *(c)* ($ 22,900.57 * * * * , plus interest on the unpaid principal balance at the **RATE** of *(d)* TWO AND ONE QUARTER * * * * * * * * * * * * * percent *(e)* 2.25 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* _____16_____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 0.00 | 01-01-2010 | $ 0.00 | 01-01-2011 |
| $ 2,131.00 | 01-01-2012 | $ NA | NA |
| $ NA | NA | $ NA | NA |
| $ NA | NA | $ NA | NA |

and *(d)* $ 2,131.00 thereafter on the *(e)* 01-01 of each *(f)* YEAR until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* 15 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed. Borrower authorizes FSA to enter the amounts and dates of such advances in the Record of Advances.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.*

Initial _RH_ _JH_  Date 8/12/09  8/12/09

**Exhibit I**

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (include year) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 44-14 | $ 26,416.94 | 5.00 % | 09-27-06 | JOSEPH & ROBERTA HALLADA | 09-27-21 |
| 44-05 | $ 44,000.00 | 5.00 % | 06-30-00 | "          " | 06-30-07 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _R H_ _J H_    Date _8/12/09_ _8/12/09_

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute **DEFAULT** under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

```
Addendum to promissory note dated AUGUST 12, 2009 in the original amount of $22,900.57
at an annual interest rate of 2.25 percent.
This agreement amends and attaches to the above note.  $ 79.00 of each regular payment
on the note will be applied to the interest, which accrued during the deferral period.
The remainder of the regular payment will be applied in accordance with 7CFR Part 1951, subpart A.
I agree to sign a supplement payment agreement and make additional payments
if during the deferral period I have a substantial increase in income and repayment ability.
```

JOSEPH ANDREW HALLADA

ROBERTA JEAN HALLADA

## 24. RECORD OF ADVANCES

| A. AMOUNT | B. DATE | A. AMOUNT | B DATE | A. AMOUNT | B. DATE |
|---|---|---|---|---|---|
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | C. TOTAL: | $ | |

NOTE: The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses. Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act (FOIA), to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

Initial _R.H._ Date _8/12/09_
_L.H._ _8/12/09_

Form Approved — OMB No. 0560-0233

**FSA-2501**
(07-25-12)

Position 2

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## ADDENDUM TO THE PROMISSORY NOTE OR ASSUMPTION AGREEMENT
## FOR THE DISASTER SET-ASIDE PROGRAM

| 1. Name <br> JOSEPH ANDREW HALLADA and ROBERTA JEAN HALLADA | 2. Full Case Number (ST/CO/9 digits) <br> 58 - 042 - 0 |
|---|---|

3. Promissory Note or Assumption Agreement:

| A. Fund Code <br> 44 | B. Loan Number <br> 26 | C. Date <br> 08/12/2009 | D. Amount <br> $ 22,900.57 |
|---|---|---|---|

4.  This addendum amends the above-described promissory note or assumption agreement to set forth the terms and conditions for set-aside of the installment described below:

    A.   Disaster Designation Number:   **S3551**

    B.   Date of Installment being Set-aside:   **01/01/2014**

    C.   Amount of Installment Set-aside:   **$1,083.00**

Any principal amount set-aside will continue to accrue interest at the same rate being charged the non-set-aside portion of the note.

This addendum does not change any of the terms or conditions of the promissory note or assumption agreement.

The undersigned borrower and any cosigners hereby agree to pay the installment being set-aside, plus any accrued interest on the principal amount set-aside, on or before the final due date of the loan, as set forth on the note or assumption agreement being amended.

If the promissory note or assumption agreement is later restructured through primary loan servicing, the addendum will automatically be considered cancelled and the amount set-aside will be included in the total debt restructured.

| 5A. Borrower Name <br> JOSEPH ANDREW HALLADA | 5B. Signature | 5C. Date <br> 10/31/2013 |
|---|---|---|
| 6A. Borrower Name <br> ROBERTA JEAN HALLADA | 6B. Signature | 6C. Date <br> 10/31/2013 |
| 7A. Borrower Name | 7B. Signature | 7C. Date |
| 8A. Borrower Name | 8B. Signature | 8C. Date |

NOTE:   *The following statement is made in accordance with the Privacy Act of 1974 (5 USC 552a - as amended). The authority for requesting the information identified on this form is 7 CFR Part 761 and the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program. The information collected on this form may be disclosed to other Federal, State, Local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower and USDA/FSA-16, Graduation File. Providing the requested information is voluntary. However, failure to furnish the requested information will result in a determination of ineligibility to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0233. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions. The provisions of appropriate criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.* **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.*

Form Approved – OMB No. 0560-0237
*(See Page 4 for Privacy Act and Public Burden Statements.)*

**FSA-2026**
(12-31-07)

Position 2

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

# PROMISSORY NOTE

| 1. Name  HALLADA, JOSEPH ANDREW  HALLADA, ROBERTA JEAN | 2. State  WISCONSIN | 3. County  OCONTO |
|---|---|---|

| 4. Case Number  58-042· | 5. Fund Code  44 | 6. Loan Number  15 to 25 | 7. Date  AUGUST 12, 2009 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

- [ ] Initial loan
- [ ] Subsequent loan
- [ ] Consolidation
- [ ] Conservation easement
- [✓] Rescheduling
- [ ] Reamortization
- [✓] Deferred payments
- [ ] Debt write down

10. **FOR VALUE RECEIVED**, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)* OCONTO or at such other place as the Government may later designate in writing, the principal sum of *(b)* FIFTY NINE THOUSAND NINE HUNDRED TWENTY ONE 65/100 * * *

* * * * * * * * * * dollars *(c)* ($ 59,921.65 * * * , plus interest on

the unpaid principal balance at the **RATE** of *(d)* TWO AND ONE QUARTER * * * * * * * * * * * * * *
percent *(e)* 2.25 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* 16 installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 0.00 | 01-01-2010 | $ 0.00 | 01-01-2011 |
| $ 5,576.00 | 01-01-2012 | $ NA | NA |
| $ NA | NA | $ NA | NA |
| $ NA | NA | $ NA | NA |

and *(d)* $ 5,576.00 thereafter on the *(e)* 01-01 of each *(f)* YEAR until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* 15 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed. Borrower authorizes FSA to enter the amounts and dates of such advances in the Record of Advances.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.*

Initial R.H.  Date 8/12/09
Initial J.A.  Date 8/12/09

Exhibit J

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (include year) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 44-15 | $ 70,481.85 | 3.25 % | 09-27-06 | JOSEPH & ROBERTA HALLADA | 09-27-21 |
| 44-07 | $ 90,000.00 | 3.25 % | 06-30-03 | " " | 06-30-10 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _J.H._     Date _8/12/09_

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute **DEFAULT** under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

```
Addendum to promissory note dated AUGUST 12, 2009 in the original amount of $59,921.65
at an annual interest rate of 2.25 percent.
This agreement amends and attaches to the above note.  $ 207.00 of each regular payment
on the note will be applied to the interest, which accrued during the deferral period.
The remainder of the regular payment will be applied in accordance with 7CFR Part 1951, subpart A.
I agree to sign a supplement payment agreement and make additional payments
if during the deferral period I have a substantial increase in income and repayment ability.
```

JOSEPH ANDREW HALLADA

ROBERTA JEAN HALLADA

## 24. RECORD OF ADVANCES

| A. AMOUNT | B. DATE | A. AMOUNT | B DATE | A. AMOUNT | B. DATE |
|---|---|---|---|---|---|
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | C. TOTAL: | $ | |

**NOTE:** The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses. Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act (FOIA), to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

Initial _J. H._     Date _8/12/09_

8/12/09

Form Approved – OMB No. 0560-0233

**FSA-2501**
(07-25-12)

Position 2

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

## ADDENDUM TO THE PROMISSORY NOTE OR ASSUMPTION AGREEMENT
## FOR THE DISASTER SET-ASIDE PROGRAM

| 1. Name | 2. Full Case Number (ST/CO/9 digits) |
|---|---|
| JOSEPH ANDREW HALLADA and ROBERTA JEAN HALLADA | 58 - 042 - 0 |

3. Promissory Note or Assumption Agreement:

| A. Fund Code | B. Loan Number | C. Date | D. Amount |
|---|---|---|---|
| 44 | 25 | 08/12/2009 | $ 59,921.65 |

4. This addendum amends the above-described promissory note or assumption agreement to set forth the terms and conditions for set-aside of the installment described below:

A. Disaster Designation Number: S3551

B. Date of Installment being Set-aside: 01/01/2014

C. Amount of Installment Set-aside: $2,981.00

Any principal amount set-aside will continue to accrue interest at the same rate being charged the non-set-aside portion of the note.

This addendum does not change any of the terms or conditions of the promissory note or assumption agreement.

The undersigned borrower and any cosigners hereby agree to pay the installment being set-aside, plus any accrued interest on the principal amount set-aside, on or before the final due date of the loan, as set forth on the note or assumption agreement being amended.

If the promissory note or assumption agreement is later restructured through primary loan servicing, the addendum will automatically be considered cancelled and the amount set-aside will be included in the total debt restructured.

| 5A. Borrower Name<br>JOSEPH ANDREW HALLADA | 5B. Signature | 5C. Date<br>10/31/2013 |
|---|---|---|
| 6A. Borrower Name<br>ROBERTA JEAN HALLADA | 6B. Signature | 6C. Date<br>10/31/2013 |
| 7A. Borrower Name | 7B. Signature | 7C. Date |
| 8A. Borrower Name | 8B. Signature | 8C. Date |

NOTE: *The following statement is made in accordance with the Privacy Act of 1974 (5 USC 552a - as amended). The authority for requesting the information identified on this form is 7 CFR Part 761 and the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program. The information collected on this form may be disclosed to other Federal, State, Local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower and USDA/FSA-16, Graduation File. Providing the requested information is voluntary. However, failure to furnish the requested information will result in a determination of ineligibility to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0233. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions. The provisions of appropriate criminal and civil fraud, privacy, and other statutes may be applicable to the information provided. **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.***

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

This form is available electronically.

Form Approved - OMB No. 0560-0237
*(See Page 4 for Privacy Act and Public Burden Statements.)*

**FSA-2026**
(12-31-07)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 2

# PROMISSORY NOTE

| 1. Name | 2. State | 3. County |
|---|---|---|
| HALLADA, JOSEPH ANDREW<br>HALLADA, ROBERTA JEAN | WISCONSIN | OCONTO |

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date |
|---|---|---|---|
| 58-042- | 44 | 16 to 24 | AUGUST 12, 2009 |

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☐ Initial loan      ☐ Conservation easement      ☑ Deferred payments

☐ Subsequent loan      ☑ Rescheduling      ☐ Debt write down

☐ Consolidation      ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)* OCONTO or at such other place as the Government may later designate in writing, the principal sum of *(b)* SIXTEEN THOUSAND TWO HUNDRED FIFTY FIVE 39/100 * * *

* * * * * * * * * * dollars *(c)* ($ 16,255.39 * * * , plus interest on

the unpaid principal balance at the RATE of *(d)* TWO AND ONE QUARTER * * * * * * * * * * * * * * *
percent *(e)* 2.25 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* _____ 16 _____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 0.00 | 01-01-2010 | $ 0.00 | 01-01-2011 |
| $ 1,513.00 | 01-01-2012 | $ NA | NA |
| $ NA | NA | $ NA | NA |
| $ NA | NA | $ NA | NA |

and *(d)* $ 1,513.00 thereafter on the *(e)* 01-01 of each *(f)* YEAR until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* 15 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed. Borrower authorizes FSA to enter the amounts and dates of such advances in the Record of Advances.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.*

Initial R.H. / J.H.      Date 8/12/09

**Exhibit K**

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (include year) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 44-16 | $ 19,278.80 | 3.375 % | 09-27-06 | JOSEPH & ROBERTA HALLADA | 09-27-21 |
| 44-10 | $ 23,000.00 | 3.375 % | 06-15-04 | "           " | 06-15-11 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _J. H._   Date _8/12/09_

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.


```
Addendum to promissory note dated AUGUST 12, 2009 in the original amount of $16,255.39
at an annual interest rate of 2.25 percent.
This agreement amends and attaches to the above note.  $ 56.00 of each regular payment
on the note will be applied to the interest, which accrued during the deferral period.
The remainder of the regular payment will be applied in accordance with 7CFR Part 1951, subpart A.
I agree to sign a supplement payment agreement and make additional payments
if during the deferral period I have a substantial increase in income and repayment ability.
```


_Joseph Andrew Hallada_
JOSEPH ANDREW HALLADA

_Roberta Jean Hallada_
ROBERTA JEAN HALLADA

## 24. RECORD OF ADVANCES

| A. AMOUNT | B. DATE | A. AMOUNT | B DATE | A. AMOUNT | B. DATE |
|---|---|---|---|---|---|
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | C. TOTAL: | $ |

NOTE: The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses. Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act (FOIA), to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

R A
Initial _____    Date ___8/12/09___

**FSA-2501**                **U.S. DEPARTMENT OF AGRICULTURE**            Position 2
(07-25-12)                         Farm Service Agency

## ADDENDUM TO THE PROMISSORY NOTE OR ASSUMPTION AGREEMENT
## FOR THE DISASTER SET-ASIDE PROGRAM

| 1. Name<br>JOSEPH ANDREW HALLADA and ROBERTA JEAN HALLADA | 2. Full Case Number *(ST/CO/9 digits)*<br>58 - 042 - 0 |
|---|---|

3. Promissory Note or Assumption Agreement:

| A. Fund Code<br>**44** | B. Loan Number<br>**24** | C. Date<br>**08/12/2009** | D. Amount<br>**$ 16,255.39** |
|---|---|---|---|

4.    This addendum amends the above-described promissory note or assumption agreement to set forth the terms and conditions for set-aside of the installment described below:

     A.    Disaster Designation Number:      <u>**S3551**</u>

     B.    Date of Installment being Set-aside:      <u>**01/01/2014**</u>

     C.    Amount of Installment Set-aside:      <u>**$ 704.00**</u>

Any principal amount set-aside will continue to accrue interest at the same rate being charged the non-set-aside portion of the note.

This addendum does not change any of the terms or conditions of the promissory note or assumption agreement.

The undersigned borrower and any cosigners hereby agree to pay the installment being set-aside, plus any accrued interest on the principal amount set-aside, on or before the final due date of the loan, as set forth on the note or assumption agreement being amended.

If the promissory note or assumption agreement is later restructured through primary loan servicing, the addendum will automatically be considered cancelled and the amount set-aside will be included in the total debt restructured.

| 5A. Borrower Name<br>JOSEPH ANDREW HALLADA | 5B. Signature<br>*Joseph Andrew Hallada* | 5C. Date<br>10/31/2013 |
|---|---|---|
| 6A. Borrower Name<br>ROBERTA JEAN HALLADA | 6B. Signature<br>*Roberta Jean Hallada* | 6C. Date<br>10/31/2013 |
| 7A. Borrower Name | 7B. Signature | 7C. Date |
| 8A. Borrower Name | 8B. Signature | 8C. Date |

NOTE:    *The following statement is made in accordance with the Privacy Act of 1974 (5 USC 552a - as amended). The authority for requesting the information identified on this form is 7 CFR Part 761 and the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program. The information collected on this form may be disclosed to other Federal, State, Local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower and USDA/FSA-16, Graduation File. Providing the requested information is voluntary. However, failure to furnish the requested information will result in a determination of ineligibility to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0233. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions. The provisions of appropriate criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.* **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.*

This form is available electronically.
Form Approved - OMB No. 0560-0237
(See Page 4 for Privacy Act and Public Burden Statements.)

**FSA-2026**
(12-31-07)

Position 2

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

# PROMISSORY NOTE

| 1. Name | 2. State | 3. County |
|---|---|---|
| HALLADA, JOSEPH ANDREW<br>HALLADA, ROBERTA JEAN | WISCONSIN | OCONTO |

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date |
|---|---|---|---|
| 58-042 | 43 | 18 to 23 | AUGUST 12, 2009 |

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

- [ ] Initial loan
- [ ] Subsequent loan
- [ ] Consolidation
- [ ] Conservation easement
- [x] Rescheduling
- [ ] Reamortization
- [x] Deferred payments
- [ ] Debt write down

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)* OCONTO or at such other place as the Government may later designate in writing, the principal sum of *(b)* TWENTY TWO THOUSAND THREE HUNDRED NINETY 59/100 * * *

* * * * * * * * * dollars *(c)* ($ 22,390.59 * * * , plus interest on

the unpaid principal balance at the RATE of *(d)* THREE AND THREE QUARTERS * * * * * * * * * * * * *

percent *(e)* 3.75 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* 16 installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 258.00 | 01-01-2010 | $ 666.00 | 01-01-2011 |
| $ 2,217.00 | 01-01-2012 | $ NA | NA |
| $ NA | NA | $ NA | NA |
| $ NA | NA | $ NA | NA |

and *(d)* $ 2,217.00 thereafter on the *(e)* 01-01 of each *(f)* YEAR until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* 15 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed. Borrower authorizes FSA to enter the amounts and dates of such advances in the Record of Advances.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.*

Initial _R.H._   _J.H._    Date 8/12/09   8/12/09

**Exhibit L**

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (include year) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 43-18 | $ 26,950.00 | 3.375 % | 04-15-08 | JOSEPH & ROBERTA HALLADA | 04-15-15 |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _RH_ _J.H._          Date _8/12/09_ _8/12/09_

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute **DEFAULT** under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

```
Addendum to promissory note dated AUGUST 12, 2009 in the original amount of $22,390.59
at an annual interest rate of 2.25 percent.
This agreement amends and attaches to the above note.  $ 86.00 of each regular payment
on the note will be applied to the interest, which accrued during the deferral period.
The remainder of the regular payment will be applied in accordance with 7CFR Part 1951, subpart A.
I agree to sign a supplement payment agreement and make additional payments
if during the deferral period I have a substantial increase in income and repayment ability.
```

JOSEPH ANDREW HALLADA

ROBERTA JEAN HALLADA

## 24. RECORD OF ADVANCES

| A. AMOUNT | B. DATE | A. AMOUNT | B DATE | A. AMOUNT | B. DATE |
|---|---|---|---|---|---|
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | C. TOTAL: | $ |

NOTE: *The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses. Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act (FOIA), to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.*

*According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.*

Initial *R.H.*     Date 8/12/09

Form Approved – OMB No. 0560-0233

**FSA-2501**
(07-25-12)

Position 2

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## ADDENDUM TO THE PROMISSORY NOTE OR ASSUMPTION AGREEMENT
## FOR THE DISASTER SET-ASIDE PROGRAM

| 1. Name JOSEPH ANDREW HALLADA and ROBERTA JEAN HALLADA | 2. Full Case Number *(ST/CO/9 digits)* 58 - 042 - 0 |
|---|---|

3. Promissory Note or Assumption Agreement:

| A. Fund Code 43 | B. Loan Number 23 | C. Date 08/12/2009 | D. Amount $ 22,390.59 |
|---|---|---|---|

4. This addendum amends the above-described promissory note or assumption agreement to set forth the terms and conditions for set-aside of the installment described below:

A. Disaster Designation Number: S3551

B. Date of Installment being Set-aside: 01/01/2014

C. Amount of Installment Set-aside: $1,030.00

Any principal amount set-aside will continue to accrue interest at the same rate being charged the non-set-aside portion of the note.

This addendum does not change any of the terms or conditions of the promissory note or assumption agreement.

The undersigned borrower and any cosigners hereby agree to pay the installment being set-aside, plus any accrued interest on the principal amount set-aside, on or before the final due date of the loan, as set forth on the note or assumption agreement being amended.

If the promissory note or assumption agreement is later restructured through primary loan servicing, the addendum will automatically be considered cancelled and the amount set-aside will be included in the total debt restructured.

| 5A. Borrower Name JOSEPH ANDREW HALLADA | 5B. Signature *Joseph Andrew Hallada* | 5C. Date 10/31/2013 |
|---|---|---|
| 6A. Borrower Name ROBERTA JEAN HALLADA | 6B. Signature *Roberta Jean Hallada* | 6C. Date 10/31/2013 |
| 7A. Borrower Name | 7B. Signature | 7C. Date |
| 8A. Borrower Name | 8B. Signature | 8C. Date |

NOTE: *The following statement is made in accordance with the Privacy Act of 1974 (5 USC 552a - as amended). The authority for requesting the information identified on this form is 7 CFR Part 761 and the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program. The information collected on this form may be disclosed to other Federal, State, Local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower and USDA/FSA-16, Graduation File. Providing the requested information is voluntary. However, failure to furnish the requested information will result in a determination of ineligibility to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0233. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. The provisions of appropriate criminal and civil fraud, privacy, and other statutes may be applicable to the information provided. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Form Approved - OMB No. 0560-0237
(See Page 4 for Privacy Act and Public Burden Statements.)

This form is available electronically.

| **FSA-2026**<br>(12-31-07) | U.S. DEPARTMENT OF AGRICULTURE<br>Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name<br>HALLADA, JOSEPH ANDREW<br>HALLADA, ROBERTA JEAN | 2. State<br>WISCONSIN | 3. County<br>OCONTO |
|---|---|---|
| 4. Case Number<br>58-042- | 5. Fund Code<br>43 | 6. Loan Number<br>11 to 20 | 7. Date<br>AUGUST 12, 2009 |

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

- [ ] Initial loan
- [ ] Subsequent loan
- [ ] Consolidation
- [ ] Conservation easement
- [✓] Rescheduling
- [ ] Reamortization
- [✓] Deferred payments
- [ ] Debt write down

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in (a)  OCONTO  or at such other place as the Government may later designate in writing, the principal sum of (b) ONE THOUSAND TWO HUNDRED ELEVEN 91/100 * * * * * * * *

* * * * * * * * *  dollars (c) ($  1,211.91 * * * * *  , plus interest on the unpaid principal balance at the RATE of (d) THREE AND THREE QUARTERS * * * * * * * * * * * * * percent (e)  3.75  %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in (a)  16  installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 0.00 | 01-01-2010 | $ 0.00 | 01-01-2011 |
| $ 127.00 | 01-01-2012 | $ NA | NA |
| $ NA | NA | $ NA | NA |
| $ NA | NA | $ NA | NA |

and (d) $  127.00  thereafter on the (e) 01-01  of each (f) YEAR  until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable (g) 15  years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed. Borrower authorizes FSA to enter the amounts and dates of such advances in the Record of Advances.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.*

Initial  R H  Date  8/12/09

Case 1:18-cv-00822   Filed 05/30/18   Page 1 of 5   Document 1-13

**Exhibit M**

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (Include year) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (Include year) |
|---|---|---|---|---|---|
| 43-11 | $ 1,970.00 | 3.75 % | 09-27-06 | JOSEPH & ROBERTA HALLADA | 09-27-13 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

J.H.
RH

Initial _____        Date 8/12/09

8/12/09

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute **DEFAULT** under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

```
Addendum to promissory note dated AUGUST 12, 2009 in the original amount of $1,211.91
at an annual interest rate of 3.75 percent.
This agreement amends and attaches to the above note.  $ 7.00 of each regular payment
on the note will be applied to the interest, which accrued during the deferral period.
The remainder of the regular payment will be applied in accordance with 7CFR Part 1951, subpart A.
I agree to sign a supplement payment agreement and make additional payments
if during the deferral period I have a substantial increase in income and repayment ability.
```

JOSEPH ANDREW HALLADA

ROBERTA JEAN HALLADA

## 24. RECORD OF ADVANCES

| A. AMOUNT | B. DATE | A. AMOUNT | B DATE | A. AMOUNT | B. DATE |
|---|---|---|---|---|---|
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | C. TOTAL: | $ | |

NOTE: *The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses. Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act (FOIA), to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax identification Number, may result in a delay in the processing of an application or its rejection.*

*According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.*

Initial _J. H._        Date _8/12/09_
                            _8/12/09_

**FSA-2501**
(07-25-12)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 2

## ADDENDUM TO THE PROMISSORY NOTE OR ASSUMPTION AGREEMENT
## FOR THE DISASTER SET-ASIDE PROGRAM

| 1. Name  JOSEPH ANDREW HALLADA and ROBERTA JEAN HALLADA | 2. Full Case Number *(ST/CO/9 digits)*  58 - 042 - 0 |
|---|---|

3. Promissory Note or Assumption Agreement:

| A. Fund Code  43 | B. Loan Number  22 | C. Date  08/12/2009 | D. Amount  $ 1,211.91 |
|---|---|---|---|

4.     This addendum amends the above-described promissory note or assumption agreement to set forth the terms and conditions for set-aside of the installment described below:

    A.     Disaster Designation Number:     <u>S3551</u>

    B.     Date of Installment being Set-aside:     <u>01/01/2014</u>

    C.     Amount of Installment Set-aside:     <u>$27.00</u>

Any principal amount set-aside will continue to accrue interest at the same rate being charged the non-set-aside portion of the note.

This addendum does not change any of the terms or conditions of the promissory note or assumption agreement.

The undersigned borrower and any cosigners hereby agree to pay the installment being set-aside, plus any accrued interest on the principal amount set-aside, on or before the final due date of the loan, as set forth on the note or assumption agreement being amended.

If the promissory note or assumption agreement is later restructured through primary loan servicing, the addendum will automatically be considered cancelled and the amount set-aside will be included in the total debt restructured.

| 5A. Borrower Name  JOSEPH ANDREW HALLADA | 5B. Signature  *Joseph Andrew Hallada* | 5C. Date  10/31/2013 |
|---|---|---|
| 6A. Borrower Name  ROBERTA JEAN HALLADA | 6B. Signature  *Roberta Jean Hallada* | 6C. Date  10/31/2013 |
| 7A. Borrower Name | 7B. Signature | 7C. Date |
| 8A. Borrower Name | 8B. Signature | 8C. Date |

NOTE:     *The following statement is made in accordance with the Privacy Act of 1974 (5 USC 552a - as amended). The authority for requesting the information identified on this form is 7 CFR Part 761 and the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program. The information collected on this form may be disclosed to other Federal, State, Local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower and USDA/FSA-16, Graduation File. Providing the requested information is voluntary. However, failure to furnish the requested information will result in a determination of ineligibility to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0233. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions. The provisions of appropriate criminal and civil fraud, privacy, and other statutes may be applicable to the information provided. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Form Approved - OMB No. 0560-0237
(See Page 4 for Privacy Act and Public Burden Statements.)

**FSA-2026**
(12-31-07)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 2

# PROMISSORY NOTE

| 1. Name | 2. State | 3. County |
|---|---|---|
| HALLADA, JOSEPH ANDREW<br>HALLADA, ROBERTA JEAN | WISCONSIN | OCONTO |

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date |
|---|---|---|---|
| 58-042- | 44 | 20 | AUGUST 12, 2009 |

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|
| OL-REG-7YR | ☐ Initial loan    ☐ Conservation easement    ☐ Deferred payments<br>☑ Subsequent loan    ☐ Rescheduling    ☐ Debt write down<br>☐ Consolidation    ☐ Reamortization |

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)* OCONTO or at such other place as the Government may later designate in writing, the principal sum of *(b)* THIRTY FIVE THOUSAND NO/100 * * * * * * * * * *

* * * * * * * * * * dollars *(c)* ($ 35,000.00 * * * * * , plus interest on

the unpaid principal balance at the RATE of *(d)* TWO AND ONE HALF * * * * * * * * * * * * * * * * *

percent *(e)* 2.50 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* 8 installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 2,131.00 | 01-01-2010 | $ 5,513.00 | 01-01-2011 |
| $ NA | NA | $ NA | NA |
| $ NA | NA | $ NA | NA |
| $ NA | NA | $ NA | NA |

and *(d)* $ 5,513.00 thereafter on the *(e)* 01-01 of each *(f)* YEAR until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* 07 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. The Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed. Borrower authorizes FSA to enter the amounts and dates of such advances in the Record of Advances.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.*

Initial _JH_     Date _8/12/09_

8/12/09

**Exhibit N**

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (include year) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _RH / JH_　　　　　8/12/09

Date _8/12/09_

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute **DEFAULT** under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.


JOSEPH ANDREW HALLADA

ROBERTA JEAN HALLADA

## 24. RECORD OF ADVANCES

| A. AMOUNT | B. DATE | A. AMOUNT | B DATE | A. AMOUNT | B. DATE |
|---|---|---|---|---|---|
| (1) $ 35,000.00 | 08-14-09 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | C. TOTAL: | $ 35,000.00 | |

NOTE: *The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses. Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act (FOIA), to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.*

*According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.*

R dt    8/12/09

Initial : kl    Date 8/12/09

Form Approved — OMB No. 0560-0233

**FSA-2501**
(07-25-12)

Position 2

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

## ADDENDUM TO THE PROMISSORY NOTE OR ASSUMPTION AGREEMENT
## FOR THE DISASTER SET-ASIDE PROGRAM

| 1. Name<br>JOSEPH ANDREW HALLADA and ROBERTA JEAN HALLADA | 2. Full Case Number *(ST/CO/9 digits)*<br>58 - 042 - 0 |
|---|---|

3. Promissory Note or Assumption Agreement:

| A. Fund Code<br>44 | B. Loan Number<br>20 | C. Date<br>08/12/2009 | D. Amount<br>$ 35,000.00 |
|---|---|---|---|

4.  This addendum amends the above-described promissory note or assumption agreement to set forth the terms and conditions for set-aside of the installment described below:

A.  Disaster Designation Number:   **S3551**

B.  Date of Installment being Set-aside:   **01/01/2014**

C.  Amount of Installment Set-aside:   **$2,787.00**

Any principal amount set-aside will continue to accrue interest at the same rate being charged the non-set-aside portion of the note.

This addendum does not change any of the terms or conditions of the promissory note or assumption agreement.

The undersigned borrower and any cosigners hereby agree to pay the installment being set-aside, plus any accrued interest on the principal amount set-aside, on or before the final due date of the loan, as set forth on the note or assumption agreement being amended.

If the promissory note or assumption agreement is later restructured through primary loan servicing, the addendum will automatically be considered cancelled and the amount set-aside will be included in the total debt restructured.

| 5A. Borrower Name<br>JOSEPH ANDREW HALLADA | 5B. Signature<br>*Joseph Andrew Hallada* | 5C. Date<br>10/31/2013 |
|---|---|---|
| 6A. Borrower Name<br>ROBERTA JEAN HALLADA | 6B. Signature<br>*Roberta Jean Hallada* | 6C. Date<br>10/31/2013 |
| 7A. Borrower Name | 7B. Signature | 7C. Date |
| 8A. Borrower Name | 8B. Signature | 8C. Date |

NOTE:  *The following statement is made in accordance with the Privacy Act of 1974 (5 USC 552a - as amended). The authority for requesting the information identified on this form is 7 CFR Part 761 and the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program. The information collected on this form may be disclosed to other Federal, State, Local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower and USDA/FSA-16, Graduation File. Providing the requested information is voluntary. However, failure to furnish the requested information will result in a determination of ineligibility to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0233. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. The provisions of appropriate criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.* **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 4 for Privacy Act and Public Burden Statements.)

| FSA-2026 | U.S. DEPARTMENT OF AGRICULTURE | Position 2 |
|---|---|---|
| (12-31-07) | Farm Service Agency | |

## PROMISSORY NOTE

| 1. Name<br>HALLADA, JOSEPH ANDREW<br>HALLADA, ROBERTA JEAN | 2. State<br>WISCONSIN | 3. County<br>OCONTO |
|---|---|---|

| 4. Case Number<br>58-042- | 5. Fund Code<br>44 | 6. Loan Number<br>21 | 7. Date<br>AUGUST 12, 2009 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE<br>OL-REG-7YR | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

- ☐ Initial loan
- ☑ Subsequent loan
- ☐ Consolidation
- ☐ Conservation easement
- ☐ Rescheduling
- ☐ Reamortization
- ☐ Deferred payments
- ☐ Debt write down

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)* OCONTO _____ or at such other place as the Government may later designate in writing, the principal sum of *(b)* FIFTY THOUSAND NO/100 * * * * * * * * * * * *

* * * * * * * * * * dollars *(c)* ($ 50,000.00 * * * * * , plus interest on the unpaid principal balance at the RATE of *(d)* TWO AND ONE HALF * * * * * * * * * * * * * * * * percent *(e)* 2.50 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* _____ 8 _____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 1,561.00 | 01-01-2010 | $ 4,039.00 | 01-01-2011 |
| $ NA | NA | $ NA | NA |
| $ NA | NA | $ NA | NA |
| $ NA | NA | $ NA | NA |

and *(d)* $ 4,039.00 _____ thereafter on the *(e)* 01-01 _____ of each *(f)* YEAR _____ until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* 07 _____ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed. Borrower authorizes FSA to enter the amounts and dates of such advances in the Record of Advances.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-5382 (TDD). USDA is an equal opportunity provider and employer.*

Initial _____ 8/12/09     Date 8/12/09

**Exhibit O**

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (include year) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _R-H_  _J. H_

Date _8/12/09_  _8/12/09_

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute **DEFAULT** under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

JOSEPH ANDREW HALLADA

ROBERTA JEAN HALLADA

## 24. RECORD OF ADVANCES

| A. AMOUNT | B. DATE | A. AMOUNT | B DATE | A. AMOUNT | B. DATE |
|---|---|---|---|---|---|
| (1) $ 50,000.00 | 08-14-09 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | C. TOTAL: | $ 50,000.00 | |

NOTE: The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses. Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act (FOIA), to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

Initial _R.H._  Date _8/12/09_
_W.H._  _8/12/09_

Form Approved – OMB No. 0560-0233

**FSA-2501**
(07-25-12)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 2

## ADDENDUM TO THE PROMISSORY NOTE OR ASSUMPTION AGREEMENT
## FOR THE DISASTER SET-ASIDE PROGRAM

| 1. Name <br> JOSEPH ANDREW HALLADA and ROBERTA JEAN HALLADA | 2. Full Case Number *(ST/CO/9 digits)* <br> 58 - 042 - 0 |
|---|---|

3. Promissory Note or Assumption Agreement:

| A. Fund Code <br> 44 | B. Loan Number <br> 21 | C. Date <br> 08/12/2009 | D. Amount <br> $ 50,000.00 |
|---|---|---|---|

4. This addendum amends the above-described promissory note or assumption agreement to set forth the terms and conditions for set-aside of the installment described below:

    A.   Disaster Designation Number:     <u>S3551</u>

    B.   Date of Installment being Set-aside:     <u>01/01/2014</u>

    C.   Amount of Installment Set-aside:     <u>$1,986.00</u>

Any principal amount set-aside will continue to accrue interest at the same rate being charged the non-set-aside portion of the note.

This addendum does not change any of the terms or conditions of the promissory note or assumption agreement.

The undersigned borrower and any cosigners hereby agree to pay the installment being set-aside, plus any accrued interest on the principal amount set-aside, on or before the final due date of the loan, as set forth on the note or assumption agreement being amended.

If the promissory note or assumption agreement is later restructured through primary loan servicing, the addendum will automatically be considered cancelled and the amount set-aside will be included in the total debt restructured.

| 5A. Borrower Name <br> JOSEPH ANDREW HALLADA | 5B. Signature <br> *Joseph Andrew Hallada* | 5C. Date <br> 10/31/2013 |
|---|---|---|
| 6A. Borrower Name <br> ROBERTA JEAN HALLADA | 6B. Signature <br> *Roberta Jean Hallada* | 6C. Date <br> 10/31/2013 |
| 7A. Borrower Name | 7B. Signature | 7C. Date |
| 8A. Borrower Name | 8B. Signature | 8C. Date |

NOTE:    *The following statement is made in accordance with the Privacy Act of 1974 (5 USC 552a - as amended). The authority for requesting the information identified on this form is 7 CFR Part 761 and the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program. The information collected on this form may be disclosed to other Federal, State, Local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower and USDA/FSA-16, Graduation File. Providing the requested information is voluntary. However, failure to furnish the requested information will result in a determination of ineligibility to amend an existing promissory note or assumption agreement and set forth the terms and conditions for borrowers participating in the Disaster Set-Aside Program.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0233. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions. The provisions of appropriate criminal and civil fraud, privacy, and other statutes may be applicable to the information provided. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination and civil fraud, privacy, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.*

This form is available electronically.

| **FSA-2026** (12-31-07) | U.S. DEPARTMENT OF AGRICULTURE Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name HALLADA, JOSEPH ANDREW, JR & ROBERTA JEAN | 2. State WISCONSIN | 3. County OCONTO |
|---|---|---|

| 4. Case Number 58-042- | 5. Fund Code 43 | 6. Loan Number 18 | 7. Date APRIL 15, 2008 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE EM-Act Loss- Operating Purposes | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

- ☐ Initial loan
- ☑ Subsequent loan
- ☐ Consolidation
- ☐ Conservation easement
- ☐ Rescheduling
- ☐ Reamortization
- ☐ Deferred payments
- ☐ Debt write down

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)* __OCONTO__ or at such other place as the Government may later designate in writing, the principal sum of *(b)* __TWENTY SIX THOUSAND NINE HUNDRED FIFTY NO/100 * * * * * * * * * * * * * * *__ dollars *(c)* ($ __26,950.00 * * * * *__ , plus interest on the unpaid principal balance at the RATE of *(d)* __THREE AND THREE QUARTERS * * * * * * * * * * * * * * * *__ percent *(e)* __3.75 *__ %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* __8__ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 3,170.00 | 01/01/09 | $ 4,490.00 | 01/01/10 |
| $ NA | NA | $ NA | NA |
| $ NA | NA | $ NA | NA |
| $ NA | NA | $ NA | NA |

and *(d)* $ __4,490.00__ thereafter on the *(e)* __FIRST__ of each *(f)* __YEAR__ until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* __07__ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed. Borrower authorizes FSA to enter the amounts and dates of such advances in the Record of Advances.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.*

Initial: *J.H. RH* Date *4/15/08*

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (include year) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _S. H. RH_     Date _4/15/08_

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute **DEFAULT** under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.


JOSEPH ANDREW HALLADA JR

ROBERTA JEAN HALLADA

address: 9677 MIDWAY ROAD
         LENA, WI   54139

## 24. RECORD OF ADVANCES

| A. AMOUNT | B. DATE | A. AMOUNT | B DATE | A. AMOUNT | B. DATE |
|---|---|---|---|---|---|
| (1) $ 100.00 | 04-17-08 | (8) $ 26,850.00 | 5-13-08 | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | C. TOTAL: $ 26,950.00 | |

NOTE: *The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses. Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act (FOIA), to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.*

*According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.*

Initial _JH RH_     Date _4/15/08_

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

**8. KIND OF LOAN**

Type: FO

☐ Regular
☒ Limited Resource

Pursuant to:
☒ Consolidated Farm & Rural Development Act
☐ Emergency Agricultural Credit Adjustment Act of 1978

| | |
|---|---|
| 1. Name HALLADA, JOSEPH A. JR. & ROBERTA J. | |
| 2. State WISCONSIN | 3. County OCONTO |
| 4. Case Number 58-42- | 5. Date OCTOBER 24, 2006 |
| 6. Fund Code 41 | 7. Loan Number 17 |

**9. ACTION REQUIRING NOTE**

☒ Initial loan
☐ Subsequent loan
☐ Consolidated & subsequent loan
☐ Consolidation
☐ Conservation easement
☐ Rescheduling
☐ Reamortization
☐ Credit sale
☐ Deferred payments
☐ Debt write down

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in OCONTO, WISCONSIN

_____, or at such other place as the Government may later designate in writing, the principal sum of

SEVENTEEN THOUSAND NO/100 ************************************************************ dollars

($ 17,000.00 ********************************), plus interest on the unpaid principal balance at the RATE of

FIVE ********************************************** percent ( 5.00 **** %) per annum and

ZERO *************************************************** dollars ($ 0.00 *************** )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in 41 installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$ 185.00 on 01-01-07 ; $ 991.00 on 01-01-08 ;

$ NA on ; $ NA on

$ NA on ; $ NA on

$ NA on ; $ NA on

$ NA on ; $ NA on

$ NA on ; $ NA on

and $ 991.00 thereafter on 1 - 1 of each YEAR until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable 40 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

Initials: H & 10/24/06
Date: R 10/24/06

**Exhibit Q**

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_Joseph A. Hallada Jr_          _Roberta J. Hallada_
JOSEPH A. HALLADA JR          ROBERTA J. HALLADA *(Borrower)*

9677 MIDWAY ROAD
COLEMAN, WI  54112

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 17,000.00 | 10-19-06 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ 17,000.00 | |

**FSA-1940-17**
(10-26-99)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

## PROMISSORY NOTE

| 8. KIND OF LOAN |
|---|
| Type: __EM__    [X] Regular |
| [ ] Limited Resource |
| Pursuant to: |
| [X] Consolidated Farm & Rural Development Act |
| [ ] Emergency Agricultural Credit Adjustment Act of 1978 |

| 1. Name |
|---|
| HALLADA, JOSEPH ANDREW & ROBERTA JEAN |

| 2. State | 3. County |
|---|---|
| WISCONSIN | OCONTO |

| 4. Case Number | 5. Date |
|---|---|
| 58-42 | SEPTEMBER 27, 2006 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 43 | 11 |

**9. ACTION REQUIRING NOTE**

| | |
|---|---|
| [X] Initial loan | [ ] Rescheduling |
| [ ] Subsequent loan | [ ] Reamortization |
| [ ] Consolidated & subsequent loan | [ ] Credit sale |
| [ ] Consolidation | [ ] Deferred payments |
| [ ] Conservation easement | [ ] Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in ___OCONTO, WISCONSIN___

___, or at such other place as the Government may later designate in writing, the principal sum of

ONE THOUSAND NINE HUNDRED SEVENTY  NO/ 100 ************************************************** ___ dollars

($ ___1,970.00 *********************************** ___ ), plus interest on the unpaid principal balance at the RATE of

THREE AND THREE QUARTERS ********************************************* ___ percent ( _3.75 ****_ %) per annum and

ZERO ********************************************************************* ___ dollars ($ _0.00 ***************_ )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in ___8___ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | |
|---|---|---|
| $ ___86.00__ on _01-01-07_ | ; $ ___326.00__ on _01-01-08_ ; |
| $ ___NA__ on ___ | ; $ ___NA__ on ___ ; |
| $ ___NA__ on ___ | ; $ ___NA__ on ___ ; |
| $ ___NA__ on ___ | ; $ ___NA__ on ___ ; |
| $ ___NA__ on ___ | ; $ ___NA__ on ___ ; |
| $ ___NA__ on ___ | ; $ ___NA__ on ___ ; |

and $ ___326.00__ · thereafter on _1 - 1_ of each ___YEAR___ until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable _07_ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

Initials: _J. H_ & _R.H_
Date _9-27-06_

*Position 2*

**Exhibit R**

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

*Joseph Andrew Hallada*   *Roberta Jean Hallada*

JOSEPH ANDREW HALLADA          ROBERTA JEAN HALLADA *(Borrower)*

9677 MIDWAY ROAD
COLEMAN, WI  54112

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 1,970.00 | 9-29-06 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | | **TOTAL** $ 1,970.00 | |

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| 8. KIND OF LOAN |
|---|
| Type: **OL**     [ ] Regular    [X] Limited Resource |
| Pursuant to: |
| [X] Consolidated Farm & Rural Development Act |
| [ ] Emergency Agricultural Credit Adjustment Act of 1978 |

| 1. Name |
|---|
| HALLADA, JOSEPH ANDREW & ROBERTA JEAN |

| 2. State | 3. County |
|---|---|
| WISCONSIN | OCONTO |

| 4. Case Number | 5. Date |
|---|---|
| 58-42- | SEPTEMBER 27, 2006 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 44 | 10 to /6 |

**9. ACTION REQUIRING NOTE**

| | | | |
|---|---|---|---|
| [ ] Initial loan | | [X] Rescheduling | |
| [ ] Subsequent loan | | [ ] Reamortization | |
| [ ] Consolidated & subsequent loan | | [ ] Credit sale | |
| [ ] Consolidation | | [ ] Deferred payments | |
| [ ] Conservation easement | | [ ] Debt write down | |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in   OCONTO, WISCONSIN

, or at such other place as the Government may later designate in writing, the principal sum of

NINETTEN THOUSAND TWO HUNDRED SEVENTY EIGHT 80/100 ************************************************** dollars

($ 19,278.80 ****************************** ), plus interest on the unpaid principal balance at the **RATE** of

THREE AND THREE EIGHTHS ******************************************** percent ( 3.375 **** %) per annum and

ZERO ********************************************************** dollars ($ 0.00 *************** )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in   16   installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | |
|---|---|---|---|
| $ 433.00 on 01/01/07 | ; $ 1,660.00 on 01/01/08 | ; |
| $ NA on | ; $ NA on | ; |
| $ NA on | ; $ NA on | ; |
| $ NA on | ; $ NA on | ; |
| $ NA on | ; $ NA on | ; |
| $ NA on | ; $ NA on | ; |

and $ 1,660.00 · thereafter on 1 - 1 of each YEAR until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable 15 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

Initials _____ & _____
Date 9/27/06

*Position 2*

**Exhibit S**

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 44-10 | $ 23,000.00 | 3.375 % | 6-15-04 | JOSEPH & ROBERTA HALLADA | 6-15-11 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or familial status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.*

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

*Joseph Andrew Hallada*            *Roberta Jean Hallada*

JOSEPH ANDREW HALLADA            ROBERTA JEAN HALLADA *(Borrower)*

9677 MIDWAY ROAD

COLEMAN, WI  54112

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $    9,240.00 | 9-29-06 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | **TOTAL** | $    9,240.00 | |

**FSA-1940-17**
(10-26-99)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

## PROMISSORY NOTE

| 8. KIND OF LOAN |
| --- |
| Type: OL — [ ] Regular — [X] Limited Resource |
| Pursuant to: |
| [X] Consolidated Farm & Rural Development Act |
| [ ] Emergency Agricultural Credit Adjustment Act of 1978 |

**1. Name**
HALLADA, JOSEPH ANDREW & ROBERTA JEAN

**2. State**
WISCONSIN

**3. County**
OCONTO

**4. Case Number**
58-42-

**5. Date**
SEPTEMBER 27, 2006

**6. Fund Code**
44

**7. Loan Number**
07 to 15

**9. ACTION REQUIRING NOTE**

| | | | |
| --- | --- | --- | --- |
| [ ] Initial loan | | [X] Rescheduling | |
| [ ] Subsequent loan | | [ ] Reamortization | |
| [ ] Consolidated & subsequent loan | | [ ] Credit sale | |
| [ ] Consolidation | | [ ] Deferred payments | |
| [ ] Conservation easement | | [ ] Debt write down | |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in OCONTO, WISCONSIN

_____, or at such other place as the Government may later designate in writing, the principal sum of

SEVENTY THOUSAND FOUR HUNDRED EIGHTY ONE 85/100 *********************************************** dollars

($ 70,481.85 ****************************** ), plus interest on the unpaid principal balance at the RATE of

THREE AND ONE QUARTER ***************************************** percent ( 3.25 **** %) per annum and

ZERO **************************************************************** dollars ($ 0.00 *************** )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST,** in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in 16 installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | |
| --- | --- | --- | --- |
| $ 1,566.00 on 01/01/07 | ; | $ 6,012.00 on 01/01/08 | ; |
| $ NA on | ; | $ NA on | ; |
| $ NA on | ; | $ NA on | ; |
| $ NA on | ; | $ NA on | ; |
| $ NA on | ; | $ NA on | ; |
| $ NA on | ; | $ NA on | ; |

and $ 6,012.00 thereafter on 1 - 1 of each YEAR until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable 15 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

Initials _____ & _____
Date 9/27/06

Case 1:18-cv-00822   Filed 05/30/18   Page 1 of 3   Document 1-20

Exhibit T

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/<br>LOAN NO. | FACE AMOUNT | INTEREST<br>RATE | DATE<br>(include year) | ORIGINAL BORROWER | LAST INSTALL. DUE<br>(include year) |
|---|---|---|---|---|---|
| 44-07 | $ 90,000.00 | 3.25 % | 6-3-03 | JOSEPH & ROBERTA HALLADA | 6-3-10 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.*

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

*Joseph Andrew Hallada*  *Roberta Jean Hallada*
JOSEPH ANDREW HALLADA          ROBERTA JEAN HALLADA *(Borrower)*

9677 MIDWAY ROAD
COLEMAN, WI 54112

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 9,240.00 | 9-29-06 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ 9,240.00 | |

**FSA-1940-17**
(10-26-99)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

## PROMISSORY NOTE

| 8. KIND OF LOAN | | |
|---|---|---|
| Type: OL | ☐ Regular | |
| | ☒ Limited Resource | |
| Pursuant to: | | |
| ☒ Consolidated Farm & Rural Development Act | | |
| ☐ Emergency Agricultural Credit Adjustment Act of 1978 | | |

| 1. Name | |
|---|---|
| HALLADA, JOSEPH ANDREW & ROBERTA JEAN | |

| 2. State WISCONSIN | 3. County OCONTO |
|---|---|
| 4. Case Number 58-42- | 5. Date SEPTEMBER 27, 2006 |
| 6. Fund Code 44 | 7. Loan Number 05 to 14 |

| 9. ACTION REQUIRING NOTE | | |
|---|---|---|
| ☐ Initial loan | ☒ Rescheduling | |
| ☐ Subsequent loan | ☐ Reamortization | |
| ☐ Consolidated & subsequent loan | ☐ Credit sale | |
| ☐ Consolidation | ☐ Deferred payments | |
| ☐ Conservation easement | ☐ Debt write down | |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in OCONTO, WISCONSIN

_____, or at such other place as the Government may later designate in writing, the principal sum of

TWENTY SIX THOUSAND FOUR HUNDRED SIXTEEN 94/100 ********************************************* dollars

($ 26,416.94 ****************************** ), plus interest on the unpaid principal balance at the **RATE** of

FIVE ************************************************** percent ( 5.00 **** %) per annum and

ZERO ************************************************** dollars ($ 0.00 *************** )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in 16 installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$ 663.00 on 01/01/07 ; $ 2,546.00 on 01/01/08 ;

$ NA on ; $ NA on ;

$ NA on ; $ NA on ;

$ NA on ; $ NA on ;

$ NA on ; $ NA on ;

$ NA on ; $ NA on ;

and $ 2,546.00 thereafter on 1 - 1 of each YEAR until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable 15 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

Initials J.H. & RH
Date 9/27/06

Position 2

**Exhibit U**

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 44-05 | $ 44,000.00 | 5.00 % | 6-30-00 | JOSEPH & ROBERTA HALLADA | 6-30-07 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_Joseph Hallada_      _Roberta Jean Hallada_
JOSEPH ANDREW HALLADA     ROBERTA JEAN HALLADA *(Borrower)*

9677 MIDWAY ROAD

COLEMAN, WI 54112

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 9,240.00 | 9-29-06 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ 9,240.00 | |

Case 1:18-cv-00822   Filed 05/30/18   Page 3 of 3   Document 1-21

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| 1. Name |
|---|
| HALLADA, JOSEPH ANDREW & ROBERTA JEAN |

| 2. State | 3. County |
|---|---|
| WISCONSIN | OCONTO |

| 4. Case Number | 5. Date |
|---|---|
| 58-42- | SEPTEMBER 27, 2006 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 44 | 13 |

**8. KIND OF LOAN**

Type: OL

☐ Regular
☒ Limited Resource

Pursuant to:
☒ Consolidated Farm & Rural Development Act
☐ Emergency Agricultural Credit Adjustment Act of 1978

**9. ACTION REQUIRING NOTE**

☐ Initial loan
☒ Subsequent loan
☐ Consolidated & subsequent loan
☐ Consolidation
☐ Conservation easement

☐ Rescheduling
☐ Reamortization
☐ Credit sale
☐ Deferred payments
☐ Debt write down

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in OCONTO, WISCONSIN

_____, or at such other place as the Government may later designate in writing, the principal sum of

FORTY EIGHT THOUSAND TWO HUNDRED THIRTY NO/ 100 *********************************************** dollars

($ 48,230.00 ***************************** ), plus interest on the unpaid principal balance at the RATE of

FIVE *********************************************** percent ( 5.00 **** %) per annum and

ZERO *********************************************** dollars ($ 0.00 *************** )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in _____ 8 _____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| $ 1,269.00 on 01-01-07 | ; $ 4,873.00 on 01-01-08 | ; |
|---|---|---|
| $ NA on | ; $ NA on | ; |
| $ NA on | ; $ NA on | ; |
| $ NA on | ; $ NA on | ; |
| $ NA on | ; $ NA on | ; |
| $ NA on | ; $ NA on | ; |

and $ 4,873.00 thereafter on 1 - 1 of each YEAR until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable 07 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

Initials _S. H_ & _____
Date _9/27/06_

**Exhibit V**

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/<br>LOAN NO. | FACE AMOUNT | INTEREST<br>RATE | DATE<br>(include year) | ORIGINAL BORROWER | LAST INSTALL. DUE<br>(include year) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.*

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

JOSEPH ANDREW HALLADA          ROBERTA JEAN HALLADA *(Borrower)*

9677 MIDWAY ROAD

COLEMAN, WI  54112

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $   48230.00 | 9-29-06 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $   48,230.00 | |

*Rescheduled*

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| 8. KIND OF LOAN |
|---|
| Type: OL    [X] Regular |
| [ ] Limited Resource |
| Pursuant to: |
| [X] Consolidated Farm & Rural Development Act |
| [ ] Emergency Agricultural Credit Adjustment Act of 1978 |

| 1. Name | HALLADA, JOSEPH ANDREW JR, & ROBERTA JEAN |
|---|---|

| 2. State | 3. County |
|---|---|
| WISCONSIN | OCONTO |

| 4. Case Number | 5. Date |
|---|---|
| 58-42- | JUNE 15, 2004 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 44 | 10 |

**9. ACTION REQUIRING NOTE**

| | | | |
|---|---|---|---|
| [ ] Initial loan | | [ ] Rescheduling |
| [X] Subsequent loan | | [ ] Reamortization |
| [ ] Consolidated & subsequent loan | | [ ] Credit sale |
| [ ] Consolidation | | [ ] Deferred payments |
| [ ] Conservation easement | | [ ] Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in ___OCONTO, WISCONSIN___

_____, or at such other place as the Government may later designate in writing, the principal sum of

TWENTY THREE THOUSAND ************************************************************** dollars

($ 23,000.00 ******************************* ), plus interest on the unpaid principal balance at the RATE of

THREE AND THREE EIGHTS************************************ 3.375%*******

~~THREE AND THREE QUARTERS~~ ************************************ percent ( 3.75 **** %) per annum and

ZERO ******************************************************* dollars ($ 0.00 *************** )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in _____8_____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$ 1,141.00 on 01-01-05 ; $ 2,089.00 on 01-01-06 ;

$ NA on ; $ NA on ;

$ NA on ; $ NA on ;

$ NA on ; $ NA on ;

$ NA on ; $ NA on ;

$ NA on ; $ NA on ;

and $ 2,089.00 thereafter on 1 - 1 of each YEAR until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable ___7___ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

Initials
Date

*Position 2*

**Exhibit W**

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE *(include year)* | ORIGINAL BORROWER | | LAST INSTALL. DUE *(include year)* |
|---|---|---|---|---|---|---|
| | $ | % | | | | |
| | $ | % | | " | " | |
| | $ | % | | | | |
| | $ | % | | | | |
| | $ | % | | | | |
| | $ | % | | | | |
| | $ | % | | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_Joseph Andrew Hallada Jr_          _Roberta Jean Hallada_

JOSEPH ANDREW HALLADA JR          ROBERTA JEAN HALLADA *(Borrower)*

9677 MIDWAY ROAD

COLEMAN, WI 54112

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 23,000.00 | 05-17-04 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ 23,000.00 | |

*Rescheduled*

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

### PROMISSORY NOTE

| 8. KIND OF LOAN | | |
|---|---|---|
| Type: OL | [X] Regular | |
| | [ ] Limited Resource | |
| Pursuant to: | | |
| [X] Consolidated Farm & Rural Development Act | | |
| [ ] Emergency Agricultural Credit Adjustment Act of 1978 | | |

| 1. Name | |
|---|---|
| HALLADA, JOSEPH ANDREW JR. & ROBERTA JEAN | |

| 2. State WISCONSIN | 3. County OCONTO |
|---|---|
| 4. Case Number 58-42 | 5. Date JUNE 3, 2003 |
| 6. Fund Code 44 | 7. Loan Number 07 |

| 9. ACTION REQUIRING NOTE | | |
|---|---|---|
| [X] Initial loan | [ ] Rescheduling | |
| [X] Subsequent loan | [ ] Reamortization | |
| [ ] Consolidated & subsequent loan | [ ] Credit sale | |
| [ ] Consolidation | [ ] Deferred payments | |
| [ ] Conservation easement | [ ] Debt write down | |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in OCONTO, WISCONSIN

_____, or at such other place as the Government may later designate in writing, the principal sum of

NINETY THOUSAND NO/100 - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - dollars

($ 90,000.00 - - - - - - - - - - - - - - - - - - ), plus interest on the unpaid principal balance at the RATE of

THREE AND ONE QUARTER - - - - - - - - - - - - - - - - - - - - - - - - - - percent ( 3.25 - - - %) per annum and

ZERO - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - dollars ($ 0.00 - - - - - - - - )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in _____8_____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$ 4,687.00 on 01-01-04 ; $ 8,103.00 on 01-01-05 ;

$ NA on ; $ NA on ;

$ NA on ; $ NA on ;

$ NA on ; $ NA on ;

$ NA on ; $ NA on ;

$ NA on ; $ NA on ;

and $ 8,103.00 thereafter on 1-1 of each YEAR until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable 7 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

Initials J.A.H. & 6/5/03
Date

**Exhibit X**

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

JOSEPH ANDREW HALLADA JR          ROBERTA JEAN HALLADA *(Borrower)*

9677 MIDWAY ROAD

COLEMAN, WI 54112

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 36,000.00 | 6-5-03 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | | **TOTAL** $ 36,000.00 | |

*Rescheduled*

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

**8. KIND OF LOAN**

Type: OL

- [ ] Regular
- [X] Limited Resource

Pursuant to:
- [X] Consolidated Farm & Rural Development Act
- [ ] Emergency Agricultural Credit Adjustment Act of 1978

| | |
|---|---|
| 1. Name | HALLADA, JOSEPH A. AND ROBERTA J. |
| 2. State | WISCONSIN |
| 3. County | OCONTO |
| 4. Case Number | 58-42- |
| 5. Date | JUNE 30, 2000 |
| 6. Fund Code | 44 |
| 7. Loan Number | 05 |

**9. ACTION REQUIRING NOTE**

- [ ] Initial loan
- [X] Subsequent loan
- [ ] Consolidated & subsequent loan
- [ ] Consolidation
- [ ] Conservation easement
- [ ] Rescheduling
- [ ] Reamortization
- [ ] Credit sale
- [ ] Deferred payments
- [ ] Debt write down

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in OCONTO, WISCONSIN

_____, or at such other place as the Government may later designate in writing, the principal sum of

FORTY FOUR THOUSAND NO/100 ----------------------------------------------------- dollars

($ 44,000.00 ---------------------------------), plus interest on the unpaid principal balance at the **RATE of**

FIVE ----------------------------------------------------- percent ( 5.00 ---- %) per annum and

ZERO ----------------------------------------------------- dollars ($ 0.00 --------------- )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in ____8____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| $ | on | ; $ | on |
|---|---|---|---|
| 2,266.00 | 01-01-01 | 4,446.00 | 01-01-02 |
| NA | | NA | |
| NA | | NA | |
| NA | | NA | |
| NA | | NA | |
| NA | | NA | |

and $ 4,446.00 thereafter on 1-1 of each YEAR until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable 7 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

Case 1:18-cv-00822   Filed 05/30/18   Page 1 of 3   Document 1-25

**Exhibit Y**

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

REFINANCING (GRADUATION) AGREEMENT: If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

JOSEPH A. HALLADA

(SEAL)

ROBERTA J. HALLADA

(Borrower)

9677 MIDWAY ROAD

LENA, WI 54139

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 44,000.00 | 06-30-00 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ 44,000.00 | |

| FSA-2028 | U.S. DEPARTMENT OF AGRICULTURE | Position 1 |
| (02-01-16) | Farm Service Agency | |

### SECURITY AGREEMENT

1. **THIS SECURITY AGREEMENT**, *dated (a)* __July 29__, __2016__. is made between the United States of America acting through the U.S. Department of Agriculture, Farm Service Agency (Secured Party) and (b) **JOSEPH ANDREW HALLADA JR, ROBERTA JEAN HALLADA, MICHAEL JOSEPH HALLADA, MARK ANDREW HALLADA, RICHARD ALLEN HALLADA**

(Debtor), whose mailing address is (c) __9677 MIDWAY RD, COLEMAN, WI 54112-9662__

2. **BECAUSE** Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory notes or other instruments, and in the future may incur additional indebtedness to Secured Party which will also be evidenced by one or more promissory notes or other instruments, all of which are called "Note," which has been executed by Debtor, is payable to the order of Secured Party, and authorizes acceleration of the entire indebtedness at the option of Secured Party upon any default by Debtor; and

The Note evidences a loan to Debtor, and Secured Party at any time may assign the Note to any extent authorized by the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party; and

It is the purpose and intent of this Security Agreement to secure prompt payment of the Note and the timely performance of all obligations and covenants contained in this Security Agreement; and

**NOW THEREFORE**, in consideration of said loans and *(1)* to secure the prompt payment of all existing and future indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions of such indebtedness and any additional loans or future advances to Debtor before or after made by Secured Party under the then existing provisions of the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party all with interest; *(2)* in any event and at all times to secure the prompt payment of all advances and expenditures made by Secured Party, with interest, as described in this Security Agreement; and *(3)* the timely performance of every covenant and agreement of Debtor contained in this Security Agreement or in any supplementary agreement.

**MICROLOANS ONLY. DEBTOR GRANTS** to Secured Party a security interest in Debtor's interest in the following described collateral as indicated with (m). For the microloan collateral involving equipment and livestock, Secured Party acknowledges that it is taking a security interest in the specifically listed equipment or livestock and all replacements or substitutions. For microloan crop collateral, Secured Party acknowledges that it is taking a security interest in the specific crop, inventory, accounts and contract rights, crop indemnity payments, all entitlements, benefits, and payments from State and Federal farm programs, and deposit amounts arising out of the Debtor's operation or ownership of that crop. Any after acquired provisions in this Security Agreement do not apply to microloan collateral unless the loan is serviced pursuant to 7 C.F.R. part 766. PLEASE NOTE: This provision shall not in any way limit the collateral covered by this Security Agreement and the Secured Party's interest therein for all other loans:

**ALL OTHER LOANS. DEBTOR GRANTS** to Secured Party a security interest in Debtor's interest in the following described collateral, including the proceeds and products thereof, accessions thereto, future advances and security acquired hereinafter (collateral); provided however the following description of specific items of collateral shall not in any way limit the collateral covered by this Security Agreement and the Secured Party's interest therein *(d)*:

Initial ____ Date _9/14_

**Exhibit Z**

(b) All crops, annual and perennial, and other plant or farm products now planted, growing or grown, or harvested or which are planted after this Security Agreement is signed or otherwise become growing or harvested crops or other plant products *(1)* within the one-year period or any longer period of years permissible under State law, or *(2)* at any time after this Security Agreement is signed if no fixed maximum period is prescribed by State law, including crops and plant products now planted, to be planted, growing or grown or harvested on the following described real estate:

| (1) Farm or Other Real Estate Owner | (2) Approximate Number of Acres | (3) County and State | (4) Approximate Distance and Direction from Named Town or Other Description |
|---|---|---|---|
| | | | All crops and plant products wherever grown. |

Including all entitlements, benefits, and payments from all State and Federal farm programs; all crop indemnity payments; all payment intangibles arising from said crops and all general intangibles arising from said crops; and all allotments and quotas existing on or leased and transferred or to be leased and transferred to the above described farms as well as any proceeds derived from the conveyance or lease and transfer by the Debtor to any subsequent party.

Initial _____ Date _____

(e) All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers and other items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following which are located in the State(s) of (1) __WISCONSIN__

| (2) Line No. | (3) Quantity | (4) Kind | (5) Manufacturer | (6) Size and Type | (7) Condition | (8) Year | (9) Serial or Model No. |
|---|---|---|---|---|---|---|---|
| 1 | 1 | tractor w/ cab | IHC | 766 | Good | 1976 | 2490191u018118 |
| 2 | 1 | tractor w/ cab | IHC | 966 | Good | 1974 | 2510175U0008260 |
| 3 | 1 | tractor | IH | 300 Gas | Fair | 1955 | 112955J |
| 4 | 1 | tractor | IH | W6TA | Fair | 1952 | 12658S |
| 5 | 1 | tractor w/ cab & duals | IHC | 6388 | Good | 1981 | 2820002U008958 |
| 6 | 1 | tractor w/ cab | IH | 5088 | Good | 1985 | 2540008U00174 |
| 7 | 1 | tractor | Case IH | 8950 | Good | | JJA0089534 |
| 8 | 1 | skid steer loader | JCB | 1110T | V Good | 2004 | SLP111SA4E0888977 |
| 9 | 1 | set of pallet forks for skid steer loader | | | good | | |
| 10 | 1 | manure loader (w/ quick attachment) | Westendorf | TA 46 | Good | 1998 | |
| 11 | 1 | skid steer / compact track loader | Case | TV380 CTL | new | 2013 | NCM463667 |
| 12 | 1 | forage bagger | Ag Bagger | G-6000  8 ft. | Good | 1990 | 60008901736 |
| 13 | 1 | combine | IH | #715 | Good | 1975 | 1630201U026768 |
| 14 | 1 | 4 row corn head | IH | | good | | |
| 15 | 1 | platform / grain head | IH | 14 ft | good | | |
| 16 | 1 | corn planter w/ liquid fertilizer attachments | JD | 7200 | Good | | |
| 17 | 1 | cultivator | IH | 4 Row | Good | | |
| 18 | 1 | cultivator | Tebbem | 4 Row | Good | | |
| 19 | 1 | field cultivator | Wilrich | 24 ft | Good | | 3605 |
| 20 | 1 | cullipacker | JD | | Good | | |
| 21 | 1 | drag (fine) | Kovar | 16 ft | Fair | | |
| 22 | 1 | forage chopper w/ corn & hay head | Dion | F-41 | Good | 2012 | 287401 |
| 23 | 1 | grain drill | JD | | Good | | |
| 24 | 1 | manure spreader | Knight | 8018 | Good | 2002 | |
| 25 | 1 | plow | Kneverland | 4-18 | Good | | |
| 26 | 1 | chisel plow | IHC consertill | 6650 | Good | 2000 | CC80019052 |
| 27 | 1 | hay rake | NH | 258 | Good | | |
| 28 | 1 | sprayer | Miller | 500 gallon | Good | | |
| 29 | 1 | cattle trailer | Green | | Good | | |
| 30 | 1 | SU forage box w/ 14 T rg | Miller Pro | 5200   18' | Good | 2002 | |
| 31 | 1 | SU forage box w/ rg | Miller Pro 14 ton | 5200 18' | Good | 1996 | 1601914/121164 |
| 32 | 1 | feeder rack | Notch | 30' | Good | | |
| 33 | 1 | forage blower | IH | 56 | Good | | |
| 34 | 1 | electric feed cart | CSF | | Poor | | |
| 35 | 1 | TMR feed mixer w/ attachments | NDE | 715 Scale | Excellent | | NDE402/SCALE 1377 |
| 36 | 1 | corn / grain auger | Farm King | | Good | | |
| 37 | 1 | grain cleaner | Snowco | | Good | | |

Initial _____  Date _____

| 38 | 1 | automatic take-off units | Eco lite | | Good | 2001 | RE FIXTURE |
| 39 | 7 | automatic take-off units | Universal Advisors | | | Good | RE FIXTURE |
| 40 | 1 | bulk tank | Mueller | 1000 gal | Good | | RE FIXTURE |
| 41 | 1 | pipeline milking system | Universal | 207 ft | good | | RE FIXTURE |
| 42 | 2 | whey tanks | | | Good | | |

(10)Including the following described fixtures which are affixed, or are to be affixed to real estate, as extracted collateral; or timber to be cut, all of which, together with the associated real estate, are more particularly described as follows:

_MH_

Initial _____ Date _____

(d) All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Debtor, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following located in the State(s) of *(1)*

WISCONSIN

| (2) Line No. | (3) Quantity | (4) Kind or Sex | (5) Breed | (6) Color | (7) Weight | (8) Age | (9) Brand or Other Identification |
|---|---|---|---|---|---|---|---|
| 1 | 1 | Dairy Cattle - Dairy Steers-Fat - steers | Holstein | B & W | 800 | 16 m | @ 800# |
| 2 | 7 | Dairy Cattle - Dairy Steers-Fat - steers | Holstein | B & W | 400 | 1 yr | @ 400# |
| 3 | 2 | Dairy Cattle - Calves - heifer calves | Holstein | B & W | | 0-6 m | @ 250# |
| 4 | 4 | Dairy Cattle - Calves - Bull - bull calves | Holstein | b&w | | | |
| 5 | 1 | Dairy Cattle - Calves - Bull - bull | Holstein | b&w | | 6-12 | @500# |
| 6 | 1 | Dairy Cattle-Brdg. - Bulls - bull | Holstein | b&w | | 2-3 | @ 1,800# |
| 7 | 16 | Dairy Cattle-Brdg. - Cows - dry cows | Holstein | b&w | | 2-6 y | @ 1,400# |
| 8 | 17 | Dairy Cattle-Brdg. - Cows - milking cows @ Zastrow's | Holstein | b&w | | 2-6 y | @1400# |
| 9 | 30 | Dairy Cattle-Brdg. - Heifers - Bred - bred heifers | Holstein | b&w | | 18-24 | @ 1,000# |
| 10 | 33 | Dairy Cattle-Brdg. - Heifers - Open - open heifers | Holstein | b&w | | 6-12 | @ 500# |
| 11 | 39 | Goats - does - open | Saanen | white | | | |
| 12 | 3 | Goats - Breeding Goats - bucks | Saanen | white | | | |

Initial _____ Date _____

(e) All accounts, deposit accounts, goods, supplies, inventory, supporting obligations, investment property, certificates of title, payment intangibles, and general intangibles, including but not limited to the following:

ALL FSA PROGRAM PAYMENTS
ALL PROCEEDS FROM DAIRY ASSIGNMENTS

## 3. DEBTOR WARRANTS, COVENANTS, AND AGREES THAT:

(a) Debtor is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and such collateral is free from all liens, encumbrances, security and other interests except *(1)* any existing liens, encumbrances, security or other interests in favor of Secured Party which shall remain in full force and effect; *(2)* any applicable landlord's statutory liens; and (3) other liens, encumbrances, security or other interests previously disclosed to Secured Party in the loan application, farm operating plan or other loan documents. Debtor will defend the collateral against the claims and demands of all other persons.

(b) Statements contained in Debtor's loan application and related loan documents are true and correct and that Debtor's name, as stated in the loan application and in this Security Agreement, is Debtor's complete legal name; and Debtor will *(1)* use the loan funds for the purposes for which they were or are advanced; *(2)* comply with such farm operating plans as may be agreed upon from time to time by Debtor and Secured Party; *(3)* care for and maintain collateral in a good and husbandlike manner; *(4)* insure the collateral in such amounts and manner as may be required by Secured Party, and if Debtor fails to do so, Secured Party, at its option, may procure such insurance; *(5)* permit Secured Party to inspect the collateral at any reasonable time; *(6)* not abandon the collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest in the collateral, or permit others to do so, without the prior written consent of Secured Party; *(7)* not permit the collateral to be levied upon, injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock covered by this Security Agreement; and *(8)* maintain accurate records of the collateral, furnish Secured Party any requested information related to the collateral and allow Secured Party to inspect and copy all records relating to the collateral.

(c) Debtor will pay promptly when due all *(1)* indebtedness evidenced by the Note and any indebtedness to Secured Party secured by this Security Agreement; *(2)* rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and costs of lien searches and maintenance and other charges now or later attaching to, levied on, or otherwise pertaining to the collateral or this security interest; *(3)* filing or recording fees for instruments necessary to perfect, continue, service, or terminate this security interest; and *(4)* fees and other charges now or later required by regulations of the Secured Party.

(d) Secured Party is authorized to file financing statements describing the collateral, to file amendments to the financing statements and to file continuation statements.

(e) Debtor will immediately notify Secured Party of any material change in the collateral or in the collateral's location; change in Debtor's name, address, or location; change in any warranty or representation in this Security Agreement; change that may affect this security interest or its perfection; and any event of default.

(f) Secured Party may at any time pay any other amounts required in this instrument to be paid by Debtor and not paid when due, including any costs and expenses for the preservation or protection of the collateral or this security interest, as advances for the account of Debtor. All such advances shall bear interest at the rate borne by the Note which has the highest interest rate.

(g) All advances by Secured Party as described in this Security Agreement, with interest, shall be immediately due and payable by Debtor to Secured Party without demand and shall be secured by this Security Agreement. No such advance by Secured Party shall relieve Debtor from breach of the covenant to pay. Any payment made by Debtor may be applied on the Note or any indebtedness to Secured Party secured hereby, in any order Secured Party determines.

(h) In order to secure or better secure the above-mentioned obligations or indebtedness, Debtor agrees to execute any further documents, including additional security instruments on such real and personal property as Secured Party may require and to take any further actions reasonably requested by Secured Party to evidence or perfect the security interest granted herein or to effectuate the rights granted to Secured Party herein.

Initial _____        Date _____

**4. IT IS FURTHER AGREED THAT:**

(a) Until default, Debtor may retain possession of the collateral.

(b) **Default** shall exist under this Security Agreement if Debtor fails to perform or discharge any obligation or to pay promptly any indebtedness secured by this Security Agreement or to observe or perform any covenants or agreements in this Security Agreement or in any supplementary agreement contained, or if any of Debtor's representations or warranties herein prove false or misleading, or upon the death or incompetency of the parties named as Debtor, or upon the bankruptcy or insolvency of any one of the parties named as Debtor. Default shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands, as described in 7 CFR Part 1940, Subpart G, Exhibit M or any successor regulation. Upon any default:

    (1) Secured Party, at its option, with or without notice as permitted by law may *(a)* declare the unpaid balance on the Note and any indebtedness secured by this Security Agreement immediately due and payable; *(b)* enter upon the premises and cultivate and harvest crops, take possession of, repair, improve, use, and operate the collateral or make equipment usable, for the purpose of protecting or preserving the collateral or this lien, or preparing or processing the collateral for sale, and *(c)* exercise any sale or other rights accorded by law. Secured Party may disclaim all warranties relating to title, possession, quiet enjoyment, merchantability, fitness or the like in any disposition of the collateral;

    (2) Debtor *(a)* agrees to assemble the collateral and make it available to Secured Party at such times and places as designated by Secured Party; and *(b)* waives all notices, exemptions, compulsory disposition and redemption rights;

    (3) A default shall exist under any other security instrument held by Secured Party and executed or assumed by Debtor on real or personal property. Likewise, default under such other security instrument shall constitute default under this Security Agreement.

(c) Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, processing, selling and the like and for payment of reasonable attorneys' fees and legal expenses incurred by Secured Party, second to the satisfaction of prior security interests or liens to the extent required by law and in accordance with current regulations of the Secured Party, third to the satisfaction of indebtedness secured by this Security Agreement, fourth to the satisfaction of subordinate security interests to the extent required by law, fifth to any obligations of Debtor owing to Secured Party and sixth to Debtor. Any proceeds collected under insurance policies shall be applied first on advances and expenditures made by Secured Party, with interest, as provided above, second on the debt evidenced by the Note, unless Secured Party consents in writing to their use by Debtor under Secured Party's direction for repair or replacement of the collateral, third on any other obligation of Debtor owing to Secured Party, and any balance shall be paid to Debtor unless otherwise provided in the insurance policies. Debtor will be liable for any deficiency owed to Secured Party after such disposition of proceeds of the collateral and insurance.

(d) It is the intent of Debtor and Secured Party that to the extent permitted by law and for the purpose of this Security Agreement, no collateral covered by this Security Agreement is or shall become realty or accessioned to other goods.

(e) Debtor agrees that the Secured Party will not be bound by any present or future State exemption laws. Debtor expressly **WAIVES** the benefit of any such State laws.

(f) Secured Party may comply with any applicable State or Federal law requirements in connection with the disposition of the collateral and compliance will not be considered to adversely affect the commercial reasonableness of any sale of the collateral.

(g) This Security Agreement is subject to the present regulations of the Secured Party and to its future regulations not inconsistent with the express provisions of this Security Agreement.

(h) If any provision of this Security Agreement is held invalid or unenforceable, it shall not affect any other provisions, but this Security Agreement shall be construed as if it had never contained such invalid or unenforceable provision.

(i) The rights and privileges of Secured Party under this Security Agreement shall accrue to the benefit of its successors and assigns. All covenants, warranties, representations, and agreements of Debtor contained in this Security Agreement are joint and several and shall bind personal representatives, heirs, successors, and assigns.

Initial _RH_ _RH_ _MH_    Date _____

(j) If at any time it shall appear to Secured Party that Debtor may be able to obtain a loan from other credit sources, at reasonable rates and terms for loans for similar purposes and periods of time, Debtor will, upon Secured Party's request, apply for and accept such loan in sufficient amount to pay the Note and any indebtedness secured by this Security Agreement. Debtor will be responsible for any application fees or purchase of stock in connection with such loan. The provisions of this paragraph do not apply if the Note secured by this Security Agreement is for a Conservation Loan.

(k) Failure of the Secured Party to exercise any right, whether once or often, shall not be construed as a waiver of any covenant or condition or of the breach of such covenant or condition. Such failure shall also not affect the exercise of such right without notice upon any subsequent breach of the same or any other covenant or condition.

**(l) SECURED PARTY HAS INFORMED DEBTOR THAT DISPOSAL OF PROPERTY COVERED BY THIS SECURITY AGREEMENT WITHOUT THE CONSENT OF SECURED PARTY, OR MAKING ANY FALSE STATEMENT IN THIS SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENT, MAY CONSTITUTE A VIOLATION OF FEDERAL CRIMINAL LAW.**

(m) Debtor(s) acknowledge(s) that Secured Party loaned money to me/us to purchase items of collateral that serve as security for my/our loan, thereby, giving Secured Party a Purchase Money Security Interest in those items of collateral listed in Part 2 with an asterisk*.

## 5. CERTIFICATION

*I certify that the information provided is true, complete and correct to the best of my knowledge and is provided in good faith. (Warning: Section 1001 of Title 18, United States Code, provides for criminal penalties to those who provide false statements. If any information is found to be false or incomplete, such finding may be grounds for denial of the requested action.)*



Initial          Date

6A. _Joseph Andrew Hallada_       6B. (Date) ___9/16/16___
JOSEPH ANDREW HALLADA JR

_Roberta Jean Hallada_       (Date) ___9/16/16___
ROBERTA JEAN HALLADA

_Michael Joseph Hallada_       (Date) ___8/21/16___
MICHAEL JOSEPH HALLADA

_Mark Andrew Hallada_       (Date) ___9/16/16___
MARK ANDREW HALLADA

_Richard Allen Hallada_       (Date) ___8/21/16___
RICHARD ALLEN HALLADA

---

**NOTE:** *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0238. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.* **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

---

In accordance with Federal civil rights law and U.S. Department of Agriculture (USDA) civil rights regulations and policies, the USDA, its Agencies, offices, and employees, and institutions participating in or administering USDA programs are prohibited from discriminating based on race, color, national origin, religion, sex, gender identity (including gender expression), sexual orientation, disability, age, marital status, family/parental status, income derived from a public assistance program, political beliefs, or reprisal or retaliation for prior civil rights activity, in any program or activity conducted or funded by USDA (not all bases apply to all programs). Remedies and complaint filing deadlines vary by program or incident.

Persons with disabilities who require alternative means of communication for program information (e.g., Braille, large print, audiotape, American Sign Language, etc.) should contact the responsible Agency or USDA's TARGET Center at (202) 720-2600 (voice and TTY) or contact USDA through the Federal Relay Service at (800) 877-8339. Additionally, program information may be made available in languages other than English.

To file a program discrimination complaint, complete the USDA Program Discrimination Complaint Form, AD-3027, found online at http://www.ascr.usda.gov/complaint_filing_cust.html and at any USDA office or write a letter addressed to USDA and provide in the letter all of the information requested in the form. To request a copy of the complaint form, call (866) 632-9992. Submit your completed form or letter to USDA by: (1) Mail: U.S. Department of Agriculture Office of the Assistant Secretary for Civil Rights 1400 Independence Avenue, SW Washington, D.C. 20250-9410; (2) Fax: (202) 690-7442; or (3) email: program.intake@usda.gov.

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS

20
811

10855

A. NAME & PHONE OF CONTACT AT FILER (optional)
LYNN SHALLOW      715-524-4814

B. E-MAIL CONTACT AT FILER (optional)
lynn.shallow@wi.usda.gov

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

┌─
FARM SERVICE AGENCY
603A LAKELAND RD.
SHAWANO, WI 54166
─┘

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE NUMBER
030009013619

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT** (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:

This Change affects ☐ Debtor or ☐ Secured Party of record

AND Check one of these three boxes to:
☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c
☐ ADD name: Complete item 7a or 7b, and item 7c
☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. **CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only one name (6a or 6b)

6a. ORGANIZATION'S NAME

| 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| HALLADA | JOSEPH | ANDREW | |

7. **CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

7a. ORGANIZATION'S NAME

7b. INDIVIDUAL'S SURNAME

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)          SUFFIX

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

8. ☐ **COLLATERAL CHANGE:** Also check one of these four boxes: ☐ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN collateral
Indicate collateral:

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

9a. ORGANIZATION'S NAME
UNITED STATES OF AMERICA ACTING THROUGH FARM SERVICE AGENCY

| 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|

10. OPTIONAL FILER REFERENCE DATA:

FILING OFFICE COPY --- UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

**Exhibit AA**



**709087**

FILED
December 18, 2017 9:30 AM
ANNETTE BEHRINGER
REGISTER OF DEEDS
OCONTO COUNTY, WI
Pages: 2
Fee: $30.00

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
LYNN SHALLOW      715-524-4814

**B. E-MAIL CONTACT AT FILER (optional)**
lynn.shallow@wi.usda.gov

**C. SEND ACKNOWLEDGMENT TO:   (Name and Address)**

FARM SERVICE AGENCY
603A LAKELAND RD.
SHAWANO, WI 54166

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE NUMBER**
540355

**1b.** ☑ This FINANCING STATEMENT AMENDMENT is to be filed [for record]
(or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

**3.** ☐ **ASSIGNMENT (full or partial):** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

**4.** ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

**5.** ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:     AND     Check one of these three boxes to:

This Change affects ☐ Debtor or ☐ Secured Party of record   ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c   ☐ ADD name: Complete item 7a or 7b, and item 7c   ☐ DELETE name: Give record name to be deleted in item 6a or 6b

**6. CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME |
|---|

| 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| HALLADA | JOSEPH | ANDREW | |

**7. CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME |
|---|

| 7b. INDIVIDUAL'S SURNAME |
|---|

| INDIVIDUAL'S FIRST PERSONAL NAME |
|---|

| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

**8.** ☐ **COLLATERAL CHANGE:** Also check one of these four boxes: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral
Indicate collateral:

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME |
|---|
| UNITED STATES OF AMERICA ACTING THROUGH FARM SERVICE AGENCY |

| 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|

**10. OPTIONAL FILER REFERENCE DATA:**

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

**Exhibit AB**

# UCC FINANCING STATEMENT AMENDMENT ADDENDUM FOLLOW

INSTRUCTIONS

11. INITIAL FINANCING STATEMENT FILE NUMBER: Same as item 1a on Amendment form

540355

12. NAME OF PARTY AUTHORIZING THIS AMENDMENT: Same as item 9 on Amendment form

12a. ORGANIZATION'S NAME

UNITED STATES OF AMERICA ACTING THROUGH FARM SERVICE AGENCY

OR

12b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

13. Name of DEBTOR on related financing statement (Name of a current Debtor of record required for indexing purposes only in some filing offices - see Instruction item 13): Provide only one Debtor name (13a or 13b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); see Instructions if name does not fit

13a. ORGANIZATION'S NAME

OR

13b. INDIVIDUAL'S SURNAME | FIRST PERSONAL | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

HALLADA | JOSEPH

14. ADDITIONAL SPACE FOR ITEM 8 (Collateral):

Additional debtor:  ROBERTA J HALLADA

15. This FINANCING STATEMENT AMENDMENT:

☐ covers timber to be cut  ☐ covers as-extracted collateral  ☒ is filed as a fixture filing

16. Name and address of a RECORD OWNER of real estate described in Item 17 (if Debtor does not have a record interest):

17. Description of real estate:

NE 1/4 OF NE 1/4 OF SECTION 6, T29N, R20E, TOWN OF LENA, OCONTO COUNTY, WISCONSIN

18. MISCELLANEOUS:

FILING OFFICE COPY -- UCC FINANCING STATEMENT AMENDMENT ADDENDUM (Form UCC3Ad) (Rev. 04/20/11)

## UCC FINANCING STATEMENT



| NAME & PHONE OF CONTACT |
| --- |
| shallow |
| lynn.shallow@wi.usda.gov |
| 715-524-4814 |
| SEND ACKNOWLEDGMENT TO: |
| shallow |
| lynn.shallow@wi.usda.gov |

Filing # - 140016313620
Filed - 12/18/2014 3:37:51 PM
Wisconsin Department of Financial Institutions

### Debtor's Exact Full Legal Name

| OR | Organization's Name | | | |
| --- | --- | --- | --- | --- |
| | Individual's Surname<br>hallada | First Personal Name<br>joseph | Additional Name(s)/Initial(s)<br>andrew | Suffix |
| | Mailing Address<br>9677 midway road | City<br>coleman | State<br>wi | Postal Code<br>54112 | Country<br>UNITED STATES |

| OR | Organization's Name | | | |
| --- | --- | --- | --- | --- |
| | Individual's Surname<br>hallada | First Personal Name<br>roberta | Additional Name(s)/Initial(s)<br>jean | Suffix |
| | Mailing Address<br>9677 midway road | City<br>coleman | State<br>wi | Postal Code<br>54112 | Country<br>UNITED STATES |

| OR | Organization's Name | | | |
| --- | --- | --- | --- | --- |
| | Individual's Surname<br>hallada | First Personal Name<br>mark | Additional Name(s)/Initial(s)<br>andrew | Suffix |
| | Mailing Address<br>9677 midway road | City<br>coleman | State<br>wi | Postal Code<br>54112 | Country<br>UNITED STATES |

| OR | Organization's Name | | | |
| --- | --- | --- | --- | --- |
| | Individual's Surname<br>hallada | First Personal Name<br>michael | Additional Name(s)/Initial(s)<br>joseph | Suffix |
| | Mailing Address<br>9677 midway road | City<br>coleman | State<br>wi | Postal Code<br>54112 | Country<br>UNITED STATES |

| OR | Organization's Name | | | |
| --- | --- | --- | --- | --- |
| | Individual's Surname<br>hallada | First Personal Name<br>richard | Additional Name(s)/Initial(s)<br>allen | Suffix |
| | Mailing Address<br>9677 midway road | City<br>coleman | State<br>wi | Postal Code<br>54112 | Country<br>UNITED STATES |

### Secured Party's Name (or name of Total Assignee or Assignor S/P)

| OR | Organization's Name<br>united states of america acting through farm service agency | | | |
| --- | --- | --- | --- | --- |
| | Individual's Surname | First Personal Name | Additional Name(s)/Initial(s) | Suffix |
| | Mailing Address | City | State | Postal Code | Country |

https://www.wdfi.org/apps/ucc/pf.asp?g=66138C39-ED7E-4EC9-8EB4-B3D5E304F...   12/18/2014

**Exhibit AC**

| 603a lakeland road | shawano | wi | 54166 | UNITED STATES |

**This financing statement covers the following collateral:**

THIS IS A PURCHASE MONEY SECURITY INTEREST IN 25 HEAD OF CATTLE

**Alternative Designation:**

Not Applicable

**Financing Statement Relates To:**

Not Applicable

**Optional Filer Reference Data:**

Not filled in.

**Miscellaneous:**

Not filled in.

**Collateral is:**

No Designation

**Form Type:**

UCC Financing Statement

2

# COPY

**664184**
DOCUMENT NUMBER

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
LYNN SHALLOW

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

USDA - FARM SERVICE AGENCY
P. O. BOX 15
OCONTO, WI 54153

F I L E D

AT 9:30 O'CLOCK a M

JAN 17 2013

ANNETTE BEHRINGER
REGISTER OF DEEDS
OCONTO COUNTY, WI
30-

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #
540355

1b. This FINANCING STATEMENT AMENDMENT is
[X] to be filed [for record] (or recorded) in the
REAL ESTATE RECORDS.

2. [ ] **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. [X] **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. [ ] **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects [ ] Debtor or [ ] Secured Party of record. Check only one of these two boxes.

Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

[ ] CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.

[ ] DELETE name: Give record name to be deleted in item 6a or 6b.

[ ] ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| NOT REQUIRED IN WISCONSIN | | | | [ ] NONE |

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.

Describe collateral [ ] deleted or [ ] added, or give entire [ ] restated collateral description, or describe collateral [ ] assigned.

**RECEIVED**

IJAN 2 2 2013

OCONTO FSA OFFICE

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here [ ] and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR | UNITED STATES OF AMERICA ACTING THRU FARM SERVICE AGENCY | | |

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

10. OPTIONAL FILER REFERENCE DATA
HALLADA, JOSEPH & ROBERTA

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

\* An Individual's social security number is not required to be placed on the form in Wisconsin (See Instructions)


Exhibit AD

11. INITIAL FINANCING STATEMENT FILE # (same as item 1a on Amendment form)

540355

12. NAME OF PARTY AUTHORIZING THIS AMENDMENT (same as item 9 on Amendment form)

12a. ORGANIZATION'S NAME

OR | UNITED STATES OF AMERICA ACTING THRU FARM SERVICE A

12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME,SUFFIX

13. Use this space for additional Information

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

OWNER AND DEBTOR OF RECORD IS:  JOSEPH & ROBERTA HALLADA

SECURED PARTY:  UNITED STATES OF AMERICA ACTING THRU FARM SERVICE AGENCY

NE 1/4 OF NE 1/4 OF SECTION 6, T29N, R20E, TOWN OF LENA, OCONTO COUNTY, WISCONSIN

# UCC FINANCING STATEMENT AMENDMENT $20

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

LYNN SHALLOW          7537

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

USDA - FARM SERVICE AGENCY
P. O. BOX 15
OCONTO, WI 54153

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # |
|---|
| 030009013619 |

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☒ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.

Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c. ☐ DELETE name: Give record name to be deleted in item 6a or 6b. ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| NOT REQUIRED IN WISCONSIN | | | | ☐ NONE |

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.

Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA ACTING THRU FARM SERVICE AGENCY | | | |

OR

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

10. OPTIONAL FILER REFERENCE DATA

JOSEPH A. HALLADA

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

* An Individual's social security number is not required to be placed on the form in Wisconsin (See Instructions)

**Exhibit AE**

COPY

RECEIVED
JAN 18 2008

610067
DOCUMENT NUMBER

FILED

AT 9:30 O'CLOCK A M

JAN 2 2008

LORALEE LASLEY
REGISTER OF DEEDS
OCONTO COUNTY, WI

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
LYNN SHALLOW

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

USDA - FARM SERVICE AGENCY
P. O. BOX 15
OCONTO, WI 54153

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is |
|---|---|
| 540355  06/06/03   OCONTO | to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☒ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.
☐ DELETE name: Give record name to be deleted in item 6a or 6b.
☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME |
|---|

| OR | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME |
|---|

| OR | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 7d. TAX ID #: SSN OR EIN NOT REQUIRED IN WISCONSIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | ☐ NONE |
|---|---|---|---|---|---|
| | | | | | |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME |
|---|
| OR  UNITED STATES OF AMERICA ACTING THRU FARM SERVICE AGENCY |

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

10. OPTIONAL FILER REFERENCE DATA
HALLADA, JOSEPH A.

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

* An Individual's social security number is not required to be placed on the form in Wisconsin (See Instructions)

**Exhibit AF**

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
LYNN SHALLOW (920) 834-2366    7537

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

USDA - FARM SERVICE AGENCY
P. O. BOX 15
OCONTO, WI 54153

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE #**
030009013619

1b. This FINANCING STATEMENT AMENDMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS.

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☒ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7c and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | ☐ NONE |
|---|---|---|---|---|---|
| NOT REQUIRED IN WISCONSIN | | | | | |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR UNITED STATES OF AMERICA ACTING THRU FARM SERVICE AGENCY | | | |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA**
HALLADA, JOSEPH A.

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

\* An individual's social security number is not required to be placed on the form in Wisconsin (See Instructions)

Case 1:18-cv-00822   Filed 05/30/18   Page 1 of 1   Document 1-33

Exhibit AG

2

COPY

*Fixture Filing*

540355
DOCUMENT NUMBER

FILED
AT 3:50 O'CLOCK P M

JUN 3 2003

LORALEE LASLEY
REGISTER OF DEEDS
OCONTO COUNTY, WI

1300

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER** [optional]
LORI SCHUBERT

JUN - 6 2003

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

RECORD PER OFFICE

USDA FARM SERVICE AGENCY
P.O. BOX 15
OCONTO, WI 54153-0015

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | | | |
|---|---|---|---|
| 1a. ORGANIZATION'S NAME | | | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| HALLADA | JOSEPH | ANDREW | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 9677 MIDWAY ROAD | COLEMAN | WI | 54112 | |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| * | | | | □ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| | | | |
|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | |

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| HALLADA | ROBERTA | JEAN | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 9677 MIDWAY ROAD | COLEMAN | WI | 54112 | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| * | | | | □ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME |
|---|
| UNITED STATES OF AMERICA ACTING THRU FARM SERVICE AGENCY |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| P.O. BOX 15 | OCONTO | WI | 54153-0015 | |

**4. This FINANCING STATEMENT covers the following collateral:**

The security interest perfected secures a future advance clause and the
security agreement contains an after-acquired clause. Disposition of
such collateral is not hereby authorized.

| 5. ALTERNATIVE DESIGNATION (if applicable): | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. ☒ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|

**8. OPTIONAL FILER REFERENCE DATA**
HALLADA, JOSEPH

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

* An Individual's social security number is not required to be placed on the form in Wisconsin (See Instructions)

Case 1:18-cv-00822   Filed 05/30/18   Page 1 of 2   Document 1-34

**Exhibit AH**

# UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT**

9a. ORGANIZATION'S NAME

OR

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME,SUFFIX |
|---|---|---|
| HALLADA | JOSEPH | ANDREW |

10. MISCELLANEOUS:

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one name (11a or 11b) - do not abbreviate or combine names

11a. ORGANIZATION'S NAME

OR

| 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 11d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION | 11f. JURISDICTION OF ORGANIZATION | 11g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| * | | | | ☐ NONE |

**12.** ☐ ADDITIONAL SECURED PARTY'S or ☐ ASSIGNOR S/P'S NAME - Insert only one name (12a or 12b)

12a. ORGANIZATION'S NAME

OR

| 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 12c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

13. This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☒ fixture filing.

14. Description of real estate:

The NE 1/4 of the NE 1/4 of Section 6, Township 29 North, Range 20 East, Town of Lena, Oconto County, State of Wisconsin.

16. Additional collateral description:

This is a fixture filing specifically covering:
Five (5) Delaval Eco lite detrachers (automatic take-offs) with the following attachments: cables, uprights, supports

15. Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

17. Check only if applicable and check only one box.
Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate

18. Check only if applicable and check only one box.
☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction — effective 30 years
☐ Filed in connection with a Public-Finance Transaction — effective 30 years

FILING OFFICE COPY— NATIONAL UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 07/29/98)

\* An Individual's social security number is not required to be placed on the form in Wisconsin (See Instructions)

# UCC Financing Statement

| Name & Phone of Contact at Filer |
| --- |
| LUELLA WHITING |
| USA ACTING THRU FARM SERVICE AGENCY |
| lu.whiting@wi.usda.gov |
| (920) 834-2366 Ext. 16 |

| Send Acknowledgment To |
| --- |
| LUELLA WHITING |
| USA ACTING THRU FARM SERVICE AGENCY |
| lu.whiting@wi.usda.gov |

Filing # - 030009013619
Filed - 05/30/2003 01:39:49 PM
Wisconsin Department of Financial
Institutions

## Debtor's Exact Full Legal Name

| OR | Organization's Name | | | |
| --- | --- | --- | --- | --- |
| | Individual's Last Name | First Name | Middle Name | Suffix |
| | HALLADA | JOSEPH | ANDREW | |
| Mailing Address | City | State | Postal Code | Country |
| 9677 MIDWAY ROAD | COLEMAN | WI | 54112 | |
| Type Of Organization | Jurisdiction of Organization | Organizational ID#, if any | | |

| OR | Organization's Name | | | |
| --- | --- | --- | --- | --- |
| | Individual's Last Name | First Name | Middle Name | Suffix |
| | HALLADA | ROBERTA | JEAN | |
| Mailing Address | City | State | Postal Code | Country |
| 9677 MIDWAY ROAD | COLEMAN | WI | 54112 | |
| Type Of Organization | Jurisdiction of Organization | Organizational ID#, if any | | |

## Secured Party's Name (or name of Total Assignee or Assignor S/P)

| OR | Organization's Name | | | |
| --- | --- | --- | --- | --- |
| | USA ACTING THRU FARM SERVICE AGENCY | | | |
| | Individual's Last Name | First Name | Middle Name | Suffix |
| Mailing Address | City | State | Postal Code | Country |
| 111 ARBUTUS AVENUE P O BOX 15 | OCONTO | WI | 54153-0015 | |

## This financing statement covers the following collateral:

This financing state is being filed to continue the effectiveness of the following statement(s) that

Case 1:18-cv-00822   Filed 05/30/18   Page 1 of 2   Document 1-35        **Exhibit AI**

remain(s) effective. 1] TYPE: FINANCING STATEMENT; FILING OFFICE: OCONTO COUNTY RODS; FILE DATE: 6/23/2000; FILE NUMBER:00299500; LAST CONTINUATION NUMBER:N/A; 2] TYPE: FINANCING STATEMENT; FILING OFFICE: MARINETTE COUNTY RODS; FILE DATE: 6/23/2000; FILE NUMBER: 00251311; LAST CONTINUATIONS NUMBER: N/A. All crops, livestock, farm products, equipment, certificates of title, goods, supplies, inventory, accounts, deposit accounts, supporting obligations, payment intangibles, general intangibles, investment property, crop insurance indeminity payments, and all entitlements, benefits and payments from all state and federal farm programs; and all proceeds, products, accessions, and security acquired hereafter. The security interest perfected secures a future advance clause and the security agreement contains an after-acquired clause. DISPOSITION OF SUCH COLLATERAL IS NOT HEREBY AUTHORIZED.

**Alternative Designation:**
Not Applicable

**Optional Filer Reference Data:**
Refiled to incorporate the Oconto County and Marinette County filed financing statements.

**Miscellaneous:**
Not filled in.

**Debtor Type:**
Not applicable to this filing

**Form Type:**
UCC Financing Statement

Case 1:18-cv-00822   Filed 05/30/18   Page 2 of 2   Document 1-35

This UCC-1 FINANCING STATEMENT is presented for filing pursuant to the Wisconsin Uniform Commercial Code.

| 1. Debtor (Legal Name Of Entity Or Last Name If An Individual) | First Name | Middle Initial |
| HALLADA | JOSEPH | A |

OCONTO FSA OFFICE

**1A.** Mailing Address
9677 MIDWAY ROAD

| 1B. City, State, Zip Code | 1C. Social Security or Federal Tax ID No. |
| COLEMAN, WI 54112 | |

| 2. Additional Debtor (If Any) (Legal Name Of Entity Or Last Name If An Individual) | First Name | Middle Initial |
| HALLADA | ROBERTA | J |

**2A.** Mailing Address
9677 MIDWAY ROAD

| 2B. City, State, Zip Code | 2C. Social Security or Federal Tax ID No. |
| COLEMAN, WI 54112 | |

| 3. Additional Debtor (If Any) (Legal Name Of Entity Or Last Name If An Individual) | First Name | Middle Initial |

**3A.** Mailing Address

| 3B. City, State, Zip Code | 3C. Social Security or Federal Tax ID No. |

**4. Secured Party**
Name: United States of America acting through Farm Service Agency
Address: 111 ARBUTUS AVE:, BOX 15
City, State, Zip Code: OCONTO, WI 54153-0015

**5.** File With ☐ Department of Financial Institutions ☒ Reg. Of Deeds     MARINETTE County

**6.** Number of Additional Sheets Presented: 0     (Attaching additional pages requires non-standard fee.)

10. Insert Submitter Account Number

SUBMITTER ACCOUNT NUMBER

**11.** Assignee Of Secured Party (If any)
Name
Address
City
State
Zip Code

**7.** This Financing Statement covers the following types (or items) of collateral and/or leased goods.

1. The Financing Statement covers the following types of items of collateral, including proceeds and products thereof:
(a) Crops, livestock, supplies, other farm products, and farm and other equipment, inventory, accounts and contract rights.
(b)   2000 CROPS
2. Disposition of such collateral is not hereby authorized.
3. Crops covered hereby are growing or are to be grown on, and any goods described in 1(b) above which are or are to become fixtures are or are to be affixed to, the following-described real estate:

| Farms or Other Real Estate *Owner | Approximate No. of Acres | County and State | Approximate Distance and Direction From a Named Town or Other Description |
| HALLADA, JOSEPH | 226 | MARINETTE WI | 6 MILES SW OF COLEMAN, WI |
| HALLADA, ROBERTA | | | |

* Record owner if required by State law, otherwise reputed owner

**7A.** Proceeds of collateral are covered unless checked ☐.     **7B.** Products of collateral are covered unless checked ☐.

**8.** If checked here ☐ the term "Debtor" refers to a "Lessee," the term "Secured Party" refers to a "Lessor" and this filing is made for informational purposes to provide notice of a personal property lease of the personal property described in number 7.

**12.** If checked ☐, a "Continuing Business Relationship" under s.409.404(1)(c), Wis. Stats., exists.

14     *Lori A Schubert*
SIGNATURE OF SECURED PARTY OR ASSIGNEE OR ITS AGENT – TITLE
(Signature of Secured Party if required)

**13.**
NAME OF DEBTOR (IF ENTITY)

By: _____
SIGNATURE     TITLE

*Joseph A Hallada*
SIGNATURE OF INDIVIDUAL DEBTOR

*Roberta J Hallada*
SIGNATURE OF INDIVIDUAL DEBTOR

SIGNATURE OF INDIVIDUAL DEBTOR

NOTE: PLEASE
COMPLETE #15 AND #16

Signature of Secured Party permitted in lieu of Debtor's signature when:
(If applicable, you must check one of the following boxes.)
A. Collateral is subject to a security interest in another jurisdiction, and
☐ Collateral is brought into this state; or
☐ Debtor's location was changed to this state; or
B. Other situations when Debtor's signature is not required:
☐ Proceeds, see s.409.402(2), Wis. Stats.; or
☐ Collateral to which filing lapsed; or
☐ Collateral acquired after change of name, identity or corporate structure of Debtor.

**15.** RETURN COPIES TO:
Name: USDA FARM SERVICE AG
Address: 111 ARBUTUS AVE BOX 15
City, State: OCONTO, WI 54153-0015
And Zip Code

**16.**
DONNA J. HUEBNER
CONTACT PERSON
920-834-2366 EXT. 5
PHONE NUMBER

**Exhibit AJ**

This UCC-1 FINANCING STATEMENT is presented for filing pursuant to the Wisconsin Uniform Commercial Code.

9. Filing office use only. (Filing Date, Time, Number)

**Received**

**JUN 12 2000**

**OCONTO FSA OFFICE**

Filing # - 00299500
Filed - 06/21/2000 - 03:00 PM
Page 1 of 1
Oconto County Register of Deeds

1. Debtor (Legal Name of Entity or Last Name if an Individual)
HALLADA

First Name
JOSEPH

Middle Initial

1A. Mailing Address
9677 MIDWAY ROAD

1B. City, State, Zip Code
COLEMAN, WI 54112

1C. Social Security or Federal Tax ID No.

2. Additional Debtor (if Any) (Legal Name of Entity or Last Name of an Individual)
HALLADA

First Name
ROBERTA

Middle Initial

2A. Mailing Address
9677 MIDWAY ROAD

2B. City, State, Zip Code
COLEMAN, WI 54112

2C. Social Security or Federal Tax ID No.

3. Additional Debtor (if Any) (Legal Name of Entity or Last Name of an Individual)

First Name

Middle Initial

3A. Mailing Address

3B. City, State, Zip Code

3C. Social Security or Federal Tax ID No.

10. Insert Submitter Account Number

4. Secured Party
Name    United States of America acting through Farm Service Agency
Address    111 ARBUTUS AVE., BOX 15
City, State, Zip Code    OCONTO, WI 54153-0015

SUBMITTER ACCOUNT NUMBER

11. Assignee Of Secured Party (if any)
Name
Address
City
State
Zip Code

5. File With ☐ Department of Financial Institutions ☒ Reg. Of Deeds    OCONTO    County

6. Number of Additional Sheets Presented:    0    (Attaching additional pages requires non-standard fee.)

7. This Financing Statement covers the following types of (or items) collateral and/or leased goods.

1. The Financing Statement covers the following types of items of collateral, including proceeds and product thereof:
(a) Crops, livestock, supplies, other farm products, and farm and other equipment, inventory, accounts and contract rights.
(b)    2000 CROPS
2. Disposition of such collateral is not hereby authorized.
3. Crops covered hereby are growing or are to be grown on, and any goods described in 1(b) above which are or are to become fixtures are or are to be affixed to, the following-described real estate:

| Farms or Other Real Estate *Owner | Approximate No. of Acres | County and State | Approximate Distance and Direction From a Named Town or Other Description |
|---|---|---|---|
| HALLADA, JOSEPH | 226 | OCONTO, WI | 6 MILES SW OF COLEMAN, WI |
| HALLADA, ROBERTA | | | |

* Record owner if required by State law, otherwise reputed owner

7A. Proceeds of collateral are covered unless checked ☐.    7B. Products of collateral are covered unless checked ☐.

8. If checked here ☐ the term "Debtor" refers to a "Lessee", the term "Secured Party" refers to a "Lessor" and this filing is for informational purposes to provide notice of a personal property lease of the personal property described in number 7.

12. If checked ☐, a "Continuing Business Relationship" under s. 409.404(1)(c), Wis. Stats., exists.

14. _Tori Schubert_
SIGNATURE OF SECURED PARTY OR ASSIGNEE OR ITS AGENT – TITLE
(Signature of Secured Party if required)

13.

NAME OF DEBTOR (IF ENTITY)

By: _____
SIGNATURE    TITLE

_Joseph A. Hallada_
SIGNATURE OF INDIVIDUAL DEBTOR

_Roberta L. Hallada_
SIGNATURE OF INDIVIDUAL DEBTOR

Signature of Secured Party permitted in lieu of Debtor's signature when:
(if applicable, you must check one of the following boxes.)
A. Collateral is subject to a security interest in another jurisdiction, and
☐ Collateral is brought into this state; or
☐ Debtor's location was changed to this state; or
B. Other situations when Debtor's signature not required:
☐ Proceeds, see s.409.402(2), Wis. Stats.; or
☐ Collateral to which filing lapsed; or
☐ Collateral acquired after change of name, identity or corporate structure of Debtor.

NOTE: PLEASE
COMPLETE #15 AND #16

16. RETURN COPIES TO:
Name    USDA FARM SERVICE AG
Address    111 ARBUTUS AVE BOX 15
City, State    OCONTO, WI 54153-0015
And Zip Code

16.    DONNA J. HUEBNER
CONTACT PERSON
920-834-2366 EXT. 5
PHONE NUMBER

Case 1:18-cv-00822   Filed 05/30/18   Page 1 of 1   Document 1-37

**Exhibit AK**

682281
Recorded
December 22, 2014 9:30 AM
ANNETTE BEHRINGER
REGISTER OF DEEDS
OCONTO COUNTY, WI
Pages: 7
Fee: $30.00

JAN - 8 2014

| Document Number | **MORTGAGE FOR WISCONSIN**<br>Document Title | |
|---|---|---|

**Name & Return Address:**
FARM SERVICE AGENCY
603A Lakeland Rd.
Shawano, WI 54166

Form Approved - OMB No. 0560-0237

**NOTE:** The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

**Recording Area**
**Parcel Identification Number (PIN):**

THIS MORTGAGE (**"instrument"**) is made **DECEMBER 18, 2014.** The mortgagor is **JOSEPH ANDREW HALLADA and ROBERTA JEAN HALLADA, husband and wife as survivorship marital property** (**"Borrower"**) whose mailing address is 9677 Midway Rd., Coleman, WI 54112. This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of Agriculture (**"Government"**) located at 603A Lakeland Rd., Shawano, WI 54166.

This instrument secures the following promissory notes, assumption agreements and/or shared appreciation agreements (collectively called **"Note"**), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest |
|---|---|---|
| 12/18/2014 | $ 41,400.00 | 2.125% |
| 06/23/2014 | $ 40,000.00 | 2.125% |
| 06/23/2014 | $ 27,700.00 | 3.125% |
| 01/09/2014 | $ 31,500.00 | 1.875% |
| 01/09/2014 | $ 20,440.00 | 2.875% |
| 08/28/2012 | $ 28,750.00 | 2.250% |
| 08/11/2011 | $ 13,700.00 | 2.125% |
| 07/08/2011 | $ 48,610.00 | 3.750% |
| 09/08/2010 | $ 35,500.00 | 3.750% |
| 08/12/2009 | $ 35,000.00 | 2.500% |
| 08/12/2009 | $ 50,000.00 | 2.500% |
| 08/12/2009 | $  1,211.91 | 3.750% |
| 08/12/2009 | $ 22,390.59 | 3.750% |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

*This Instrument Was Drafted By The United States Department Of Agriculture, Farm Service Agency*

Initial(s) _RJH_   Date _12/18/14_

FSA 2029 WI (07-15-14) Page 1 of 6

The U.S. Department of Agriculture (USDA) prohibits discrimination against its customers, employees, and applicants for employment on the basis of race, color, national origin, age, disability, sex, gender identity, religion, reprisal, and where applicable, political beliefs, marital status, familial or parental status, sexual orientation, or all or part of an individual's income is derived from any public assistance program, or protected genetic information in employment or in any program or activity conducted or funded by the Department. (Not all prohibited bases will apply to all programs and/or employment activities.) Persons with disabilities, who wish to file a program complaint, write to the address below or if you require alternative means of communication for program information (e.g., Braille, large print, audiotape, etc.) please contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). Individuals who are deaf, hard of hearing, or have speech disabilities and wish to file either an EEO or program complaint, please contact USDA through the Federal Relay Service at (800) 877-8339 or (800) 845-6136 (in Spanish).

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter by mail to U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov. USDA is an equal opportunity provider and employer.

**Exhibit AL**

Mortgage for Wisconsin (Continued)

By execution of this instrument, Borrower acknowledges receipt of all proceeds for the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S. C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the Note, and any other loan agreements.

In consideration of any loan made by the Government under the Consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq. as evidenced by the Note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Wisconsin, County of OCONTO:
**SEE ATTACHED LEGAL DESCRIPTION

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions that are now or hereafter included in, affixed, or attached to "**the property.**"

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1.  **Payment**. Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2.  **Fees**. Borrower shall pay to the Government such fees and other changes that may now or later be required by Government regulations.

3.  **Application of payments**. Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4.  **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5.  **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Initial(s) _Rdl_ Date _12/18/14_

FSA 2029 WI (07-15-14) Page 2 of 6

Case 1:18-cv-00822   Filed 05/30/18   Page 2 of 7   Document 1-38

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6.      **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. §4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7.      **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8.      **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the Note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

9.      **Authorized purposes.** Borrower shall use the loan evidenced by the Note solely for purposes authorized by the Government.

10.     **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11.     **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12.     **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13.     **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14.     **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene,

Initial(s) _RW_     Date _12/18/14_

other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15.    **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16.    **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17.    **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18.    **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19.    **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20.    **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21.    **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22.    **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23.    **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future

Initial(s) _R H_    Date _12-18-14_    **FSA 2029 WI** (07-15-14) Page 4 of 6
          _w/ H_         _11_

regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants**. The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger**. If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence**. Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy**. Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law**. Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents**. Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds**. The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

Initial(s) _____ Date 12/18/14

Mortgage for Wisconsin (Continued)

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_Joseph Andrew Hallada_
JOSEPH ANDREW HALLADA

_Roberta Jean Hallada_
ROBERTA JEAN HALLADA

STATE OF WISCONSIN
COUNTY OF SHAWANO } ss.

On this 18th day of DECEMBER 2014, before me, the undersigned, personally appeared Joseph Andrew Hallada and Roberta Jean Hallada, to be known to me to be same whose name is subscribed, to the foregoing instrument, and acknowledged that he/she signed and delivered the instrument as his/her free and voluntary acts, for the uses and purposes set forth.

My commission expires: 9-11-16

_Lynn M. Shallow_
LYNN M. SHALLOW          NOTARY PUBLIC

Initial(s) _RJH_     Date _12/18/14_
_JM_           _12 18_

FSA 2029 WI (07-15-14) Page 6 of 6

**JOSEPH ANDREW & ROBERTA JEAN HALLADA**

The Northeast Fractional Quarter of the Northeast Quarter (NE Frac'l ¼ – NE ¼) of Section 6, Township 29 North, Range 20 East, Town of Lena, Oconto County, Wisconsin.
Tax parcel: 020-060600111

DOC. #: 789919
RENEE MILLER
MARINETTE COUNTY
REGISTER OF DEEDS
December 22, 2014 12:15 PM
Fee Amount: $30.00

## MORTGAGE FOR WISCONSIN

| Document Number | Document Title |
|---|---|

**Name & Return Address:**
FARM SERVICE AGENCY
603A Lakeland Rd.
Shawano, WI 54166

Form Approved - OMB No. 0560-0237

RECEIVED

DEC 26 2014

SHAWANO FSA OFFICE

**NOTE:** The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.
According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

**Recording Area**
**Parcel Identification Number (PIN):**

THIS MORTGAGE **("instrument")** is made **DECEMBER 18, 2014.** The mortgagor is **JOSEPH ANDREW HALLADA and ROBERTA JEAN HALLADA, husband and wife as survivorship marital property ("Borrower")** whose mailing address is 9677 Midway Rd., Coleman, WI 54112. This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of Agriculture **("Government")** located at 603A Lakeland Rd., Shawano, WI 54166.

This instrument secures the following promissory notes, assumption agreements and/or shared appreciation agreements (collectively called **"Note"**), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest |
|---|---|---|
| 12/18/2014 | $ 41,400.00 | 2.125% |
| 06/23/2014 | $ 40,000.00 | 2.125% |
| 06/23/2014 | $ 27,700.00 | 3.125% |
| 01/09/2014 | $ 31,500.00 | 1.875% |
| 01/09/2014 | $ 20,440.00 | 2.875% |
| 08/28/2012 | $ 28,750.00 | 2.250% |
| 08/11/2011 | $ 13,700.00 | 2.125% |
| 07/08/2011 | $ 48,610.00 | 3.750% |
| 09/08/2010 | $ 35,500.00 | 3.750% |
| 08/12/2009 | $ 35,000.00 | 2.500% |
| 08/12/2009 | $ 50,000.00 | 2.500% |
| 08/12/2009 | $ 1,211.91 | 3.750% |
| 08/12/2009 | $ 22,390.59 | 3.750% |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

*This Instrument Was Drafted By The United States Department Of Agriculture, Farm Service Agency*

Initial(s) _RJH_  Date _12/18/14_

FSA 2029 WI (07-15-14) Page 1 of 6

The U.S. Department of Agriculture (USDA) prohibits discrimination against its customers, employees, and applicants for employment on the bases of race, color, national origin, age, disability, sex, gender identity, religion, reprisal, and where applicable, political beliefs, marital status, familial or parental status, sexual orientation, or all or part of an individual's income is derived from any public assistance program, or protected genetic information in employment or in any program or activity conducted or funded by the Department. (Not all prohibited bases will apply to all programs and/or employment activities.) Persons with disabilities, who wish to file a program complaint, write to the address below or if you require alternative means of communication for program information (e.g., Braille, large print, audiotape, etc.) please contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). Individuals who are deaf, hard of hearing, or have speech disabilities and wish to file either an EEO or program complaint, please contact USDA through the Federal Relay Service at (800) 877-8339 or (800) 845-6136 (in Spanish).

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter by mail to U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov. USDA is an equal opportunity provider and employer.

Exhibit AM

Mortgage for Wisconsin (Continued)

DOC. #: 789919

By execution of this instrument, Borrower acknowledges receipt of all proceeds for the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the Note, and any other loan agreements.

In consideration of any loan made by the Government under the Consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq. as evidenced by the Note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Wisconsin, County of MARINETTE:
     **SEE ATTACHED LEGAL DESCRIPTION

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions that are now or hereafter included in, affixed, or attached to "**the property.**"

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1.    **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2.    **Fees.** Borrower shall pay to the Government such fees and other changes that may now or later be required by Government regulations.

3.    **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4.    **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5.    **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Initial(s) _RCH_   Date _12/18/14_

FSA 2029 WI (07-15-14) Page 2 of 6

DOC. # : 789919

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6.　　**Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. §4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7.　　**Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8.　　**Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the Note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

9.　　**Authorized purposes.** Borrower shall use the loan evidenced by the Note solely for purposes authorized by the Government.

10.　　**Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11.　　**Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12.　　**Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13.　　**Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14.　　**Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene,

Initial(s) _RH_　Date _12/18/14_
_NH_　　　_11/11_

FSA 2029 WI (07-15-14) Page 3 of 6

DOC. #: 789919

other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future

Initial(s) R.W.    Date 12/18/14       FSA 2029 WI (07-15-14) Page 4 of 6

DOC. #: 789919

regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants**. The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger**. If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence**. Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy**. Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law**. Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents**. Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rent. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds**. The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

Initial(s) _KCK_ Date _12-18/14_

Mortgage for Wisconsin (Continued)

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_____
JOSEPH ANDREW HALLADA

_____
ROBERTA JEAN HALLADA

STATE OF WISCONSIN
COUNTY OF SHAWANO } ss.

On this 18th day of DECEMBER 2014, before me, the undersigned, personally appeared Joseph Andrew Hallada and Roberta Jean Hallada, to be known to me to be same whose name is subscribed, to the foregoing instrument, and acknowledged that he/she signed and delivered the instrument as his/her free and voluntary acts, for the uses and purposes set forth.

My commission expires:  9-11-16

_____
LYNN M. SHALLOW                    NOTARY PUBLIC

Initial(s) RCH    Date 12/18/14
         JN          11/1/

FSA 2029 WI (07-15-14) Page 6 of 6

DOC. #: 789919

LEGAL DESCRIPTION FOR JOSEPH & ROBERTA HALLADA

The Southwest Quarter of the Northeast Quarter (SW ¼ - NE ¼)
Tax parcel no. 028-00428.000

The Northwest Quarter of the Southeast Quarter (NW ¼ - SE ¼)
Tax parcel no. 028-00433.000

The East half of the Southeast Quarter (E ½ - SE ¼)
Tax parcel no. 028-00432.000 and 028-00435.000

All in Section 31, T30N, R20E, Town of Pound, Marinette County, Wisconsin.


The Northwest Quarter of the Southwest Quarter (NW ¼ - SW ¼) of Section 28, T30N,
R20E, containing 40 acres more or less, according to Government Survey, But
**EXCEPTING THEREFROM** that part thereof described as: Beginning on the West line of
said forty, at a point 775 feet North From the Southwest corner thereof; thence East, at
right angles, 300 Feet; Thence North, at right angles, 270 feet; thence West, at right
angles, 300 Feet to the West line of said forty; thence South, on said West line, 270
Feet, to the point of beginning, situate in the Town of Pound, Marinette County,
Wisconsin.
Subject to existing highways, easement(s) and right of way(s) of record.
Tax parcel no. 028-00394.000

6

677871
Recorded
June 24, 2014 9:30 AM
ANNETTE BEHRINGER
REGISTER OF DEEDS
OCONTO COUNTY, WI
Pages: 6
Fee: $30.00

## MORTGAGE FOR WISCONSIN

| Document Number | Document Title |
|---|---|

**Name & Return Address:**
USDA FARM SERVICE AGENCY
P O BOX 15
OCONTO, WI 54153-0015

Form Approved - OMB No. 0560-0237
3-FLP, WI Par. 303A

NOTE: The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated there under, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service the loan, and conduct statistical analyses. Supplied information maybe furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted bylaw. In addition, information may be referred to interested parties under the Freedom of Information Act, to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction Act of 1995, an agency may not conductor sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

**Recording Area**
**Parcel Identification Number (PIN):**

020-060600111

THIS MORTGAGE ("**instrument**") is made June 23, 2014. The mortgagor is **JOSEPH ANDREW HALLADA AND ROBERTA JEAN HALLADA, husband and wife, as survivorship marital property** ("**Borrower**") whose mailing address is 9677 MIDWAY ROAD, COLEMAN, WI 54112,

This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("**Government**") located at 111 Arbutus Avenue, Oconto, WI 54153-0015.

This instrument secures the following promissory notes, assumption agreements and/or shared appreciation agreements (collectively called "**Note**"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate Interest |
|---|---|---|
| 06-23-2014 | 40,000.00 | 2.125 |
| 06-23-2014 | 27,700.00 | 3.125 |
| 01-09-2014 | 31,500.00 | 1.875 |
| 01-09-2014 | 20,440.00 | 2.875 |
| 08-28-2012 | 28,750.00 | 2.250 |
| 08-11-2011 | 13,700.00 | 2.125 |
| 07-08-2011 | 48,610.00 | 3.75 |
| 09-08-2010 | 35,500.00 | 3.750 |
| 08-12-2009 | 35,000.00 | 2.500 |
| 08-12-2009 | 50,000.00 | 2.500 |
| 08-12-2009 | 1,211.91 | 3.750 |
| 08-12-2009 | 22,390.59 | 3.750 |

*This Instrument Was Drafted By The United States Department Of Agriculture, Farm Service Agency*

Initial(s) _____ Date 6/23/14 _____

FSA 2029 WI (05-01-08) Page 1 of 6

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (Voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.

Exhibit AN

Mortgage for Wisconsin (Continued)

| Date of Instrument | Principal Amount | Annual Rate Interest |
|---|---|---|
| 08-12-2009 | 16,255.39 | 2.250 |
| 08-12-2009 | 59,921.65 | 2.250 |
| 08-12-2009 | 22,900.57 | 2.250 |
| 08-12-2009 | 41,137.15 | 2.250 |
| 08-12-2009 | 16,522.74 | 4.125 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all proceeds for the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the Note, and any other loan agreements.

In consideration of any loan made by the Government under the consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq. as evidenced by the Note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Wisconsin, County of <u>OCONTO:</u>

**The Northeast fractional Quarter (NE Frac'l ¼) of the Northeast Quarter (NE ¼) of Section Six (6), Township Twenty-nine (29) North, Range Twenty (20) East, Town of Lena, Oconto County, Wisconsin.**

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions that are now or hereafter included in, affixed, or attached to "**the property.**"

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2. **Fees.** Borrower shall pay to the Government such fees and other changes that may now or later be required by Government regulations.

3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

Initial(s) _____ Date _6/23/14_

FSA 2029 WI (05-01-08) Page 2 of 6

Mortgage for Wisconsin (Continued)

5.      **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6.      **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. §4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7.      **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8.      **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the Note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

9.      **Authorized purposes.** Borrower shall use the loan evidenced by the Note solely for purposes authorized by the Government.

10.     **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11.     **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12.     **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

Initial(s) _____ Date 6/23/14                                                    **FSA 2029 WI** (05-01-08) Page 3 of 6

Mortgage for Wisconsin (Continued)

13.    **Inspection**. At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14.    **Hazardous substances**. Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15.    **Adjustment; release; waiver; forbearance**. In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16.    **Graduation**. If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17.    **Forfeiture**. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18.    **False statement**. Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19.    **Cross Collateralization**. Default under this instrument shall constitute default under any other security instrument held by the Government and executed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20.    **Highly erodible land; wetlands**. Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21.    **Non-discrimination**. If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make

Initial(s) _____    Date 6/23/14                                                    FSA 2029 WI (05-01-08) Page 4 of 6

Mortgage for Wisconsin (Continued)

unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22.     **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23.     **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24.     **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower.  Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25.     **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26.     **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27.     **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28.     **State law.**  Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29.     **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the

Initial(s) ___  Date 6/23/14          FSA 2029 WI (05-01-08) Page 5 of 6

Mortgage for Wisconsin (Continued)

Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30.     **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, and (e) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_JOSEPH ANDREW HALLADA_                  _ROBERTA JEAN HALLADA_

**ACKNOWLEDGMENT FOR A HUSBAND/WIFE OR JOINT OPERATION**

STATE OF WISCONSIN
COUNTY OF OCONTO    } ss.

On this day 23rd of JUNE, 2014, before me, the undersigned, personally appeared JOSEPH ANDREW HALLADA AND ROBERTA JEAN HALLADA to be known to me to be same whose name is subscribed, to the foregoing instrument, and acknowledged that they signed and delivered the instrument as their free and voluntary acts, for the uses and purposes set forth.

My commission expires: 01-29-2017

_LORI A. SCHUBERT_
NOTARY PUBLIC

Initial(s) _____ Date 6/23/14                FSA 2029 WI (05-01-08) Page 6 of 6

DOC. #: 784912
RENEE MILLER
MARINETTE COUNTY
REGISTER OF DEEDS
June 24, 2014 3:24 PM
Fee Amount: $30.00

## MORTGAGE FOR WISCONSIN

| Document Number | Document Title |
|---|---|

**Name & Return Address:**
USDA FARM SERVICE AGENCY
P O BOX 15
OCONTO, WI 54153-0015

Form Approved - OMB No. 0560-0237
3-FLP, WI Par. 303A

NOTE: The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service the loan, and conduct statistical analyses. Supplied information maybe furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted bylaw. In addition, information may be referred to interested parties under the Freedom of Information Act, to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction Act of 1995, an agency may not conductor sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

**Recording Area**
Parcel Identification Number (PIN):
028-00394.000
028-00428.000
028-00432.000
028-00433.000
028-00435.000

THIS MORTGAGE ("instrument") is made June 23, 2014. The mortgagor is **JOSEPH ANDREW HALLADA AND ROBERTA JEAN HALLADA, husband and wife, as survivorship marital property** ("Borrower") whose mailing address is 9677 MIDWAY ROAD, COLEMAN, WI 54112.
This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government") located at 111 Arbutus Avenue, Oconto, WI 54153-0015.

This instrument secures the following promissory notes, assumption agreements and/or shared appreciation agreements (collectively called "Note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate Interest |
|---|---|---|
| 06-23-2014 | 40,000.00 | 2.125 |
| 06-23-2014 | 27,700.00 | 3.125 |
| 01-09-2014 | 31,500.00 | 1.875 |
| 01-09-2014 | 20,440.00 | 2.875 |
| 08-28-2012 | 28,750.00 | 2.250 |
| 08-11-2011 | 13,700.00 | 2.125 |
| 07-08-2011 | 48,610.00 | 3.75 |
| 09-08-2010 | 35,500.00 | 3.750 |
| 08-12-2009 | 35,000.00 | 2.500 |
| 08-12-2009 | 50,000.00 | 2.500 |
| 08-12-2009 | 1,211.91 | 3.750 |
| 08-12-2009 | 22,390.59 | 3.750 |
| 08-12-2009 | 16,255.39 | 2.250 |

*This Instrument Was Drafted By The United States Department Of Agriculture, Farm Service Agency*

Initial(s) _____ Date 6/23/14

FSA 2029 WI (05-01-08) Page 1 of 6

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (Voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.

Exhibit AO

Mortgage for Wisconsin (Continued)

DOC. #: 784912

| Date of Instrument | Principal Amount | Annual Rate Interest |
|---|---|---|
| 08-12-2009 | 59,921.65 | 2.250 |
| 08-12-2009 | 22,900.57 | 2.250 |
| 08-12-2009 | 41,137.15 | 2.250 |
| 08-12-2009 | 16,522.74 | 4.125 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all proceeds for the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the Note, and any other loan agreements.

In consideration of any loan made by the Government under the consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq. as evidenced by the Note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Wisconsin, County of <u>MARINETTE</u>

**The Southwest Quarter of the Northeast Quarter (SW ¼ - NE ¼) -Tax parcel no. 028-00428.000**
**The Northwest Quarter of the Southeast Quarter (NW ¼ - SE ¼) -Tax parcel no. 028-00433.000**
**The East half of the Southeast Quarter (E ½ - SE ¼) - Tax parcel no. 028-00432.000 and 028-00435.000**
**All in Section 31, T30N, R20E, Town of Pound, Marinette County, Wisconsin.**

**The Northwest Quarter of the Southwest Quarter (NW ¼ - SW ¼) of Section 28, T30N, R20E, containing 40 acres more or less, according to Government Survey, But EXCEPTING THEREFROM that part thereof described as: Beginning on the West line of said forty, at a point 775 feet North From the Southwest corner thereof; thence East, at right angles, 300 Feet; Thence North, at right angles, 270 feet; thence West, at right angles, 300 Feet to the West line of said forty; thence South, on said West line, 270 Feet, to the point of beginning, situate in the Town of Pound, Marinette County, Wisconsin.**
**Subject to existing highways, easement(s) and right of way(s) of record. Tax parcel no. 028-00394.000**

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1.      **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

Initial(s) _____ Date 6/23/14

FSA 2029 WI (05-01-08) Page 2 of 6

DOC. #: 784912

2.    **Fees.** Borrower shall pay to the Government such fees and other changes that may now or later be required by Government regulations.

3.    **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4.    **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5.    **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6.    **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. §4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7.    **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8.    **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement of or compliance with this instrument and the Note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

9.    **Authorized purposes.** Borrower shall use the loan evidenced by the Note solely for purposes authorized by the Government.

10.   **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d)

Initial(s) ___ Date 6/23/14

FSA 2029 WI (05-01-08) Page 3 of 6

DOC #: 784912

operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11.    **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12.    **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13.    **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14.    **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15.    **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16.    **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17.    **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18.    **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

Initial(s) _FH_    Date _6/23/14_

DOC. #: 784912

19.     **Cross Collateralization**. Default under this instrument shall constitute default under any other security instrument held by the Government and executed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20.     **Highly erodible land; wetlands**. Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21.     **Non-discrimination**. If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22.     **Notices**. Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23.     **Governing law; severability**. This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24.     **Successors and assigns; joint and several covenants**. The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower.  Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25.     **No merger**. If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26.     **Time is of the essence**. Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27.     **Default; death; incompetence; bankruptcy**. Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

Initial(s) _R.H._  Date _6/23/14_

_J.H._

28.     **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29.     **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30.     **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, and (e) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_JOSEPH ANDREW HALLADA_

_ROBERTA JEAN HALLADA_

## ACKNOWLEDGMENT FOR A HUSBAND/WIFE OR JOINT OPERATION

STATE OF WISCONSIN
COUNTY OF OCONTO     } ss.

On this day 23RD of JUNE, 2014, before me, the undersigned, personally appeared JOSEPH ANDREW HALLADA AND ROBERTA JEAN HALLADA to be known to me to be same whose name is subscribed, to the foregoing instrument, and acknowledged that they signed and delivered the instrument as their free and voluntary acts, for the uses and purposes set forth.

My commission expires:  01-29-2017

**LORI A. SCHUBERT**
NOTARY PUBLIC

Initial(s) _____  Date 6/23/14

Case 1:18-cv-00822   Filed 05/30/18   Page 6 of 6   Document 1-41

DOC. #: 784912

674341

**MORTGAGE FOR WISCONSIN**

Document Number        Document Title

**RECEIVED**

JAN 2 4 2014

OCONTO FSA OFFICE

Name & Return Address:
FARM SERVICE AGENCY
P. O. BOX 15
OCONTO, WI 54153

Form Approved - OMB No. 0560-0237
3-FLP, WI Subparagraph 91B, 398A
and WI Exhibit 3

NOTE: *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided. According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

**RECORDED**
9:30 O'CLOCK A M

JAN 1 4 2014
ANNETTE BEHRINGER
REGISTER OF DEEDS
OCONTO COUNTY, WI

30—

Recording Area

Parcel Identification Number
(PIN):

THIS MORTGAGE (**"instrument"**) is made **JANUARY 9, 2014**. The mortgagor is **JOSEPH ANDREW HALLADA and ROBERTA JEAN HALLADA, husband and wife as survivorship marital property ("Borrower")** whose mailing address is 9677 Midway Road, Coleman, WI 54112. This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of Agriculture (**"Government"**) located at 111 Arbutus Ave. Oconto, WI.

This instrument secures the following promissory notes, assumption agreements and/or shared appreciation agreements (collectively called **"Note"**), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate Interest |
|---|---|---|
| 01/09/2014 | $ 20,440.00 | 2.875% |
| 01/09/2014 | $ 31,500.00 | 1.875% |
| 08/28/2012 | $ 28,750.00 | 2.250% |
| 08/11/2011 | $ 13,700.00 | 2.125% |
| 07/08/2011 | $ 48,610.00 | 3.750% |
| 09/08/2010 | $ 35,500.00 | 3.750% |
| 08/12/2009 | $ 16,522.74 | 4.125% |
| 08/12/2009 | $ 41,137.15 | 2.250% |
| 08/12/2009 | $ 22,900.57 | 2.250% |
| 08/12/2009 | $ 59,921.65 | 2.250% |
| 08/12/2009 | $ 16,255.39 | 2.250% |
| 08/12/2009 | $ 22,390.59 | 3.750% |
| 08/12/2009 | $ 1,211.91 | 3.750% |
| 08/12/2009 | $ 50,000.00 | 2.500% |
| 08/12/2009 | $ 35,000.00 | 2.500% |

*This Instrument Was Drafted By The United States Department Of Agriculture, Farm Service Agency*

Initial(s) _JAH_ _RH_ Date _1/9/14_

FSA 2029 WI (07-14-2011) Page 1 of 6

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

**Exhibit AP**

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all proceeds for the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S. C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the Note, and any other loan agreements.

In consideration of any loan made by the Government under the consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq. as evidenced by the Note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Wisconsin, County of **OCONTO:**

    **SEE ATTACHED LEGAL

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions that are now or hereafter included in, affixed, or attached to **"the property."**

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1.    **Payment**. Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2.    **Fees**. Borrower shall pay to the Government such fees and other changes that may now or later be required by Government regulations.

3.    **Application of payments**. Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4.    **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5.    **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and

Initial(s) _____ Date _i/9/14_                                     **FSA 2029 WI** (07-14-2011) Page 2 of 6

from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6.    **Insurance**. Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. §4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7.    **Advances by Government**. The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8.    **Protection of lien**. Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the Note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

9.    **Authorized purposes**. Borrower shall use the loan evidenced by the Note solely for purposes authorized by the Government.

10.    **Repair and operation of property**. Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11.    **Legal compliance**. Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12.    **Transfer or encumbrance of property**. Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the

Initial(s) _____ Date _1/9/14_                          FSA 2029 WI (07-14-2011) Page 3 of 6

Mortgage for Wisconsin (Continued)

Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection**. At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances**. Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance**. In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend and defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation**. If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture**. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement**. Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross Collateralization**. Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

Initial(s) _____ Date 1/9/14

Mortgage for Wisconsin (Continued)

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c)

Initial(s) _R.A_ Date _1/9/14_

upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, and (e) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.


_Joseph Andrew Hallada_
JOSEPH ANDREW HALLADA

_Roberta Jean Hallada_
ROBERTA JEAN HALLADA


STATE OF WISCONSIN
COUNTY OF OCONTO   }ss.

On this 9th day of JANUARY, 2014, before me, the undersigned, personally appeared Joseph Andrew Hallada and Roberta Jean Hallada, to be known to me to be same whose name is subscribed, to the foregoing instrument, and acknowledged that he/she signed and delivered the instrument as his/her free and voluntary acts, for the uses and purposes set forth.

My commission expires: 09/11/16

_Lynn M. Shallow_
LYNN M. SHALLOW          NOTARY PUBLIC


Initial(s) _JH RH_ Date _1/9/14_

FSA 2029 WI (07-14-2011) Page 6 of 6

**JOSEPH ANDREW & ROBERTA JEAN HALLADA**

The Northeast Fractional Quarter of the Northeast Quarter (NE Frac'l ¼ - NE ¼) of Section 6, Township 29 North, Range 20 East, Town of Lena, Oconto County, Wisconsin.
Tax parcel: 020-060600111

DOC #: 781060
RENEE MILLER
MARINETTE COUNTY
REGISTER OF DEEDS
January 14, 2014 12:31 PM
Fee Amount: $30.00

## MORTGAGE FOR WISCONSIN

| **Document Number** | **Document Title** |
|---|---|

**Name & Return Address:**
FARM SERVICE AGENCY
P. O. BOX 15
OCONTO, WI 54153

Form Approved - OMB No. 0560-0237
3-FLP, WI Subparagraph 91B, 398A
and WI Exhibit 3

**NOTE:** *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided. According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

**Recording Area**

**Parcel Identification Number (PIN):**

THIS MORTGAGE (**"Instrument"**) is made **JANUARY 9, 2014.** The mortgagor is **JOSEPH ANDREW HALLADA and ROBERTA JEAN HALLADA, husband and wife as survivorship marital property** (**"Borrower"**) whose mailing address is 9677 Midway Road, Coleman, WI 54112. This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of Agriculture (**"Government"**) located at 111 Arbutus Ave. Oconto, WI.

This instrument secures the following promissory notes, assumption agreements and/or shared appreciation agreements (collectively called **"Note"**), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate Interest |
|---|---|---|
| 01/09/2014 | $ 20,440.00 | 2.875% |
| 01/09/2014 | $ 31,500.00 | 1.875% |
| 08/28/2012 | $ 28,750.00 | 2.250% |
| 08/11/2011 | $ 13,700.00 | 2.125% |
| 07/08/2011 | $ 48,610.00 | 3.750% |
| 09/08/2010 | $ 35,500.00 | 3.750% |
| 08/12/2009 | $ 16,522.74 | 4.125% |
| 08/12/2009 | $ 41,137.15 | 2.250% |
| 08/12/2009 | $ 22,900.57 | 2.250% |
| 08/12/2009 | $ 59,921.65 | 2.250% |
| 08/12/2009 | $ 16,255.39 | 2.250% |
| 08/12/2009 | $ 22,390.59 | 3.750% |
| 08/12/2009 | $ 1,211.91 | 3.750% |
| 08/12/2009 | $ 50,000.00 | 2.500% |
| 08/12/2009 | $ 35,000.00 | 2.500% |

*This Instrument Was Drafted By The United States Department Of Agriculture, Farm Service Agency*

Initial(s) __JH__ __RH__ Date _1/9/14_

FSA 2029 WI (07-14-2011) Page 1 of 6

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish-relay). USDA is an equal opportunity provider and employer.

Exhibit AQ

DOC. # 781060

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)
By execution of this instrument, Borrower acknowledges receipt of all proceeds for the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S. C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the Note, and any other loan agreements.

In consideration of any loan made by the Government under the consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq. as evidenced by the Note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Wisconsin, County of **MARINETTE:**
  **SEE ATTACHED LEGAL

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions that are now or hereafter included in, affixed, or attached to "**the property.**"

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2. **Fees.** Borrower shall pay to the Government such fees and other changes that may now or later be required by Government regulations.

3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and

Initial(s) _____ Date 1/9/14

DOC. #: 781060

from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6.     **Insurance**. Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. §4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7.     **Advances by Government**. The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8.     **Protection of lien**. Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement of or compliance with this instrument and the Note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

9.     **Authorized purposes**. Borrower shall use the loan evidenced by the Note solely for purposes authorized by the Government.

10.     **Repair and operation of property**. Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11.     **Legal compliance**. Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12.     **Transfer or encumbrance of property**. Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the

Initial(s) _____ R H Date 1 9 14
                J H

DOC. #: 781060

Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13.    **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14.    **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15.    **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the loan, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16.    **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17.    **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18.    **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19.    **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

Initial(s) _RCW_ Date _1/9/14_

FSA 2029 WI (07-14-2011) Page 4 of 6

20.    **Highly erodible land; wetlands**. Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21.    **Non-discrimination**. If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22.    **Notices**. Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23.    **Governing law; severability**. This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24.    **Successors and assigns; joint and several covenants**. The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25.    **No merger**. If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26.    **Time is of the essence**. Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27.    **Default; death; incompetence; bankruptcy**. Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c)

DOC. #: 781060

Mortgage for Wisconsin (Continued)

upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28.     **State law.**  Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29.     **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30.     **Application of foreclosure proceeds**. The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, and (e) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_____
JOSEPH ANDREW HALLADA

_____
ROBERTA JEAN HALLADA

STATE OF WISCONSIN
COUNTY OF OCONTO   } ss.

On this 9th day of JANUARY 2014, before me, the undersigned, personally appeared Joseph Andrew Hallada and Roberta Jean Hallada, to be known to me to be same whose name is subscribed, to the foregoing instrument, and acknowledged that he/she signed and delivered the instrument as his/her free and voluntary acts, for the uses and purposes set forth.

My commission expires: 09/11/16

_____
LYNN M. SHALLOW          NOTARY PUBLIC

Initial(s) _____ RH Date 1/9/14
          JH

FSA 2029 WI (07-14-2011) Page 6 of 6

Case 1:18-cv-00822   Filed 05/30/18   Page 6 of 7   Document 1-43

DOC. #: 781060

## LEGAL DESCRIPTION FOR JOSEPH & ROBERTA HALLADA

The Southwest Quarter of the Northeast Quarter (SW ¼ - NE ¼)
Tax parcel no. 028-00428.000

The Northwest Quarter of the Southeast Quarter (NW ¼ - SE ¼)
Tax parcel no. 028-00433.000

The East half of the Southeast Quarter (E ½ - SE ¼)
Tax parcel no. 028-00432.000 and 028-00435.000

All in Section 31, T30N, R20E, Town of Pound, Marinette County, Wisconsin.

The Northwest Quarter of the Southwest Quarter (NW ¼ - SW ¼) of Section 28, T30N, R20E, containing 40 acres more or less, according to Government Survey, But **EXCEPTING THEREFROM** that part thereof described as:  Beginning on the West line of said forty, at a point 775 feet North From the Southwest corner thereof; thence East, at right angles, 300 Feet; Thence North, at right angles, 270 feet; thence West, at right angles, 300 Feet to the West line of said forty; thence South, on said West line, 270 Feet, to the point of beginning, situate in the Town of Pound, Marinette County, Wisconsin.
Subject to existing highways, easement(s) and right of way(s) of record.
Tax parcel no. 028-00394.000

| Document Number | Document Title |
|---|---|

**Name & Return Address:**
FARM SERVICE AGENCY
P. O. BOX 15
OCONTO, WI 54153

Form Approved - OMB No. 0560-0237
3-FLP, WI Subparagraph 91B, 398A
and WI Exhibit 3

**RECORDED**
9:30 O'CLOCK A_M

AUG 3 0 2012

LORALEE LASLEY
REGISTER OF DEEDS
OCONTO COUNTY, WI

30 —

**NOTE:** *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided. According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

**Recording Area**

**Parcel Identification Number (PIN):**

THIS MORTGAGE (**"instrument"**) is made **AUGUST 28, 2012**. The mortgagor is **JOSEPH ANDREW HALLADA and ROBERTA JEAN HALLADA, husband and wife as survivorship marital property** (**"Borrower"**) whose mailing address is 9677 Midway Rd., Coleman, WI 54112. This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of Agriculture (**"Government"**) located at 111 Arbutus Ave. Oconto, WI.

This instrument secures the following promissory notes, assumption agreements and/or shared appreciation agreements (collectively called **"Note"**), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate Interest |
|---|---|---|
| 08/28/2012 | $ 28,750.00 | 2.250% |
| 08/11/2011 | $ 13,700.00 | 2.125% |
| 07/08/2011 | $ 48,610.00 | 3.750% |
| 09/08/2010 | $ 35,500.00 | 2.500% |
| 08/12/2009 | $ 35,000.00 | 2.500% |
| 08/12/2009 | $ 50,000.00 | 3.750% |
| 08/12/2009 | $ 1,211.91 | 3.750% |
| 08/12/2009 | $ 22,390.59 | 2.250% |
| 08/12/2009 | $ 16,255.39 | 2.250% |
| 08/12/2009 | $ 59,921.65 | 2.250% |
| 08/12/2009 | $ 22,900.57 | 2.250% |
| 08/12/2009 | $ 41,137.15 | 2.250% |
| 08/12/2009 | $ 16,522.74 | 4.125% |

*This Instrument Was Drafted By The United States Department Of Agriculture, Farm Service Agency*

Initial(s) _____ Date 8/28/12

FSA 2029 WI (07-14-2011) Page 1 of 7

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

**Exhibit AR**

Mortgage for Wisconsin (Continued)

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all proceeds for the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the Note, and any other loan agreements.

In consideration of any loan made by the Government under the consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq. as evidenced by the Note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Wisconsin, County of **OCONTO:**

   The Northeast Fractional Quarter of the Northeast Quarter (NE Frac'l ¼ - NE ¼) of Section 6, Township 29 North,  Range 20 East, Town of Lena, Oconto County, Wisconsin.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions that are now or hereafter included in, affixed, or attached to "**the property**."

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record.  Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.**  Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2. **Fees.**  Borrower shall pay to the Government such fees and other changes that may now or later be required by Government regulations.

3. **Application of payments.**  Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4. **Taxes, liens, etc.**  Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

Initial(s) _____ Date_____ 8/28/12

FSA 2029 WI (07-14-2011) Page 2 of 7

taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6.  **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. §4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7.  **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8.  **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the Note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

9.  **Authorized purposes.** Borrower shall use the loan evidenced by the Note solely for purposes authorized by the Government.

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

Initial(s) _RH_  Date _8/28/12_

Mortgage for Wisconsin (Continued)

12.    **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13.    **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14.    **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15.    **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16.    **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17.    **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18.    **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

Initial(s) _____    Date ____8/88/12____

Mortgage for Wisconsin (Continued)

19. **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

Initial(s) _____ Date 8/28/12

FSA 2029 WI (07-14-2011) Page 5 of 7

Mortgage for Wisconsin (Continued)

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27.    **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28.    **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29.    **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30.    **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, and (e) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

Initial(s) _____ Date _____

8/28/12

FSA 2029 WI (07-14-2011) Page 6 of 7

Mortgage for Wisconsin (Continued)

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.


_____
JOSEPH ANDREW HALLADA

_____
ROBERTA JEAN HALLADA

STATE OF WISCONSIN
COUNTY OF OCONTO } ss.

On this 28th day of AUGUST 2012, before me, the undersigned, personally appeared Joseph A. Hallada and Roberta J. Hallada, to be known to me to be same whose name is subscribed, to the foregoing instrument, and acknowledged that he/she signed and delivered the instrument as his/her free and voluntary acts, for the uses and purposes set forth.

My commission expires: 9-30-12

_____
LYNN M. SHALLOW          NOTARY PUBLIC

Initial(s) _____  Date _____   8/28/12

FSA 2029 WI (07-14-2011) Page 7 of 7

DOC. #: 767228

RENEE MILLER
MARINETTE COUNTY
REGISTER OF DEEDS
Aug. 30, 2012 AT 11:27:35AM
Fee Amount:        $30.00

## MORTGAGE FOR WISCONSIN

| Document Number | Document Title |
|---|---|
| **Name & Return Address:**<br>FARM SERVICE AGENCY<br>P. O. BOX 15<br>OCONTO, WI 54153 | Form Approved - OMB No. 0560-0237<br>3-FLP, WI Subparagraph 91B, 398A<br>and WI Exhibit 3 |

**NOTE:** *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided. According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.* **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

**Recording Area**

**Parcel Identification Number (PIN):**

THIS MORTGAGE (**"instrument"**) is made **AUGUST 28, 2012**. The mortgagor is **JOSEPH ANDREW HALLADA and ROBERTA JEAN HALLADA, husband and wife as survivorship marital property ("Borrower")** whose mailing address is 9677 Midway Rd., Coleman, WI 54112. This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of Agriculture (**"Government"**) located at 111 Arbutus Ave. Oconto, WI.

This instrument secures the following promissory notes, assumption agreements and/or shared appreciation agreements (collectively called **"Note"**), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate Interest |
|---|---|---|
| 08/28/2012 | $ 28,750.00 | 2.250% |
| 08/11/2011 | $ 13,700.00 | 2.125% |
| 07/08/2011 | $ 48,610.00 | 3.750% |
| 09/08/2010 | $ 35,500.00 | 2.500% |
| 08/12/2009 | $ 35,000.00 | 2.500% |
| 08/12/2009 | $ 50,000.00 | 3.750% |
| 08/12/2009 | $  1,211.91 | 3.750% |
| 08/12/2009 | $ 22,390.59 | 2.250% |
| 08/12/2009 | $ 16,255.39 | 2.250% |
| 08/12/2009 | $ 59,921.65 | 2.250% |
| 08/12/2009 | $ 22,900.57 | 2.250% |
| 08/12/2009 | $ 41,137.15 | 2.250% |
| 08/12/2009 | $ 16,522.74 | 4.125% |

*This Instrument Was Drafted By The United States Department Of Agriculture, Farm Service Agency*

Initial(s) _____ Date _8/28/12_

FSA 2029 WI (07-14-2011) Page 1 of 7

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

**Exhibit AS**

Mortgage for Wisconsin (Continued)

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)
By execution of this instrument, Borrower acknowledges receipt of all proceeds for the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S. C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the Note, and any other loan agreements.

In consideration of any loan made by the Government under the consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq. as evidenced by the Note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Wisconsin, County of **MARINETTE:**
 **See attached legal description

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions that are now or hereafter included in, affixed, or attached to **"the property."**

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1.  **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2.  **Fees.** Borrower shall pay to the Government such fees and other changes that may now or later be required by Government regulations.

3.  **Application of payments**. Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4.  **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5.  **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or

Initial(s) _IH_   Date _8/28/12_     FSA 2029 WI (07-14-2011) Page 2 of 7

taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. §4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the Note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

9. **Authorized purposes.** Borrower shall use the loan evidenced by the Note solely for purposes authorized by the Government.

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

Initial(s) _____ Date _____    8/28/12

FSA 2029 WI (07-14-2011) Page 3 of 7

Case 1:18-cv-00822   Filed 05/30/18   Page 3 of 8   Document 1-45

12. **Transfer or encumbrance of property**. Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection**. At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances**. Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance**. In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation**. If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture**. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement**. Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

Initial(s) _RH_ Date _8/28/12_

FSA 2029 WI (07-14-2011) Page 4 of 7

19.     **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20.     **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21.     **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22.     **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23.     **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24.     **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25.     **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26.     **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

Initial(s) _____ Date _____   8/28/12

Case 1:18-cv-00822   Filed 05/30/18   Page 5 of 8   Document 1-45

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, and (e) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

Initial(s) _____ Date _____ 8/28/12

FSA 2029 WI (07-14-2011) Page 6 of 7

Mortgage for Wisconsin (Continued)

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

DOC.# 757288

_Joseph Andrew Hallada_
JOSEPH ANDREW HALLADA

_Roberta Jean Hallada_
ROBERTA JEAN HALLADA

STATE OF WISCONSIN
COUNTY OF OCONTO   } ss.

On this 28th day of AUGUST 2012, before me, the undersigned, personally appeared Joseph A. Hallada and Roberta J. Hallada, to be known to me to be same whose name is subscribed, to the foregoing instrument, and acknowledged that he/she signed and delivered the instrument as his/her free and voluntary acts, for the uses and purposes set forth.

My commission expires: 9-30-12

_Lynn M. Shallow_
LYNN M. SHALLOW          NOTARY PUBLIC

_JH_
_RH_        8/28/12
Initial(s) _____ Date_____

FSA 2029 WI (07-14-2011) Page 7 of 7

## LEGAL DESCRIPTION FOR JOSEPH & ROBERTA HALLADA

The Southwest Quarter of the Northeast Quarter  (SW ¼ - NE ¼)
Tax parcel no. 028-00428.000

The Northwest Quarter of the Southeast Quarter (NW ¼ - SE ¼)
Tax parcel no. 028-00433.000

The East half of the Southeast Quarter (E ½ - SE ¼)
Tax parcel no. 028-00432.000 and 028-00435.000

All in Section 31, T30N, R20E, Town of Pound, Marinette County, Wisconsin.

The Northwest Quarter of the Southwest Quarter (NW ¼ - SW ¼)  of Section 28, T30N, R20E, containing 40 acres more or less, according to Government Survey, But **EXCEPTING THEREFROM** that part thereof described as:  Beginning on the West line of said forty, at a point 775 feet North From the Southwest corner thereof; thence East, at right angles, 300 Feet; Thence North, at right angles, 270 feet; thence West, at right angles,  300 Feet to the West line of said forty; thence South, on said West line, 270 Feet, to the point of beginning, situate in the Town of Pound, Marinette County, Wisconsin.
Subject to existing highways, easement(s) and right of way(s) of record.
Tax parcel no. 028-00394.000

R H   8/28/12

## MORTGAGE FOR WISCONSIN

| Document Number | Document Title |
|---|---|
| **Name & Return Address:**<br>**FARM SERVICE AGENCY**<br>**P. O. Box 15**<br>**Oconto, WI 54153** | Form Approved - OMB No. 0560-0237<br>3-FLP, WI Par. 303A |

**NOTE:** The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service the loan, and conduct statistical analyses. Supplied information maybe furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted bylaw. In addition, information may be referred to interested parties under the Freedom of Information Act, to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA of that Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction Act of 1995, an agency may not conductor sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

**Recording Area**
**Parcel Identification Number (PIN)**

THIS MORTGAGE (**"instrument"**) is made **AUGUST 11, 2011.** The mortgagor is **JOSEPH ANDREW HALLADA and ROBERTA JEAN HALLADA ("Borrower")** whose mailing address is **9677 Midway Rd., Coleman, WI 54112.** This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of Agriculture (**"Government"**) located at 111 Arbutus Ave., Oconto, WI 54153.

This instrument secures the following promissory notes, assumption agreements and/or shared appreciation agreements (collectively called **"Note"**), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate Interest |
|---|---|---|
| 08/11/2011 | $ 13,700.00 | 2.125% |
| 07/08/2011 | $ 48,610.00 | 3.750% |
| 09/08/2010 | $ 35,500.00 | 2.500% |
| 08/12/2009 | $ 35,000.00 | 2.500% |
| 08/12/2009 | $ 50,000.00 | 3.750% |
| 08/12/2009 | $ 1,211.91 | 3.750% |
| 08/12/2009 | $ 22,390.59 | 2.250% |
| 08/12/2009 | $ 16,255.39 | 2.250% |
| 08/12/2009 | $ 59,921.65 | 2.250% |
| 08/12/2009 | $ 22,900.57 | 2.250% |
| 08/12/2009 | $ 41,137.15 | 2.250% |
| 08/12/2009 | $ 16,522.74 | 4.125% |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

*This Instrument Was Drafted By The United States Department Of Agriculture, Farm Service Agency*

Initial(s) _RH_ _JH_  Date _8/11/11_     **FSA 2029 WI** (05-01-08) Page 1 of 6

USDA is an equal opportunity provider and employer.

By execution of this instrument, Borrower acknowledges receipt of all proceeds for the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S. C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the Note, and any other loan agreements.

In consideration of any loan made by the Government under the consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq. as evidenced by the Note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Wisconsin, County of **MARINETTE:**

**SEE ATTACHED LEGAL DESCRIPTION**

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions that are now or hereafter included in, affixed, or attached to **"the property."**

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2. **Fees.** Borrower shall pay to the Government such fees and other changes that may now or later be required by Government regulations.

3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Initial(s) _JH_   Date _8/11/11_                                      FSA 2029 WI (05-01-08) Page 2 of 6

DOC #: 755205

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6.  **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. §4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7.  **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8.  **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the Note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

9.  **Authorized purposes.** Borrower shall use the loan evidenced by the Note solely for purposes authorized by the Government.

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

Initial(s) _PH_ Date _8/11/11_
_JH_ _8/11/11_

FSA 2029 WI (05-01-08) Page 3 of 6

Case 1:18-cv-00822   Filed 05/30/18   Page 3 of 7   Document 1-46

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower

Initial(s) _RH_ _LH_  Date _8/11/11_

FSA 2029 WI (05-01-08) Page 4 of 6

nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

Initial(s) _R &J_ _JH_  Date _8/11/11_

29.     **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30.     **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, and (e) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.


_JOSEPH ANDREW HALLADA_
JOSEPH ANDREW HALLADA

_Roberta Jean Hallada_
ROBERTA JEAN HALLADA


STATE OF WISCONSIN
COUNTY OF OCONTO   } ss.

On this 8th day of JULY 2011, before me, the undersigned, personally appeared Joseph A. Hallada and Roberta J. Hallada, to be known to me to be same whose name is subscribed, to the foregoing instrument, and acknowledged that he/she signed and delivered the instrument as his/her free and voluntary acts, for the uses and purposes set forth.


My commission expires: 09/30/2012

_Lynn M. Shallow_
LYNN M. SHALLOW, NOTARY PUBLIC


Initial(s) _JH_   Date _8/11/11_

**JOSEPH ANDREW & ROBERTA JEAN HALLADA**
**MARINETTE COUNTY**

The Southwest Quarter of the Northeast Quarter  (SW ¼ - NE ¼)
The Northwest Quarter of the Southeast Quarter (NW ¼ - SE ¼)
The East half of the Southeast Quarter (E ½ - SE ¼)
All in Section 31, T30N, R20E, Marinette County, Wisconsin.

The Northwest Quarter of the Southwest Quarter (NW ¼ - SW ¼)  of Section 28, T30N, R20E, containing 40 acres more or less, according to Government Survey, But **EXCEPTING THEREFROM** that part thereof described as:   Beginning on the West line of said forty, at a point 775 feet North From the Southwest corner thereof; thence East, at right angles, 300 Feet; Thence North, at right angles, 270 feet; thence West, at right angles,  300 Feet to the West line of said forty; thence South, on said West line, 270 Feet, to the point of beginning, situate in the Town of Pound, Marinette County, Wisconsin.
Subject to existing highways, easement(s) and right of way(s) of record.

648564

**MORTGAGE FOR WISCONSIN**

Document Number      Document Title

Name & Return Address:
**FARM SERVICE AGENCY**
**P. O. Box 15**
**Oconto, WI 54153**

Form Approved - OMB No. 0560-0237
3-FLP, WI Par. 303A

**NOTE:** The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service the loan, and conduct statistical analyses. Supplied information maybe furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted bylaw. In addition, information may be referred to interested parties under the Freedom of Information Act, to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA of the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction Act of 1995, an agency may not conductor sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

VOL 1546 PAGE 783

**RECORDED**
9:30 O'CLOCK A M

AUG 12 2011

LORALEE LASLEY
REGISTER OF DEEDS
OCONTO COUNTY, WI

30

**Recording Area**
**Parcel Identification Number (PIN)**

THIS MORTGAGE (**"instrument"**) is made AUGUST 11, 2011. The mortgagor is **JOSEPH ANDREW HALLADA and ROBERTA JEAN HALLADA ("Borrower")** whose mailing address is **9677 Midway Rd., Coleman, WI 54112**. This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of Agriculture (**"Government"**) located at 111 Arbutus Ave., Oconto, WI 54153.

This instrument secures the following promissory notes, assumption agreements and/or shared appreciation agreements (collectively called **"Note"**), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate Interest |
|---|---|---|
| 08/11/2011 | $ 13,700.00 | 2.125% |
| 07/08/2011 | $ 48,610.00 | 3.750% |
| 09/08/2010 | $ 35,500.00 | 2.500% |
| 08/12/2009 | $ 35,000.00 | 2.500% |
| 08/12/2009 | $ 50,000.00 | 3.750% |
| 08/12/2009 | $ 1,211.91 | 3.750% |
| 08/12/2009 | $ 22,390.59 | 2.250% |
| 08/12/2009 | $ 16,255.39 | 2.250% |
| 08/12/2009 | $ 59,921.65 | 2.250% |
| 08/12/2009 | $ 22,900.57 | 2.250% |
| 08/12/2009 | $ 41,137.15 | 2.250% |
| 08/12/2009 | $ 16,522.74 | 4.125% |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

*This Instrument Was Drafted By The United States Department Of Agriculture, Farm Service Agency*

Initial(s) _JH_    Date _8/11/11_

FSA 2029 WI (05-01-08) Page 1 of 6

USDA is an equal opportunity provider and employer.

**Exhibit AU**

By execution of this instrument, Borrower acknowledges receipt of all proceeds for the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S. C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the Note, and any other loan agreements.

In consideration of any loan made by the Government under the consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq. as evidenced by the Note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Wisconsin, County of **OCONTO:**

The Northeast Fractional Quarter of the Northeast Quarter (NE Frac'l ¼ - NE ¼) of Section Six (6), Township Twenty-nine (29) North,  Range Twenty (20) East, Town of Lena, Oconto County, Wisconsin.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions that are now or hereafter included in, affixed, or attached to "**the property.**"

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record.  Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1.    **Payment.**  Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2.    **Fees.**  Borrower shall pay to the Government such fees and other changes that may now or later be required by Government regulations.

3.    **Application of payments.**  Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4.    **Taxes, liens, etc.**  Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5.    **Assignment.**  Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any

Initial(s) _JW RR_ Date _8/11/11_             FSA 2029 WI (05-01-08) Page 2 of 6

extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6.  **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. §4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7.  **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8.  **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the Note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

9.  **Authorized purposes.** Borrower shall use the loan evidenced by the Note solely for purposes authorized by the Government.

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

Initial(s) _____ Date 8/11/11          FSA 2029 WI (05-01-08) Page 3 of 6

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government – whether once or often – in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and

Initial(s) _____ Date 8/11/11

if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge,

Initial(s) _SH_ _RH_ Date _8/11/11_

FSA 2029 WI (05-01-08) Page 5 of 6

as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29.     **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30.     **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, and (e) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_Joseph Andrew Hallada_
JOSEPH ANDREW HALLADA

_Roberta Jean Hallada_
ROBERTA JEAN HALLADA

STATE OF WISCONSIN
COUNTY OF OCONTO, } ss.

On this 8th day of JULY 2011, before me, the undersigned, personally appeared Joseph A. Hallada and Roberta J. Hallada, to be known to me to be same whose name is subscribed, to the foregoing instrument, and acknowledged that he/she signed and delivered the instrument as his/her free and voluntary acts/for the uses and purposes set forth.

_Lynn M. Shallow_
LYNN M. SHALLOW, NOTARY PUBLIC

My commission expires: 09/30/2012

Initial(s) _JH  RH_   Date _8/11/11_

FSA 2029 WI (05-01-08) Page 6 of 6

# MORTGAGE FOR WISCONSIN

| Document Number | Document Title |
|---|---|

**Name & Return Address:**
FARM SERVICE AGENCY
P. O. Box 15
Oconto, WI 54153

Form Approved - OMB No. 0560-0237
3-FLP, WI Par. 303A

July 14,2011 AT 03:45:19PM
Fee Amount:        $30.00

NOTE: The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service the loan, and conduct statistical analyses. Supplied information maybe furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted bylaw. In addition, information may be referred to interested parties under the Freedom of Information Act, to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA of the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.
According to the Paperwork Reduction Act of 1995, an agency may not conductor sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

**Recording Area**
**Parcel Identification Number (PIN)**

THIS MORTGAGE (**"instrument"**) is made **JULY 8, 2011**. The mortgagor is **JOSEPH ANDREW HALLADA and ROBERTA JEAN HALLADA ("Borrower")** whose mailing address is **9677 Midway Rd., Coleman, WI 54112**. This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of Agriculture (**"Government"**) located at 111 Arbutus Ave., Oconto, WI 54153.

This instrument secures the following promissory notes, assumption agreements and/or shared appreciation agreements (collectively called **"Note"**), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate Interest |
|---|---|---|
| 07/08/2011 | $ 48,610.00 | 3.750% |
| 09/08/2010 | $ 35,500.00 | 2.500% |
| 08/12/2009 | $ 35,000.00 | 2.500% |
| 08/12/2009 | $ 50,000.00 | 3.750% |
| 08/12/2009 | $ 1,211.91 | 3.750% |
| 08/12/2009 | $ 22,390.59 | 2.250% |
| 08/12/2009 | $ 16,255.39 | 2.250% |
| 08/12/2009 | $ 59,921.65 | 2.250% |
| 08/12/2009 | $ 22,900.57 | 2.250% |
| 08/12/2009 | $ 41,137.15 | 2.250% |
| 08/12/2009 | $ 16,522.74 | 4.125% |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all proceeds for the loan or loans evidenced by the above note.

*This Instrument Was Drafted By The United States Department Of Agriculture, Farm Service Agency*

Initial(s) _____  Date _7/8/11_
_7/8/11_

USDA is an equal opportunity provider and employer.

**FSA 2029 WI** (05-01-08) Page 1 of 6

AUG 12 2011

Case 1:18-cv-00822   Filed 05/30/18   Page 1 of 6   Document 1-48   Exhibit AV

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S. C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the Note, and any other loan agreements.

In consideration of any loan made by the Government under the consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq. as evidenced by the Note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Wisconsin, County of **MARINETTE:**

The Southwest Quarter of the Northeast Quarter (SW ¼ - NE ¼); The Northwest Quarter of the Southeast Quarter (NW ¼ - SE ¼); The East half of the Southeast Quarter (E ½ - SE ¼) All in Section 31, T30N, R20E, Marinette County, Wisconsin.
   The Northwest Quarter of the Southwest Quarter (NW ¼ - SW ¼)  of Section 28, T30N, R20E, containing 40 acres more or less, according to Government Survey, But **EXCEPTING THEREFROM** that part thereof described as:  Beginning on the West line of said forty, at a point 775 feet North From the Southwest corner thereof; thence East, at right angles, 300 Feet; Thence North, at right angles, 270 feet; thence West, at right angles,  300 Feet to the West line of said forty; thence South, on said West line, 270 Feet, to the point of beginning, situate in the Town of Pound, Marinette County, Wisconsin.
Subject to existing highways, easement(s) and right of way(s) of record.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions that are now or hereafter included in, affixed, or attached to "**the property.**"

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record.  Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1.    **Payment**. Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2.    **Fees.** Borrower shall pay to the Government such fees and other changes that may now or later be required by Government regulations.

3.    **Application of payments**. Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4.    **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5.    **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or

Initial(s) _____ Date _____

Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6.     **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. §4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7.     **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8.     **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the Note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

9.     **Authorized purposes.** Borrower shall use the loan evidenced by the Note solely for purposes authorized by the Government.

10.    **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11.    **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12.    **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

Initial(s) _____ Date _____

13. **Inspection**. At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances**. Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance**. In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation**. If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture**. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement**. Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross Collateralization**. Default under this instrument shall constitute default under any other security instrument held by the Government and executed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands**. Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

Initial(s) _LN_  Date _7/8/11_

_RH_  _7/8/11_

21.     **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22.     **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23.     **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24.     **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25.     **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26.     **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27.     **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28.     **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c)

Initial(s) _____ Date _____

R H     7/8/11

prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29.     **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30.     **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, and (e) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_Joseph Andrew Hallada_
JOSEPH ANDREW HALLADA

_Roberta Jean Hallada_
ROBERTA JEAN HALLADA

STATE OF WISCONSIN
COUNTY OF OCONTO   } ss.

On this 8th day of JULY 2011, before me, the undersigned, personally appeared Joseph A. Hallada and Roberta J. Hallada, to be known to me to be same whose name is subscribed, to the foregoing instrument, and acknowledged that he/she signed and delivered the instrument as his/her free and voluntary acts, for the uses and purposes set forth.

My commission expires: 09/30/2012

_Lynn M. Shallow_
LYNN M. SHALLOW, NOTARY PUBLIC

Initial(s) _JAH_    Date _7/8/11_

FSA 2029 WI (05-01-08) Page 6 of 6

**647815**

## MORTGAGE FOR WISCONSIN

| Document Number | Document Title |
|---|---|

VOL. **1543** PAGE **843**

**RECORDED**

9:30 O'CLOCK A M

JUL 1 4 2011

LORALEE LASLEY
REGISTER OF DEEDS
OCONTO COUNTY, WI

**Name & Return Address:**
**FARM SERVICE AGENCY**
**P. O. Box 15**
**Oconto, WI 54153**

Form Approved - OMB No. 0560-0237
3-FLP, WI Par. 303A

NOTE: The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information provided on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service the loan, and conduct statistical analyses. Supplied information maybe furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted bylaw. In addition, information may be referred to interested parties under the Freedom of Information Act, to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA of the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction Act of 1995, an agency may not conductor sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

**Recording Area**
**Parcel Identification Number (PIN)**

THIS MORTGAGE (**"instrument"**) is made JULY 8, 2011. The mortgagor is **JOSEPH ANDREW HALLADA and ROBERTA JEAN HALLADA ("Borrower")** whose mailing address is **9677 Midway Rd., Coleman, WI 54112.** This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of Agriculture (**"Government"**) located at 111 Arbutus Ave., Oconto, WI 54153.

This instrument secures the following promissory notes, assumption agreements and/or shared appreciation agreements (collectively called **"Note"**), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate Interest |
|---|---|---|
| 07/08/2011 | $ 48,610.00 | 3.750% |
| 09/08/2010 | $ 35,500.00 | 2.500% |
| 08/12/2009 | $ 35,000.00 | 2.500% |
| 08/12/2009 | $ 50,000.00 | 3.750% |
| 08/12/2009 | $ 1,211.91 | 3.750% |
| 08/12/2009 | $ 22,390.59 | 2.250% |
| 08/12/2009 | $ 16,255.39 | 2.250% |
| 08/12/2009 | $ 59,921.65 | 2.250% |
| 08/12/2009 | $ 22,900.57 | 2.250% |
| 08/12/2009 | $ 41,137.15 | 2.250% |
| 08/12/2009 | $ 16,522.74 | 4.125% |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all proceeds for the loan or loans evidenced by the above note.

*This Instrument Was Drafted By The United States Department Of Agriculture, Farm Service Agency*

Initial(s) _____ Date _____

FSA 2029 WI (05-01-08) Page 1 of 6

USDA is an equal opportunity provider and employer.

**Exhibit AW**

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the Note, and any other loan agreements.

In consideration of any loan made by the Government under the consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq. as evidenced by the Note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Wisconsin, County of **OCONTO**:

The Northeast Fractional Quarter of the Northeast Quarter (NE Frac'l ¼ - NE ¼) of Section Six (6), Township Twenty-nine (29) North, Range Twenty (20) East, Town of Lena, Oconto County, Wisconsin.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions that are now or hereafter included in, affixed, or attached to "**the property.**"

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1.  **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2.  **Fees.** Borrower shall pay to the Government such fees and other changes that may now or later be required by Government regulations.

3.  **Application of payments**. Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4.  **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5.  **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Initial(s) _____ Date _____

FSA 2029 WI (05-01-08) Page 2 of 6

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6.     **Insurance**. Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. §4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7.     **Advances by Government**. The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8.     **Protection of lien**. Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement of or compliance with this instrument and the Note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

9.     **Authorized purposes**. Borrower shall use the loan evidenced by the Note solely for purposes authorized by the Government.

10.     **Repair and operation of property**. Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11.     **Legal compliance**. Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12.     **Transfer or encumbrance of property**. Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13.     **Inspection**. At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14.     **Hazardous substances**. Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage

Initial(s) _____ Date 7/8/11

FSA 2029 WI (05-01-08) Page 3 of 6

on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15.     **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16.     **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17.     **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18.     **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19.     **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20.     **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21.     **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex,

Initial(s) _____ Date _____                              FSA 2029 WI (05-01-08) Page 4 of 6

national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22.     **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23.     **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24.     **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25.     **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26.     **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27.     **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28.     **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

Initial(s) _R-H_ _JH_ Date _7/8/11_ _7/8/11_          FSA 2029 WI (05-01-08) Page 5 of 6

29.    **Assignment of leases and rents**. Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30.    **Application of foreclosure proceeds**. The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, and (e) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_Joseph Andrew Hallada_
JOSEPH ANDREW HALLADA

_Roberta Jean Hallada_
ROBERTA JEAN HALLADA

STATE OF WISCONSIN
COUNTY OF OCONTO    } ss.

On this 8th day of JULY 2011, before me, the undersigned, personally appeared Joseph A. Hallada and Roberta J. Hallada, to be known to me to be same whose name is subscribed, to the foregoing instrument, and acknowledged that he/she signed and delivered the instrument as his/her free and voluntary acts, for the uses and purposes set forth.

My commission expires: 09/30/2012

_Lynn M. Shallow_
LYNN M. SHALLOW, NOTARY PUBLIC

R-H    7/8/11
Initial(s) _JH_    Date _7/8/11_

FSA 2029 WI (05-01-08) Page 6 of 6

6

RECEIVE

SEP 24 2010

DOC. #: 747203

MELANIE I HUEMPFNER
MARINETTE COUNTY
REGISTER OF DEEDS
Sep. 14,2010 AT 03:36:33PM
Fee Amount:          $30.00

# MORTGAGE FOR WISCONSIN

| Document Number | Document Title |
|---|---|

Name & Return Address:

**USDA FARM SERVICE AGENCY**
**P O BOX 15**
**OCONTO, WI 54153-0015**

30

Form Approved – OMB No. 0560-0237
3-FLP, WI Par. 303A

NOTE: The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated there under, to solicit its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service the loan, and conduct statistical analyses. Supplied information maybe furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted bylaw. In addition, information may be referred to interested parties under the Freedom of Information Act, to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

Recording Area
**Parcel Identification Number (PIN):**

THIS MORTGAGE ("instrument") is made September 8, 2010. The mortgagor is JOSEPH ANDREW HALLADA AND ROBERTA JEAN HALLADA ("Borrower") whose mailing address is 9677 MIDWAT ROAD, COLEMAN, WI 54112. This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government") located at 111 Arbutus Avenue, Oconto, WI 54153-0015.

This instrument secures the following promissory notes, assumption agreements and/or shared appreciation agreements (collectively called "Note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate Interest |
|---|---|---|
| 09-08-2010 | 35,500.00 | 3.750 |
| 08-12-2009 | 35,000.00 | 2.500 |
| 08-12-2009 | 50,000.00 | 2.500 |
| 08-12-2009 | 1,211.91 | 3.750 |
| 08-12-2009 | 22,390.59 | 3.750 |
| 08-12-2009 | 16,255.39 | 2.250 |
| 08-12-2009 | 59,921.65 | 2.250 |
| 08-12-2009 | 22,900.57 | 2.250 |
| 08-12-2009 | 41,137.15 | 2.250 |
| 08-12-2009 | 16,522.74 | 4.125 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

*This Instrument Was Drafted By The United States Department Of Agriculture, Farm Service Agency*

Initial(s) _____  Date _9/8/10_

**FSA 2029 WI** (05-01-08) Page 1 of 6

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (Voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.

Case 1:18-cv-00822   Filed 05/30/18   Page 1 of 6   Document 1-50        Exhibit AX

Mortgage for Wisconsin (Continued)

By execution of this instrument, Borrower acknowledges receipt of all proceeds for the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S. C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the Note, and any other loan agreements.

In consideration of any loan made by the Government under the consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq. as evidenced by the Note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Wisconsin, County of ~~Oconto~~ Marinette

SEE ATTACHED LEGAL DESCRIPTION

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2. **Fees.** Borrower shall pay to the Government such fees and other changes that may now or later be required by Government regulations.

3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Initial(s) _RH_ Date _9/8/10_

FSA 2029 WI (05-01-08) Page 2 of 6

Mortgage for Wisconsin (Continued)

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. §4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the Note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

9. **Authorized purposes.** Borrower shall use the loan evidenced by the Note solely for purposes authorized by the Government.

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the

Initial(s) _____ Date_____

FSA 2029 WI (05-01-08) Page 3 of 6

Mortgage for Wisconsin (Continued)

following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent

Initial(s) _KDL / lA_   Date __9/8/10__

Mortgage for Wisconsin (Continued)

with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24.     **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25.     **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26.     **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27.     **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28.     **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29.     **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30.     **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, and (e) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

Initial(s) _____ Date_____

FSA 2029 WI (05-01-08) Page 5 of 6

Mortgage for Wisconsin (Continued)

*Joseph Andrew Hallada*
**JOSEPH ANDREW HALLADA**

*Roberta Jean Hallada*
**ROBERTA JEAN HALLADA**

**ACKNOWLEDGMENT FOR A HUSBAND/WIFE OR JOINT OPERATION**

STATE OF WISCONSIN
COUNTY OF OCONTO    } ss.

On this day 8TH of <u>SEPTEMBER, 2010</u>, before me, the undersigned, personally appeared <u>JOSEPH ANDREW HALLADA AND ROBERTA JEAN HALLADA</u> to be known to me to be same whose name is subscribed, to the foregoing instrument, and acknowledged that they signed and delivered the instrument as their free and voluntary acts, for the uses and purposes set forth.

My commission expires: 02/24/2013

*Lori A Schubert*
**LORI A. SCHUBERT**
NOTARY PUBLIC

LEGAL DESCRIPTION

The Southwest Quarter (SW ¼) of the Northeast Quarter (NE ¼);
The Northwest Quarter (NW ¼) of the Southeast Quarter (SE ¼)'
The East half (E ½) of the Southeast Quarter (SE ¼)
All in Section 31, T30N, R20E, Marinette County, Wisconsin.

The Northwest Quarter (NW ¼) of the Southwest Quarter (SW ¼) of Section 28, T30N, R20E, containing 40 acres More or less, according to Government Survey, But **EXCEPTING THEREFROM** that part thereof described as:   Beginning on the West line of said forty, at a point 775 feet North From the Southwest corner thereof; thence East, at right angles, 300 Feet; Thence North, at right angles, 270 feet; thence West, at right angles,  300 Feet to the West line of said forty; thence South, on said West line, 270 Feet, to the point of beginning, situate in the Town of Pound, Marinette County, Wisconsin.

Subject to existing highways, easement(s) and right of way(s) of record.

Initial(s)_____  Date___9/8/10___

Case 1:18-cv-00822   Filed 05/30/18   Page 6 of 6   Document 1-50

6

**638750**

MORTGAGE FOR WISCONSIN

| Document Number | Document Title |

VOL **1506** PAGE **610**

**RECORDED**
12:50 O'CLOCK P.M

SEP 1 3 2010

LORALEE LASLEY
REGISTER OF DEEDS
OCONTO COUNTY, WI

Name & Return Address:
USDA FARM SERVICE AGENCY
P O BOX 15
OCONTO, WI 54153-0015

Form Approved - OMB No. 0560-0237
3-FLP, WI Par. 303A

NOTE: The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated there under, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service the loan, and conduct statistical analyses. Supplied information maybe furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted bylaw. In addition, information may be referred to interested parties under the Freedom of Information Act, to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction Act of 1995, an agency may not conductor sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

Recording Area
Parcel Identification Number (PIN):

30

THIS MORTGAGE ("**instrument**") is made September 8, 2010. The mortgagor is JOSEPH ANDREW HALLADA AND ROBERTA JEAN HALLADA ("**Borrower**") whose mailing address is 9677 MIDWAT ROAD, COLEMAN, WI 54112. This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("**Government**") located at 111 Arbutus Avenue, Oconto, WI 54153-0015.

This instrument secures the following promissory notes, assumption agreements and/or shared appreciation agreements (collectively called "**Note**"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate Interest |
|---|---|---|
| 09-08-2010 | 35,500.00 | 3.750 |
| 08-12-2009 | 35,000.00 | 2.500 |
| 08-12-2009 | 50,000.00 | 2.500 |
| 08-12-2009 | 1,211.91 | 3.750 |
| 08-12-2009 | 22,390.59 | 3.750 |
| 08-12-2009 | 16,255.39 | 2.250 |
| 08-12-2009 | 59,921.65 | 2.250 |
| 08-12-2009 | 22,900.57 | 2.250 |
| 08-12-2009 | 41,137.15 | 2.250 |
| 08-12-2009 | 16,522.74 | 4.125 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

*This Instrument Was Drafted By The United States Department Of Agriculture, Farm Service Agency*

Initial(s) RH JH   Date 9/8/10

FSA 2029 WI (05-01-08) Page 1 of 6

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (Voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.

**Exhibit AY**

Mortgage for Wisconsin (Continued)

VOL. 1506 PAGE 611

By execution of this instrument, Borrower acknowledges receipt of all proceeds for the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S. C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the Note, and any other loan agreements.

In consideration of any loan made by the Government under the consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq. as evidenced by the Note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Wisconsin, County of OCONTO:

SEE ATTACHED LEGAL DESCRIPTION

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions that are now or hereafter included in, affixed, or attached to "**the property.**"

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1.  **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2.  **Fees.** Borrower shall pay to the Government such fees and other changes that may now or later be required by Government regulations.

3.  **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4.  **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5.  **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Initial(s) _____ Date 9/8/10

FSA 2029 WI (05-01-08) Page 2 of 6

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. §4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the Note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

9. **Authorized purposes.** Borrower shall use the loan evidenced by the Note solely for purposes authorized by the Government.

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the

Initial(s) _RH_ _JJ_ Date _9/8/10_

following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15.  **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the loan, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16.  **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17.  **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18.  **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19.  **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20.  **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21.  **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22.  **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23.  **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent

Initial(s) _____  Date _9/8/10_

with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, and (e) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

Initial(s) _RM_ _JN_ Date _9/8/10_

FSA 2029 WI (05-01-08) Page 5 of 6

Mortgage for Wisconsin (Continued)

*Joseph Andrew Hallada*
**JOSEPH ANDREW HALLADA**

*Roberta Jean Hallada*
**ROBERTA JEAN HALLADA**

## ACKNOWLEDGMENT FOR A HUSBAND/WIFE OR JOINT OPERATION

STATE OF WISCONSIN
COUNTY OF OCONTO     } ss.

On this day 8TH of SEPTEMBER, 2010, before me, the undersigned, personally appeared JOSEPH ANDREW HALLADA AND ROBERTA JEAN HALLADA to be known to me to be same whose name is subscribed, to the foregoing instrument, and acknowledged that they signed and delivered the instrument as their free and voluntary acts, for the uses and purposes set forth.

My commission expires:  02/24/2013

*Lori A Schubert*
**LORI A. SCHUBERT**
NOTARY PUBLIC

### LEGAL DESCRIPTION

The Northeast fractional Quarter (NE Frac'l ¼) of the Northeast Quarter (NE ¼) of Section Six (6), Township Twenty-nine (29) North,  Range Twenty (20) East, Town of Lena, Oconto County, Wisconsin.

Initial(s) _R.H._ _R.H._ Date_ 9/8/10

FSA 2029 WI (05-01-08) Page 6 of 6

## MORTGAGE FOR WISCONSIN

MELANIE I HLENPFNER
MARINETTE COUNTY
REGISTER OF DEEDS
Aug. 14, 2009 AT 02:54:26PM
Fee Amount:      $21.00

| Document Number | Document Title |
|---|---|
| | Form Approved - OMB No. 0560-0237<br>3-FLP, WI Par. 303A |

**Name & Return Address:**
USDA FARM SERVICE AGENCY
P O BOX 15
OCONTO, WI 54153-0015

NOTE: The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated there under, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service the loan, and conduct statistical analyses. Supplied information maybe furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted bylaw. In addition, information may be referred to interested parties under the Freedom of Information Act, to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction Act of 1995, an agency may not conductor sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

**Recording Area**

**Parcel Identification Number (PIN):**

THIS MORTGAGE ("instrument") is made **August 12th, 2009**. The mortgagor is **JOSEPH ANDREW HALLADA AND ROBERTA JEAN HALLADA** ("Borrower") whose mailing address is 9677 MIDWAY ROAD, COLEMAN, WI 54112. This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government") located at 111 Arbutus Avenue, Oconto, WI 54153-0015.

This instrument secures the following promissory notes, assumption agreements and/or shared appreciation agreements (collectively called "Note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate Interest |
|---|---|---|
| 08-12-09 | 35,000.00 | 2.50 |
| 08-12-09 | 50,000.00 | 2.50 |
| 08-12-09 | 1,211.91 | 3.75 |
| 08-12-09 | 41,137.15 | 2.25 |
| 08-01-09 | 22,900.57 | 2.25 |
| 08-12-09 | 59,921.65 | 2.25 |
| 08-12-09 | 16,255.39 | 2.25 |
| 08-12-09 | 22,390.59 | 3.75 |
| 08-12-09 | 16,522.74 | 4.125 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all proceeds for the loan or loans evidenced by the above note.

*This Instrument Was Drafted By The United States Department Of Agriculture, Farm Service Agency*

Initial(s) _____   Date 8/12/09

FSA 2029 WI (05-01-08) Page 1 of 6

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.

**Exhibit AZ**

Mortgage for Wisconsin (Continued)

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the Note, and any other loan agreements.

In consideration of any loan made by the Government under the consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq. as evidenced by the Note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Wisconsin, County of <u>MARINETTE</u>:

## SEE LEGAL AFTER NOTARY INFORMATION

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions that are now or hereafter included in, affixed, or attached to "**the property**."

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1.  **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2.  **Fees.** Borrower shall pay to the Government such fees and other changes that may now or later be required by Government regulations.

3.  **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4.  **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5.  **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Initial(s) _____  Date 8/12/09

FSA 2029 WI (05-01-08) Page 2 of 6

Mortgage for Wisconsin (Continued)

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6.    **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. §4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7.    **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8.    **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the Note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

9.    **Authorized purposes.** Borrower shall use the loan evidenced by the Note solely for purposes authorized by the Government.

10.    **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11.    **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12.    **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13.    **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14.    **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile

Initial(s) _____ Date _____

FSA 2029 WI (05-01-08) Page 3 of 6

Mortgage for Wisconsin (Continued)

solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15.    **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16.    **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17.    **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18.    **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19.    **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20.    **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21.    **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22.    **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23.    **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

Initial(s) ___  Date 8/12/09    FSA 2029 WI (05-01-08) Page 4 of 6

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Government will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, and (e) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

R H     8/12/09

Mortgage for Wisconsin (Continued)

*Joseph Andrew Hallada*
**JOSEPH ANDREW HALLADA**

*Roberta Jean Hallada*
**ROBERTA JEAN HALLADA**

## ACKNOWLEDGMENT FOR A HUSBAND/WIFE OR JOINT OPERATION

STATE OF WISCONSIN
COUNTY OF OCONTO   } ss.

On this day 12TH of <u>AUGUST, 2009</u>, before me, the undersigned, personally appeared <u>JOSEPH ANDREW HALLADA AND ROBERTA JEAN HALLADA</u> to be known to me to be same whose name is subscribed, to the foregoing instrument, and acknowledged that they signed and delivered the instrument as their free and voluntary acts, for the uses and purposes set forth.

My commission expires:  02-24-2013

*Lori A Schubert*
**LORI A. SCHUBERT**
NOTARY PUBLIC

The Southwest Quarter (SW ¼) of the Northeast Quarter (NE ¼); The Northwest Quarter (NW ¼) of the Southeast Quarter (SE ¼); The East half (E ½) of the Southeast Quarter (SE ¼) All in Section 31, T30N, R20E, Marinette County, Wisconsin.

The Northwest Quarter (NW ¼) of the Southwest Quarter (SW ¼) of Section 28, T30N, R20E, containing 40 acres More or less, according to Government Survey, But **EXCEPTING THEREFROM** that part thereof described as:  Beginning on the West line of said forty, at a point 775 feet North From the Southwest corner thereof; thence East, at right angles, 300 Feet; Thence North, at right angles, 270 feet; thence West, at right angles, 300 Feet to the West line of said forty; thence South, on said West line, 270 Feet, to the point of beginning, situate in the Town of Pound, Marinette County, Wisconsin.

Subject to existing highways, easement(s) and right of way(s) of record.

628135

## MORTGAGE FOR WISCONSIN

| Document Number | Document Title |
|---|---|

VOL **1465** PAGE **636**

**RECORDED**

9:30 O'CLOCK A M

AUG 1 4 2009

LORALEE LASLEY
REGISTER OF DEEDS
OCONTO COUNTY, WI

2/00

Name & Return Address:
**USDA FARM SERVICE AGENCY**
**P O BOX 15**
**OCONTO, WI 54153-0015**

Form Approved - OMB No. 0560-0237
3-FLP, WI Par. 303A

NOTE: The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated there under, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service the loan, and conduct statistical analyses. Supplied information maybe furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the United States Postal Service, or other Federal, State, or local agencies as required or permitted bylaw. In addition, information may be referred to interested parties under the Freedom of Information Act, to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction Act of 1995, an agency may not conductor sponsor, and a person is not required to respond to, a collection of information unless it displays a valid 0MB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

Recording Area

Parcel Identification Number (PIN):
020-060600111

THIS MORTGAGE ("instrument") is made **August 12th, 2009**. The mortgagor is **JOSEPH ANDREW HALLADA AND ROBERTA JEAN HALLADA** ("Borrower") whose mailing address is **9677 MIDWAY ROAD, COLEMAN, WI 54112**. This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government") located at 111 Arbutus Avenue, Oconto, WI 54153-0015.

This instrument secures the following promissory notes, assumption agreements and/or shared appreciation agreements (collectively called "Note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate Interest |
|---|---|---|
| 08-12-09 | 35,000.00 | 2.50 |
| 08-12-09 | 50,000.00 | 2.50 |
| 08-12-09 | 1,211.91 | 3.75 |
| 08-12-09 | 41,137.15 | 2.25 |
| 08-01-09 | 22,900.57 | 2.25 |
| 08-12-09 | 59,921.65 | 2.25 |
| 08-12-09 | 16,255.39 | 2.25 |
| 08-12-09 | 22,390.59 | 3.75 |
| 08-12-09 | 16,522.74 | 4.125 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all proceeds for the loan or loans evidenced by the above note.

*This Instrument Was Drafted By The United States Department Of Agriculture, Farm Service Agency*

Initial(s) RH  Date 8/12/09
JH  8/12/09

FSA 2029 WI (05-01-08) Page 1 of 6

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (Voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.

Mortgage for Wisconsin (Continued)

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S. C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the Note, and any other loan agreements.

In consideration of any loan made by the Government under the consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq. as evidenced by the Note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Wisconsin, County of <u>OCONTO</u>:

**The Northeast fractional Quarter (NE Frac'l ¼) of the Northeast Quarter (NE ¼) of Section Six (6), Township Twenty-nine (29) North, Range Twenty (20) East, Town of Lena, Oconto County, Wisconsin.**

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions that are now or hereafter included in, affixed, or attached to **"the property."**

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2. **Fees.** Borrower shall pay to the Government such fees and other changes that may now or later be required by Government regulations.

3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Initial(s) _R H_  Date _8/12/09_

_J. H._  _8/12/09_

FSA 2029 WI (05-01-08) Page 2 of 6

Mortgage for Wisconsin (Continued)

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6.   **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. §4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7.   **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8.   **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the Note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

9.   **Authorized purposes.** Borrower shall use the loan evidenced by the Note solely for purposes authorized by the Government.

10.   **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11.   **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12.   **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13.   **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14.   **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the

Initial(s) _R H_  Date _8/12/09_

_FH_  _8/12/09_

Mortgage for Wisconsin (Continued)

following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15.     **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16.     **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17.     **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18.     **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19.     **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20.     **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21.     **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22.     **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23.     **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent

Initial(s) _R H_   _J b)_   Date _8/12/09_   _8/12/09_

Case 1:18-cv-00822   Filed 05/30/18   Page 4 of 6   Document 1-53

Mortgage for Wisconsin (Continued)

with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24.     **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25.     **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26.     **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27.     **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28.     **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29.     **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30.     **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, and (e) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

Initial(s) _____  Date _8/12/09_

FSA 2029 WI (05-01-08) Page 5 of 6

Mortgage for Wisconsin (Continued)

_seph Andrew Hallada_
**JOSEPH ANDREW HALLADA**

_Roberta Jean Hallada_
**ROBERTA JEAN HALLADA**

## ACKNOWLEDGMENT FOR A HUSBAND/WIFE OR JOINT OPERATION

STATE OF WISCONSIN
COUNTY OF OCONTO   } ss.

On this day 12TH of AUGUST, 2009, before me, the undersigned, personally appeared JOSEPH ANDREW HALLADA AND ROBERTA JEAN HALLADA to be known to me to be same whose name is subscribed, to the foregoing instrument, and acknowledged that they signed and delivered the instrument as their free and voluntary acts, for the uses and purposes set forth.

My commission expires:  02-24-2013

_Lori A Schubert_
**LORI A. SCHUBERT**
NOTARY PUBLIC

Initial(s) _R.H._ _R.H._  Date _8/12/09_ _8/12/09_

FSA 2029 WI (05-01-08) Page 6 of 6

# REAL ESTATE MORTGAGE

DOC. #: 721466

MELANIE I HUEMPFNER
MARINETTE COUNTY
REGISTER OF DEEDS
May 19, 2008 AT 02:21:33PM
Fee Amount:     $21.00

21

Return To:

USDA - FARM SERVICE AGENCY
P O BOX 15
OCONTO, WI 54153-0015

Parcel No.

JUN – 5 2008

Position 5

**FSA 1927-1 WI**
**(02-25-05)**

**UNITED STATES DEPARTMENT OF AGRICULTURE**
Farm Service Agency

**MORTGAGE FOR WISCONSIN**

THIS MORTGAGE ("instrument") is made _____April 15_____, 20 __08__. The mortgagor is

JOSEPH ANDREW HALLADA JR AND ROBERTA JEAN HALLADA

("Borrower") whose mailing address is 9677 MIDWAY ROAD, COLEMAN, WI 54112

This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of

Agriculture ("Government") located at 111 ARBUTUS AVENUE, P O BOX 15

OCONTO, WI 54153-0015

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest |
|---|---|---|
| 04-15-08 | 26,950.00 | 3.75 |

*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) _____ Date 4/15/08

FSA 1927-1 WI (02-25-05) *Page 1 of 6*

**Exhibit BB**

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan agreements.

In consideration of any loan made by the Government pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq. as evidenced by the note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Wisconsin, County or Counties of ___M A R I N E T T E___ :

    SEE ATTCHED LEGAL DESCRIPTION

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.

3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) _L H___ _RH___ Date _4/15/08_

FSA 1927-1 WI (02-25-05) *Page 2 of 6*

Case 1:18-cv-00822   Filed 05/30/18   Page 2 of 6   Document 1-54

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S. C. § 4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgage clause.

7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments; attorneys' fees; trustees' fees; court costs; and expenses of advertising, selling, and conveying the property.

9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government, and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and

*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) _____ Date 4/15/08

FSA 1927-1 WI (02-25-05) *Page 3 of 6*

Case 1:18-cv-00822   Filed 05/30/18   Page 3 of 6   Document 1-54

DOC #: 731455

subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument and the note are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) _NH_ _RT_ Date _4/15/08_

FSA 1927-1 WI (02-25-05) *Page 4 of 6*

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_Joseph Andrew Hallada Jr_ (SEAL)        _Roberta Jean Hallada_ (SEAL)

JOSEPH ANDREW HALLADA JR    (SEAL)        ROBERTA JEAN HALLADA        (SEAL)

ACKNOWLEDGMENTS

STATE OF WISCONSIN
COUNTY OF   OCONTO                     } ss.    (Individual)

On this    15TH    day of    ARPIL   2008                          , before me, the undersigned, personally appeared
   JOSEPH ANDREW HALLADA JR AND ROBERTA JEAN HALLADA         to be known to me to be same whose name is subscribed

to the foregoing instrument, and acknowledged that (he or she) signed and delivered the instrument as (his or her) free and voluntary acts, for the uses and purposes set forth.

My commission expires:

04-19-09

_Lori A Schubert_
LORI A. SCHUBERT
NOTARY PUBLIC

*Note: Page 6 of 6 applies to entities only and will not be recorded for individuals.*
*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) _JH  RH_ Date _4/5/08_        FSA 1927-1 WI (02-25-05) *Page 5 of 6*

Case 1:18-cv-00822   Filed 05/30/18   Page 5 of 6   Document 1-54

# JOSEPH ANDREW & ROBERTA JEAN HALLADA
## LEGAL DESCRIPTION IN MARINETTE COUNTY

DOC #: 721466

The Southwest Quarter (SW ¼) of the Northeast Quarter (NE ¼);
The Northwest Quarter (NW ¼) of the Southeast Quarter (SE ¼)'
The East half (E ½) of the Southeast Quarter (SE ¼)
All in Section 31, T30N, R20E, Marinette County, Wisconsin.

The Northwest Quarter (NW ¼) of the Southwest Quarter (SW ¼) of Section 28, T30N, R20E, containing 40 acres More or less, according to Government Survey, But **EXCEPTING THEREFROM** that part thereof described as: Beginning on the West line of said forty, at a point 775 feet North From the Southwest corner thereof; thence East, at right angles, 300 Feet; Thence North, at right angles, 270 feet; thence West, at right angles, 300 Feet to the West line of said forty; thence South, on said West line, 270 Feet, to the point of beginning, situate in the Town of Pound, Marinette County, Wisconsin.

Subject to existing highways, easement(s) and right of way(s) of record.

# REAL ESTATE MORTGAGE

**614703**
DOCUMENT NUMBER

VOL **1311** PAGE **155**

**RECORDED**
9:30 O'CLOCK A M

MAY 1 9 2008

LORALEE LASLEY
REGISTER OF DEEDS
OCONTO COUNTY, WI

190

Return To:

USDA - FARM SERVICE AGENCY
P O BOX 15
OCONTO, WI 54153-0015

MAY 2 2 2008

Parcel No.

Position 5

**FSA 1927-1 WI**
**(02-25-05)**

**UNITED STATES DEPARTMENT OF AGRICULTURE**
Farm Service Agency

**MORTGAGE FOR WISCONSIN**

THIS MORTGAGE ("instrument") is made ___April 15___, 20 ___08___. The mortgagor is
JOSEPH ANDREW HALLADA JR AND ROBERTA JEAN HALLADA

("Borrower") whose mailing address is _9677 MIDWAY ROAD, COLEMAN, WI 54112_

This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of

Agriculture ("Government") located at _111 ARBUTUS AVENUE, P O BOX 15_

OCONTO, WI 54153-0015

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest |
|---|---|---|
| 04-15-08 | 26,950.00 | 3.75 |

*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) ___RH___ Date _4/5/08_

FSA 1927-1 WI (02-25-05) *Page 1 of 6*

Case 1:18-cv-00822   Filed 05/30/18   Page 1 of 5   Document 1-55

**Exhibit BC**

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S. C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan agreements.

In consideration of any loan made by the Government pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq. as evidenced by the note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Wisconsin, County or Counties of ___O C O N T O___ :

The NE fractional 1/4 of the NE 1/4 of Section 6, Township 29 North, Range 20 East, Town of Lena, Oconto County, Wisconsin

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.

3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) _____ Date _____     FSA 1927-1 WI (02-25-05) *Page 2 of 6*

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S. C. § 4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments; attorneys' fees; trustees' fees; court costs; and expenses of advertising, selling, and conveying the property.

9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government, and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and

*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) _J.O.  R.A._ Date _4-15-08_          FSA 1927-1 WI (02-25-05) *Page 3 of 6*

subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) _JH KH_ Date _4-15-08_

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_Joseph Andrew Hallada_ (SEAL)          _Roberta Jean Hallada_ (SEAL)

JOSEPH ANDREW HALLADA JR          (SEAL)          ROBERTA JEAN HALLADA          (SEAL)

## ACKNOWLEDGMENTS

STATE OF WISCONSIN
COUNTY OF   OCONTO                    } ss.      (Individual)

On this ___15TH___ day of ___ARPIL   2008_____ , before me, the undersigned, personally appeared

___JOSEPH ANDREW HALLADA JR AND ROBERTA JEAN HALLADA___ to be known to me to be same whose name is subscribed

to the foregoing instrument, and acknowledged that (he or she) signed and delivered the instrument as (his or her) free and voluntary acts, for the uses and purposes set forth.

My commission expires:

04-19-09

_Lori A. Schubert_
LORI A. SCHUBERT
NOTARY PUBLIC

*Note: Page 6 of 6 applies to entities only and will not be recorded for individuals.*
*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) _____ ____ Date _4-15-08_          FSA 1927-1 WI (02-25-05) *Page 5 of 6*

## REAL ESTATE MORTGAGE

DOC. #: 701291

MELANIE I HUEMPFNER
MARINETTE COUNTY
REGISTER OF DEEDS
OCT. 31, 2006 AT 02:29:59PM
Fee Amount: $21.00

Return To: *21*

USDA - FARM SERVICE AGENCY
P O BOX 15
OCONTO, WI 54153-0015

*Ames. Advantage*

Parcel No.

RECEIVED
DEC - 8 2006

FSA 1927-1 WI
(02-25-05)

### UNITED STATES DEPARTMENT OF AGRICULTURE
Farm Service Agency

### MORTGAGE FOR WISCONSIN

THIS MORTGAGE ("instrument") is made ____October 24____ , 20 __06__ . The mortgagor is
JOSEPH A. JR AND ROBERTA J. HALLADA

("Borrower") whose mailing address is ___9677 MIDWAY ROAD, COLEMAN, WI 54112___

This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of

Agriculture ("Government") located at ___111 ARBUTUS AVENUE   P O BOX 15___

OCONTO, WI 54153-0015

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest |
|---|---|---|
| 10-24-06 | 17,000.00 | 5.00 |
| 9-27-06 | 48,230.00 | 5.00 |
| 9-27-06 | 1,970.00 | 3.75 |
| 9-27-06 | 19,278.00 | 3.375 |
| 9-27-06 | 9,240.00 | 5.00 |
| 9-27-06 | 70,481.85 | 3.25 |
| 9-27-06 | 26,416.94 | 5.00 |

*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) _____ Date _10/24/06_

Case 1:18-cv-00822   Filed 05/30/18   Page 1 of 6   Document 1-56

Exhibit BD

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan agreements.

In consideration of any loan made by the Government pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq. as evidenced by the note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Wisconsin, County or Counties of ___M A R I N E T T E___ :

S E E   T H E   A T T A C H E D   S H E E T   F O R   L E G A L   D E S C R I P T I O N

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.

3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) _JH_ _KM_ Date _10/24/06_

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et. seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments; attorneys' fees; trustees' fees, court costs; and expenses of advertising, selling, and conveying the property.

9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government, and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and

*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) J M R H  Date 10/24/06

subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) J.H. R.H.    Date 10/24/06                                     FSA 1927-1 WI (02-25-05) *Page 4 of 6*

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Borrower and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_Joseph A. Hallada Jr_ (SEAL)          _Roberta J Hallada_ (SEAL)

JOSEPH A. HALLADA JR _____ (SEAL)          ROBERTA J. HALLADA _____ (SEAL)

ACKNOWLEDGMENTS

STATE OF WISCONSIN
COUNTY OF   OCONTO          } ss.     (Individual)

On this  24TH  day of  OCTOBER  2006 _____ , before me, the undersigned, personally appeared

  JOSEPH A. JR. AND ROBERTA J. HALLADA _____ to be known to me to be same whose name is subscribed

to the foregoing instrument, and acknowledged that (he or she) signed and delivered the instrument as (his or her) free and voluntary acts, for the uses and purposes set forth.

My commission expires:

  _1-30-08_

_Marie S Bade_
_Marie S Bade_
NOTARY PUBLIC

*Note: Page 6 of 6 applies to entities only and will not be recorded for individuals.*
*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) _JH  RH_  Date _10/24/06_          FSA 1927-1 WI (02-25-05) *Page 5 of 6*

The SW 1/4 of the NE 1/4; the NW 1/4 of the SE 1/4; the E 1/2 of the SE 1/4 of Section 31, Township 30 North, Range 20 East, Marinette County, Wisconsin.

The NW 1/4 of the SW 1/4 of Section 28, Township 30 North, Range 20 East, containing 40 acres more or less, according to the Government Survey, but EXCEPTING THEREFROM that part thereof described as: Beginning on the West line of said forty, at a point 775 feet North from the Southwest corner thereof; thence East, at right angles, 300 feet; thence North, at right angles, 270 feet; thence West, at right angles, 300 feet to the West line of said forty; thence South, on said West line, 270 feet, to the point of beginning, situate in the Town of Pound, Marinette County, Wisconsin.

Subject to existing highways, easement(s) and right of way(s) of record.

Tax Parcel No.: 028-00394.000, 028-00428.000, 028-00432.000, 028-00433.000 and 028-00435.000.

This mortgage is subject to the following exceptions including easements, mineral rights, timber rights, leases, well agreements, etc. as well as prior mortgages.

Subject to a Right-of-Way Grant to Farmers & Merchants Telephone Company as recorded in Jacket 19, Image 9 and Jacket 19, Image 19.

Mortgage from Joseph A. Hallada, Jr., a/k/a Joseph A. Hallada and Roberta Hallada, a/k/a Roberta J. Hallada, husband and wife, to Farm Credit Services of Northeast Wisconsin, FLCA, dated November 20, 1995, filed for record on December 14, 1995 at 1:37 P.M. in Jacket 5485, Image 31 as Document No. 545866, in the principal sum of $145,000.00.

Mortgage from Joseph Andrew Hallada, Jr. and Roberta Jean Hallada, husband and wife, to United States of America, acting through the United States Department of Agriculture, dated June 15, 2004, filed for record on June 16, 2004 at 2:36 P.M. as Document No. 666140, in the principal sum of $23,000.00 and $23,000.00.

Mortgage from Joseph Andrew and Roberta Jean Hallada, to United States of America, acting through Farm Service Agency, United States Department of Agriculture, dated September 27, 2006, filed for record on September 28, 2006 at 1:51:21 P.M., in the principal sum of $48,230.00, $1,970.00, $9,240.00, $19,278.80, $70,481.85 and $26,416.94.

(TRO-12227.PFD/TRC-12227/14)

b

# REAL ESTATE MORTGAGE

## 595329
DOCUMENT NUMBER

RECEIVED

OCT 3 1 2006

VOL 1232 PAGE 398

RECORDED

9 O'CLOCK ᴀM

OCT 2 5 2006

LORALEE LASLEY
REGISTER OF DEEDS
OCONTO COUNTY, WI

21⁰⁰

Return To:

USDA - FARM SERVICE AGENCY
P O BOX 15
OCONTO, WI 54153-0015

Parcel No.

Position 5

**FSA 1927-1 WI**
**(02-25-05)**

**UNITED STATES DEPARTMENT OF AGRICULTURE**
Farm Service Agency

**MORTGAGE FOR WISCONSIN**

THIS MORTGAGE ("instrument") is made _____October 24_____, 20 __06__. The mortgagor is
JOSEPH A. JR AND ROBERTA J. HALLADA

("Borrower") whose mailing address is _9677 MIDWAY ROAD, COLEMAN, WI 54112_

This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of
Agriculture ("Government") located at _111 ARBUTUS AVENUE  P O BOX 15_

OCONTO, WI 54153-0015

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively
called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and
authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest |
|---|---|---|
| 10-24-06 | 17,000.00 | 5.00 |
| 9-27-06 | 48,230.00 | 5.00 |
| 9-27-06 | 1,970.00 | 3.75 |
| 9-27-06 | 19,278.00 | 3.375 |
| 9-27-06 | 9,240.00 | 5.00 |
| 9-27-06 | 70,481.85 | 3.25 |
| 9-27-06 | 26,416.94 | 5.00 |

*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) H R H  Date 10/24/06                    FSA 1927-1 WI (02-25-05) *Page 1 of 6*

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan agreements.

In consideration of any loan made by the Government pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq. as evidenced by the note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Wisconsin, County or Counties of _____ O C O N T O _____ :

S E E   T H E   A T T A C H E D   S H E E T   F O R   L E G A L   D E S C R I P T I O N

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.

3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) _J. N. Rck_ Date _10/24/06_

FSA 1927-1 WI (02-25-05) *Page 2 of 6*

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S. C. § 4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments; attorneys' fees; trustees' fees, court costs; and expenses of advertising, selling, and conveying the property.

9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government, and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and

*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) J. N. R F   Date 10/24/06                                   FSA 1927-1 WI (02-25-05) Page 3 of 6

subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) _J. W. RH_  Date _10/24/06_        FSA 1927-1 WI (02-25-05) *Page 4 of 6*

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

**27. Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

**28. State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

**29. Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

**30. Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

*Joseph R. Hallada* (SEAL)

JOSEPH A. HALLADA JR _____ (SEAL)

*Roberta J Hallada* (SEAL)

ROBERTA J. HALLADA _____ (SEAL)

## ACKNOWLEDGMENTS

STATE OF WISCONSIN
COUNTY OF _OCONTO_ } ss.     (Individual)

On this __24TH__ day of __OCTOBER  2006__ _____, before me, the undersigned, personally appeared __JOSEPH A. JR. AND ROBERTA J. HALLADA__ _____ to be known to me to be same whose name is subscribed to the foregoing instrument, and acknowledged that (he or she) signed and delivered the instrument as (his or her) free and voluntary acts, for the uses and purposes set forth.

My commission expires:

___1-20-08___

NOTARY PUBLIC

*Note: Page 6 of 6 applies to entities only and will not be recorded for individuals.*
*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) ___ Date _10/24/06_

FSA 1927-1 WI (02-25-05) *Page 5 of 6*

The NE fractional 1/4 of the NE 1/4 of Section 6, Township 29 North, Range 20 East, Town of Lena, Oconto County, Wisconsin.

Tax Parcel No.: 020-060600111.

This mortgage is subject to the following exceptions including easements, mineral rights, timber rights, leases, well agreements, etc. as well as prior mortgages.

Subject to the easement to Oconto Electric Cooperative as set forth in Volume 162, Page 119.

Mortgage from Joseph A. Hallada, Jr. a/k/a Joseph A. Hallada and Roberta Hallada, a/k/a Roberta J. Hallada, husband and wife to Farm Credit Services of Northeast Wisconsin, dated November 20, 1995, filed for record on December 14, 1995 at 2:00 P.M. in Volume 676, Page 400 as Document No. 433532, in the principal sum of $145,000.00.

Mortgage from Joseph Andrew Hallada, Jr. and Roberta Jean Hallada, husband and wife to United States of America, acting through the United States Department of Agriculture, dated June 15, 2004, filed for record on June 16, 2004 at 9:30 A.M. in Volume 1093, Page 224 as Document No. 560547, in the principal sum of $23,000.00 and $23,000.00.

Mortgage from Joseph Andrew and Roberta Jean Hallada, to United States of America, acting through Farm Service Agency, United States Department of Agriculture, dated September 27, 2006, filed for record on September 28, 2006 at 2:10 P.M. in Volume 1228, Page 7 as Document No. 594232, in the principal sum of $48,230.00, $1,970.00, $9,240.00, $19,728.80, $70,481.85 and $26,416.94.

UCC Financing Statement by and between Joseph Andrew Hallada and Roberta Jean Hallada and United States of America, acting thru the Farm Service Agency, filed June 3, 2003 at 3:50 P.M. as Document No. 540355.

(TRA-12227/TRA-12227/13)

# REAL ESTATE MORTGAGE

**594232**
DOCUMENT NUMBER

RECEIVED

OCT - 3 2006

VOL **1228** PAGE 7

**RECORDED**
2:10 O'CLOCK P.M

SEP 2 8 2006

LORALEE LASLEY
REGISTER OF DEEDS
OCONTO COUNTY, WI

Return To:

USDA - FARM SERVICE AGENCY
P O BOX 15
OCONTO, WI 54153-0015

Parcel No. 020060600111

Position 5

**FSA 1927-1 WI**
(02-25-05)

**UNITED STATES DEPARTMENT OF AGRICULTURE**
Farm Service Agency

**MORTGAGE FOR WISCONSIN**

THIS MORTGAGE ("instrument") is made _____September 27_____, 20 __06__. The mortgagor is JOSEPH ANDREW AND ROBERTA JEAN HALLADA

("Borrower") whose mailing address is 9677 MIDWAY ROAD, COLEMAN, WI 54112

This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government") located at 111 ARBUTUS AVENUE, P O BOX 15

OCONTO, WI 54153-0015

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest |
|---|---|---|
| 9-27-06 | 48,230.00 | 5.00 |
| 9-27-06 | 1,970.00 | 3.75 |
| 9-27-06 | 9,240.00 | 5.00 |
| 9-27-06 | 19,278.80 | 3.375 |
| 9-27-06 | 70,481.85 | 3.25 |
| 9-27-06 | 26,416.94 | 5.00 |

*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) _____ Date 9/27/06

FSA 1927-1 WI (02-25-05) *Page 1 of 6*

**Exhibit BF**

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S. C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan agreements.

In consideration of any loan made by the Government pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq. as evidenced by the note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Wisconsin, County or Counties of    OCONTO                                                    :

```
The Northeast Fractional Quarter (NE fractional 1/4) of the Northeast Quarter NE 1/4) of Section
Six (6), Township Twenty-nine (29), Range Twenty(20) East, Oconto County, State of Wisconsin
```

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.

3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) _____ Date _____

FSA 1927-1 WI (02-25-05) *Page 2 of 6*

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S. C. § 4001 et. seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments; attorneys' fees; trustees' fees, court costs; and expenses of advertising, selling, and conveying the property.

9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government, and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and

*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) _____  _____ Date _9/27/06_    FSA 1927-1 WI (02-25-05) *Page 3 of 6*

subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) _S.H._  _RH_  Date _9/27/06_          FSA 1927-1 WI (02-25-05) *Page 4 of 6*

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

VOL 1228 PAGE 11

**27. Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

**28. State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

**29. Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

**30. Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

*Joseph Andrew Hallada* (SEAL)

JOSEPH ANDREW HALLADA          (SEAL)

*Roberta Jean Hallada* (SEAL)

ROBERTA JEAN HALLADA          (SEAL)

ACKNOWLEDGMENTS

STATE OF WISCONSIN
COUNTY OF   OCONTO          } ss.     (Individual)

On this   27TH   day of   September   2006   , before me, the undersigned, personally appeared   JOSEPH ANDREW  AND ROBERTA JEAN HALLADA   , to be known to me to be same whose name is subscribed to the foregoing instrument, and acknowledged that (he or she) signed and delivered the instrument as (his or her) free and voluntary acts, for the uses and purposes set forth.

My commission expires:

4-19-09

*Lori A Schubert*
LORI A. SCHUBERT
NOTARY PUBLIC

*Note: Page 6 of 6 applies to entities only and will not be recorded for individuals.*
*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) _____ Date _____

FSA 1927-1 WI (02-25-05) *Page 5 of 6*

# REAL ESTATE MORTGAGE

Received
OCT 1 0 2006
OCONTO FSA OFFICE

DOC. #: 699968

MELANIE I HUEMPFNER
MARINETTE COUNTY
REGISTER OF DEEDS
SEP. 28,2006 AT 01:51:21PM
Fee Amount:  $21.00

Return To:

USDA - FARM SERVICE AGENCY
P O BOX 15
OCONTO, WI 54153-0015

Parcel No. 28-00428.000; .28-00432.000;
28-00433.000; 28-00435.000

Position 5

FSA 1927-1 WI
(02-25-05)

## UNITED STATES DEPARTMENT OF AGRICULTURE
Farm Service Agency

## MORTGAGE FOR WISCONSIN

THIS MORTGAGE ("instrument") is made _____September 27_____, 20 __06__. The mortgagor is
JOSEPH ANDREW AND ROBERTA JEAN HALLADA

("Borrower") whose mailing address is _9677 MIDWAY ROAD, COLEMAN, WI 54112_ .

This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of

Agriculture ("Government") located at _111 ARBUTUS AVENUE, P O BOX 15_

OCONTO, WI 54153-0015 .

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest |
|---|---|---|
| 9-27-06 | 48,230.00 | 5.00 |
| 9-27-06 | 1,970.00 | 3.75 |
| 9-27-06 | 9,240.00 | 5.00 |
| 9-27-06 | 19,278.80 | 3.375 |
| 9-27-06 | 70,481.85 | 3.25 |
| 9-27-06 | 26,416.94 | 5.00 |

*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) _____ Date _9/27/06_ 

Case 1:18-cv-00822   Filed 05/30/18   Page 1 of 6   Document 1-59

Exhibit BG

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan agreements.

In consideration of any loan made by the Government pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq, as evidenced by the note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Wisconsin, County or Counties of ___Marinette___ :

see attached legal description

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.

3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) _____ Date _9/27/06_

FSA 1927-1 WI (02-25-05) *Page 2 of 6*

Case 1:18-cv-00822   Filed 05/30/18   Page 2 of 6   Document 1-59

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S. C. § 4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments; attorneys' fees; trustees' fees, court costs; and expenses of advertising, selling, and conveying the property.

9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government, and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and

*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) _____ Date 9/27/06

subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) _____ Date _____        FSA 1927-1 WI (02-25-05) *Page 4 of 6*

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument, or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_Joseph Andrew Hallada_ (SEAL)

JOSEPH ANDREW HALLADA _____ (SEAL)

_Roberta Jean Hallada_ (SEAL)

ROBERTA JEAN HALLADA _____ (SEAL)

ACKNOWLEDGMENTS

STATE OF WISCONSIN
COUNTY OF   OCONTO _____ } ss.     (Individual)

On this   27TH   day of   September   2006 _____ , before me, the undersigned, personally appeared
   JOSEPH ANDREW   AND ROBERTA JEAN HALLADA _____ to be known to me to be same whose name is subscribed
to the foregoing instrument, and acknowledged that (he or she) signed and delivered the instrument as (his or her) free and voluntary acts, for the uses and purposes set forth.

My commission expires:

4-19-09 _____

_Lori A. Schubert_
LORI A. SCHUBERT
NOTARY PUBLIC

*Note: Page 6 of 6 applies to entities only and will not be recorded for individuals.*
*This instrument was drafted by the United States of America, acting through the USDA, Farm Service Agency.*

Initial(s) _____ Date _____

FSA 1927-1 WI (02-25-05) *Page 5 of 6*

Case 1:18-cv-00822   Filed 05/30/18   Page 5 of 6   Document 1-59

## JOSEPH ANDREW & ROBERTA JEAN HALLADA
## LEGAL DESCRIPTION

The Southwest Quarter (SW ¼) of the Northeast Quarter (NE ¼);
The Northwest Quarter (NW ¼) of the Southeast Quarter (SE ¼)'
The East half (E ½) of the Southeast Quarter (SE ¼)
All in Section 31, T30N, R20E, Marinette County, Wisconsin.


The Northwest Quarter (NW ¼) of the Southwest Quarter (SW ¼) of Section 28, T30N, R20E, containing 40 acres More or less, according to Government Survey, But **EXCEPTING THEREFROM** that part thereof described as:   Beginning on the West line of said forty, at a point 775 feet North From the Southwest corner thereof; thence East, at right angles, 300 Feet; Thence North, at right angles, 270 feet; thence West, at right angles,  300 Feet to the West line of said forty; thence South, on said West line, 270
Feet, to the point of beginning, situate in the Town of Pound, Marinette County, Wisconsin.

Subject to existing highways, easement(s) and right of way(s) of record.



**WISCONSIN REAL ESTATE MORTGAGE**

Document number

DOC. #: 666140

MELANIE I HUEMPFNER
MARINETTE COUNTY
REGISTER OF DEEDS
JUNE 16, 2004 AT 02:36PM
Fee Amount: $19.00

### Legal description for Joseph & Roberta Hallada

Name and Return Address

USDA FARM SERVICE AGENCY
P.O. BOX 15
OCONTO, WI 54153-0015

19‑

**Parcel 1:**
The Southwest Quarter (SW ¼) of the Northeast Quarter (NE1/4);
The Northwest Quarter (NW ¼) of the Southeast Quarter (SE ¼)'
The East half (E ½) of the Southeast Quarter (SE ¼) of Section
31, T30N, R20E, Marinette County, Wisconsin.

Parcel Identification numbers:

The Northwest Quarter (NW ¼) of the Southwest Quarter (SW ¼)
Of Section 28, T30N, R20E, containing 40 acres
More or less, according to Government Survey, But
EXCEPTING THEREFROM that part thereof described as:
Beginning on the West line of said forty, at a point 775 feet North
From the Southwest corner thereof; thence East, at right angles, 300
Feet; Thence North, at right angles, 270 feet; thence West, at right angles,
300 Feet to the West line of said forty; thence South, on said West line, 270
Feet, to the point of beginning, situate in the Town of Pound, Marinette County, Wisconsin.

Subject to existing highways, easement(s) and right of way(s) of record.

RETURN TO:   USDA FARM SERVICE AGENCY
             P.O. BOX 15
             OCONTO, WI  54153-0015

USDA                                    *Position 5*
Form RD 1927-1 WI
(Rev. 6-99)

# REAL ESTATE MORTGAGE FOR WISCONSIN

THIS MORTGAGE is made and         JOSEPH ANDREW HALLADA JR

AND  ROBERTA  JEAN  HALLADA

_____husband and wife_____

residing in        Oconto               County, Wisconsin whose post office address is

   9677 Midway Road, Coleman         , Wisconsin        54112

herein called "Borrower," and the United States of America, acting through the United States Department of Agriculture, herein called the "Government":

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory notes or assumption agreements or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 06-15-04 | 23,000.00 | 3.75 | 06-15-05 |
| 06-15-04 | 23,000.00 | 3.75 | 06-15-12 |

(The interest rate for limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in the Government regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949 as amended, or any other statute administered by the Government;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument, this instrument shall secure payment of the note;

And this instrument also secures any amount due under any Shared Appreciation/Recapture Agreement entered into pursuant to 7 U.S.C. § 2001.

NOW, THEREFORE, in consideration of the loans, and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, and (b) to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby mortgage, assign, and warrant unto the Government the following property situated in

the State of Wisconsin, County or Counties of        OCONTO                                              :

Initials _____ & _____
Date  _____

                                                                RD 1927-1 WI (Rev. 6-99)

SEE ATTACHED LEGAL DESCRIPTION

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)  To pay promptly when due any indebtedness to the Government hereby secured.

(2)  To pay to the Government such fees and other charges as may now or hereafter be required by Government regulations.

(3)  If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)  The Government may at any time pay any other amounts including advances for payment of prior or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)  All advances by the Government, including advances for payment of prior or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)  To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)  To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)  To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)  To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)  To comply with all laws, ordinances, and regulations affecting the property.

(11)  To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12)  Except as otherwise provided by Government regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)  At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all rights and remedies provided herein or by present or future laws.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future State laws prescribing any statute of limitations or limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of all State laws. Borrower hereby waives, to the fullest extent Borrower may lawfully do so under State law, the benefit of all State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, or (c) allowing any right of redemption or possession following any foreclosure sale. Borrower also hereby relinquishes, waives and conveys all rights, inchoate or consummate of descent, dower, curtesy, and homestead.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, handicap, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, handicap, familial status or age.

(21) Borrower further agrees that the loan secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as prohibited by 7 C.F.R. part 1940, subpart G.

(22) This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof.

(23) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given, in the case of the Government to USDA FSA, 8030 Excelsior Dr Madison, WI 53717 , and in the case of Borrower to Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the post office address shown above).

(24) At the option of the Government this mortgage may be foreclosed by action, or by advertisement as provided by statute or rules of practice relating thereto, and Borrower hereby irrevocably vests in the Government the statutory power of sale and constitutes and appoints the Government Borrower's agent and attorney in fact to sell the property, after due notice, at public auction to the highest bidder, for cash or secured credit at the option of the Government, and to give the purchaser a warranty deed binding upon Borrower and all claiming under Borrower.

(25) If the property is a one to four family residence that is owner-occupied at the commencement of a foreclosure, a farm, a church or owned by a tax exempt charitable organization, Borrower agrees to the provisions of sec. 846.101 Wis. Stats., and as the same may be amended or renumbered from time to time, permitting the Government, upon waiving the right to judgment for deficiency, to hold the foreclosure sale of real estate of 20 acres or less six months after a foreclosure judgment is entered. If the property is other than a one to four family residence that is owner-occupied at the commencement of a foreclosure, a farm, a church or a tax exempt charitable organization, the Borrower agrees to the provisions of sec. 846.103 Wis. Stats., and as the same may be amended or renumbered from time to time, permitting the Government, upon waiving the right to judgment for deficiency, to hold the foreclosure sale of real estate three months after a foreclosure judgment is entered.

DOC. #: 655140

(26)  If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hands and seals this _____15th_____ day

of _____June_____ , in the year _2004_ .

*Joseph Andrew Hallada Jr*  (SEAL)
* JOSEPH ANDREW HALLADA JR

*Roberta Jean Hallada*  (SEAL)
* ROBERTA JEAN HALLADA

STATE OF WISCONSIN

COUNTY OF _____OCONTO_____        *ss:*

On this _____15th_____ day of _____June_____ , _2004_ , before me, the undersigned Notary Public,

personally appeared _____Joseph Andrew Hallada Jr. and Roberta Jean Hallada_____

_____husband and wife_____

known to me to be the person(s) described in and who executed the within and foregoing instrument, and acknowledged to me that

_____they_____ executed the same as _____their_____ free act and deed

for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

(SEAL)

*Lori A. Schubert*
* LORI A. SCHUBERT        *Notary Public*

My commission expires _6-19-05_

This instrument was drafted by the United States Department of Agriculture.

*Print, stamp or type write the names of the mortgagors and the notary beneath their signatures.

No. _____

TO
UNITED STATES OF AMERICA

MORTGAGE

Register's Office

County of _____   *ss:*

Received for Record this _____ day

of _____ A. D., _____

at _____ o'clock _____ M. and

recorded in Vol. _____ of Records on

Page _____

*Register of Deeds*

_____ *Deputy*

RETURN TO



4

VOL. **1093** PAGE **224**

# RECORDED

AT **9:30** O'CLOCK **A** M

**JUN 16 2004**

LORALEE LASLEY
REGISTER OF DEEDS
OCONTO COUNTY, WI

560547

DOCUMENT NUMBER

RETURN TO:  USDA FARM SERVICE AGENCY
P.O. BOX 15
OCONTO, WI  54153-0015

JUN 24 2004
Position 5
OCONTO FSA OFFICE

USDA
Form RD 1927-1 WI
(Rev. 6-99)

1700

## REAL ESTATE MORTGAGE FOR WISCONSIN

THIS MORTGAGE is made and ___ JOSEPH ANDREW HALLADA  JR

AND ROBERTA JEAN HALLADA

husband and wife

residing in ___ Oconto ___ County, Wisconsin whose post office address is

9677 Midway Road, Coleman ___ , Wisconsin ___ 54112

herein called "Borrower," and the United States of America, acting through the United States Department of Agriculture, herein called the "Government":

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory notes or assumption agreements or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 06-15-04 | 23,000.00 | 3.75 | 06-15-05 |
| 06-15-04 | 23,000.00 | 3.75 | 06-15-12 |

(The interest rate for limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in the Government regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949 as amended, or any other statute administered by the Government;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument, this instrument shall secure payment of the note;

And this instrument also secures any amount due under any Shared Appreciation/Recapture Agreement entered into pursuant to 7 U.S.C. § 2001.

NOW, THEREFORE, in consideration of the loans, and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, and (b) to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby mortgage, assign, and warrant unto the Government the following property situated in

the State of Wisconsin, County or Counties of ___ OCONTO

RD 1927-1 WI (Rev. 6-99)

**Exhibit BI**

The Northeast (NE Fractional Quarter (1/4) of the Northeast Quarter (NE1/4) of Section 6, T29N, R20E, Oconto County, State of Wisconsin

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by Government regulations.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   The Government may at any time pay any other amounts including advances for payment of prior or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government, including advances for payment of prior or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)   To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)   To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)   To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)   To comply with all laws, ordinances, and regulations affecting the property.

(11)   To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12)   Except as otherwise provided by Government regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)   At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all rights and remedies provided herein or by present or future laws.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future State laws prescribing any statute of limitations or limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of all State laws. Borrower hereby waives, to the fullest extent Borrower may lawfully do so under State law, the benefit of all State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, or (c) allowing any right of redemption or possession following any foreclosure sale. Borrower also hereby relinquishes, waives and conveys all rights, inchoate or consummate of descent, dower, curtesy, and homestead.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, handicap, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, handicap, familial status or age.

(21) Borrower further agrees that the loan secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as prohibited by 7 C.F.R. part 1940, subpart G.

(22) This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof.

(23) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given, in the case of the Government to USDA FSA, 8030 Excelsior Dr Madison, WI 53717 , and in the case of Borrower to Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the post office address shown above).

(24) At the option of the Government this mortgage may be foreclosed by action, or by advertisement as provided by statute or rules of practice relating thereto, and Borrower hereby irrevocably vests in the Government the statutory power of sale and constitutes and appoints the Government Borrower's agent and attorney in fact to sell the property, after due notice, at public auction to the highest bidder, for cash or secured credit at the option of the Government, and to give the purchaser a warranty deed binding upon Borrower and all claiming under Borrower.

(25) If the property is a one to four family residence that is owner-occupied at the commencement of a foreclosure, a farm, a church or owned by a tax exempt charitable organization, Borrower agrees to the provisions of sec. 846.101 Wis. Stats., and as the same may be amended or renumbered from time to time, permitting the Government, upon waiving the right to judgment for deficiency, to hold the foreclosure sale of real estate of 20 acres or less six months after a foreclosure judgment is entered. If the property is other than a one to four family residence that is owner-occupied at the commencement of a foreclosure, a farm, a church or a tax exempt charitable organization, the Borrower agrees to the provisions of sec. 846.103 Wis. Stats., and as the same may be amended or renumbered from time to time, permitting the Government, upon waiving the right to judgment for deficiency, to hold the foreclosure sale of real estate three months after a foreclosure judgment is entered.

(26) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hands and seals this _____ 15th _____ day of _____ June _____, in the year _____ 2004 _____.

*Joseph Andrew Hallada Jr.* (SEAL)
\* JOSEPH ANDREW HALLADA JR

*Roberta Jean Hallada* (SEAL)
\* ROBERTA JEAN HALLADA

STATE OF WISCONSIN

COUNTY OF _____ OCONTO _____ ss:

On this _____ 15th _____ day of _____ June _____, _____ 2004 _____, before me, the undersigned Notary Public, personally appeared _____ Joseph Andrew Hallada Jr. and Roberta Jean Hallada _____

_____ husband and wife _____

known to me to be the person(s) described in and who executed the within and foregoing instrument, and acknowledged to me that _____ they _____ executed the same as _____ their _____ free act and deed for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

(SEAL)

*Lori A Schubert*
\* LORI A. SCHUBERT          *Notary Public*

My commission expires _____ 6-19-05 _____

This instrument was drafted by the United States Department of Agriculture.

\*Print, stamp or type write the names of the mortgagors and the notary beneath their signatures.

No. _____

TO
UNITED STATES OF AMERICA

MORTGAGE

Register's Office

County of _____ ss:

Received for Record this _____ day of _____ A. D., _____, at _____ o'clock _____ M. and of Records on recorded in Vol. _____

Page _____

*Register of Deeds*

*Deputy*

RETURN TO

SUBORDINATION

PLEASE RETURN TO: FARM SERVICE AGENCY
                  PO BOX 15
                  OCONTO, WI 54153-0015

This form is available electronically.

**FSA-2455**              U.S. DEPARTMENT OF AGRICULTURE        Position 1 (Chattel Security)
(12-31-07)                     Farm Service Agency              Position 5 (Real Estate Security)

## SUBORDINATION BY THE GOVERNMENT

1. The United States of America acting through the United States Department of Agriculture (called the "Government") is the owner and holder of the following-described instruments executed by *(a)* Joseph A. Hallada Jr. and Roberta J. Hallada

of *(b)* Oconto _____ County,

State of *(c)* Wisconsin _____ :

| *(d) Title of Instrument* | *(e) Date of Instrument* | *(f) Date Filed* | *(g) Office Filed* | *(h) Document File or Book No* | *(i) Page No.* |
|---|---|---|---|---|---|
| Real Estate Mortgage | 06-15-2004 | 06-16-04 | Register of Deeds (Oconto) | #560547 Vol. 1093 | 224 |

AND, *(j)* GreenStone Farm Credit Services, FLCA _____ (called the "Lender")

has agreed to loan *(k)* $ 125,000.00 __ to *(l)* Joseph A. Hallada, Jr. and
Roberta J. Hallada _____ (called the "Borrower") for the following purposes: *(m)*

(See attachment #1 to this document.)

This instrument is one of nine (1 of 9) subordinations by the Government in favor of
the lender executed this date relating to the Borrower. As used in this instrument,
the term "this subordination" shall include all nine (9) instruments, and the total
limitation of $125,000.00 shall be the combined total of all nine (9) instruments.

**Exhibit BJ**

2. THEREFORE, in consideration of the Lender's agreement to make such loan to Borrower and meet other conditions of this subordination, the Government (1) consents to the Borrower obtaining the loan from the Lender for such purposes, and (2) agrees to and does subordinate in favor of the Lender and its successors and assigns its liens of security interests created or evidenced by the above described instruments insofar as they cover the following described property and provided the Lender perfects a lien on this property:

```
The Northeast fractional Quarter (NE Frac'l ¼) of the Northeast Quarter (NE ¼) of
Section Six (6), Township Twenty-nine (29) North, Range Twenty (20) East, Town of
Lena, Oconto County, Wisconsin.
Tax parcel: 020-060600111
```

3. This subordination is limited to (1) the amount actually loaned by the Lender to the Borrower (principal and accrued interest) for the foregoing purposes, (2) future advances for taxes, insurance, and payments on liens prior to the Lender's lien, and (3) the amount actually advanced for foreclosure costs made by the Lender. Any amount in excess of such amount will not be covered by this subordination unless prior written consent was obtained from the Government for incurring the expenditure in question.

4. The Lender must:

   a. Incorporate into the Borrower's promissory note a statement that the loan will be in default should any proceeds of the loan funds obtained as a result of this subordination be used (1) for a purpose that will contribute to the excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as provided by 7 C.F.R. part 1940, subpart G or any successor regulation, or (2) for any purpose not provided for above.

   b. Obtain a perfected security interest on the above property.

   c. Give notice of foreclosure as required by the Government.

5. FSA offsets under the Debt Collection Act (31 U.S.C. 3711 et seq.) or 7 C.F.R. part 3 have priority over this subordination.

6. When the indebtedness has been satisfied, lender must mark this form "PAID IN FULL" and return it to the Department of Agriculture at the following address:

```
Farm Service Agency

111 Arbutus Avenue

P.O. Box 15

Oconto, WI 54153-0015
```

7. IN WITNESS WHEREOF, the Government has executed this subordination by signing on the *(a)* _____3rd_____ day of *(b)* _____November_____ , *(c)* 20 __08__ .

UNITED STATES OF AMERICA
U.S. DEPARTMENT OF AGRICULTURE

BY    *(d)* *Lyle M. Bergman*
           Lyle M. Bergman

           Farm Loan Officer

TITLE   *(e)* _____

**FARM SERVICE AGENCY**

## 8. ACKNOWLEDGMENT

STATE OF WISCONSIN
COUNTY OF OCONTO

On this 3rd day of November 2008, before me, personally appeared Lyle M. Bergman, to be known to me to be the same person who name is subscribed to the foregoing instrument, and acknowledged that he/she signed and delivered the instrument as his/hers free and voluntary act, for the uses and purposes set forth.

My commission expires:

     09-30-2012

*Lynn M. Shallow*
Lynn M. Shallow
Notary Public

THIS INSTRUMENT WAS DRAFTED BY THE UNITED STATES DEPARTMENT OF AGRICULTURE

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its program and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information ( Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, SW., Washington, DC 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.*

**ATTACHMENT #1**

**ATTACHMENT TO REAL ESTATE SUBORDINATION FOR JOSEPH A. HALLADA AND ROBERTA J. HALLADA IN THE AMOUNT OF $125,000 DATED 11-3-2008 ISSUED TO GREENSTONE FARM CREDIT SERVICES, FLCA – DE PERE, WI**

Loan Purposes:
$ 48,741.00 – Refinance ACA operating loan #1134995500
+ 10,684.00 – Refinance ACA intermediate loan #1136482100
+ 62,010.00 – Refinance Zeitler Agri Center Operating account
+  1,250.00 – Internal appraisal
+  2,315.00 – Loan fees
$125,000.00 – Total loan

Interest rate to be a monthly Tier 3 variable rate product code 3500 starting at 6.25%. Repayment of this loan will be from a monthly by dairy assignment. The Lender is responsible for revising the repayment schedule with any changes in the interest rate to keep the repayment / amortization schedule at 240 months (20 years). This portion of the subordination agreement will expire 20 years from the date of the note, unless repaid prior to that date.

Other Conditions of the subordination:
- This subordination does not cover any future subsequent advances.
- This subordination is subject to GreenStone FCS releasing its purchase money security in the IHC 5088 tractor.
- This subordination agreement replaces one dated 5-12-2008 for $125,000. Please return that subordination agreement back to our office marked "Paid-in-Full".
- Lender is also responsible for returning this subordination agreement to FSA marked "Paid-in Full" when these three loans are fully repaid.

SUBORDINATION

RETURN TO: FARM SERVICE AGENCY
PO BOX 15
OCONTO, WI 54153-0015

This form is available electronically.

**FSA-2455**
(12-31-07)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 1 (Chattel Security)
Position 5 (Real Estate Security)

## SUBORDINATION BY THE GOVERNMENT

1. The United States of America acting through the United States Department of Agriculture (called the "Government") is the owner and holder of the following-described instruments executed by *(a)* Joseph A. Hallada Jr. and Roberta J. Hallada

of *(b)* Oconto _____ County,

State of *(c)* Wisconsin _____ :

| *(d)* Title of Instrument | *(e)* Date of Instrument | *(f)* Date Filed | *(g)* Office Filed | *(h)* Document File or Book No. | *(i)* Page No. |
|---|---|---|---|---|---|
| Real Estate Mortgage | 09-27-2006 | 09-28-2006 | Register of Deeds (Oconto) | #594232 Vol. 1228 | 7 |

AND, *(j)* GreenStone Farm Credit Services, FLCA _____ (called the "Lender")

has agreed to loan *(k)* $ 125,000.00 _____ to *(l)* Joseph A. Hallada, Jr. and

Roberta J. Hallada _____ (called the "Borrower") for the following purposes: *(m)*

(See attachment #1 to this document.)
This instrument is two of nine (2 of 9) subordinations by the Government in favor of
the lender executed this date relating to the Borrower. As used in this instrument,
the term "this subordination" shall include all nine (9) instruments, and the total
limitation of $125,000.00 shall be the combined total of all nine (9) instruments.

**Exhibit BK**

2. THEREFORE, in consideration of the Lender's agreement to make such loan to Borrower and meet other conditions of this subordination, the Government (1) consents to the Borrower obtaining the loan from the Lender for such purposes, and (2) agrees to and does subordinate in favor of the Lender and its successors and assigns its liens of security interests created or evidenced by the above described instruments insofar as they cover the following described property and provided the Lender perfects a lien on this property:

```
The Northeast fractional Quarter (NE Frac'l ¼) of the Northeast Quarter (NE ¼) of
Section Six (6), Township Twenty-nine (29) North, Range Twenty (20) East, Town of
Lena, Oconto County, Wisconsin.
Tax parcel: 020-060600111
```

3. This subordination is limited to (1) the amount actually loaned by the Lender to the Borrower (principal and accrued interest) for the foregoing purposes, (2) future advances for taxes, insurance, and payments on liens prior to the Lender's lien, and (3) the amount actually advanced for foreclosure costs made by the Lender. Any amount in excess of such amount will not be covered by this subordination unless prior written consent was obtained from the Government for incurring the expenditure in question.

4. The Lender must:

   a. Incorporate into the Borrower's promissory note a statement that the loan will be in default should any proceeds of the loan funds obtained as a result of this subordination be used (1) for a purpose that will contribute to the excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as provided by 7 C.F.R. part 1940, subpart G or any successor regulation, or (2) for any purpose not provided for above.

   b. Obtain a perfected security interest on the above property.

   c. Give notice of foreclosure as required by the Government.

5. FSA offsets under the Debt Collection Act (31 U.S.C. 3711 et seq.) or 7 C.F.R. part 3 have priority over this subordination.

6. When the indebtedness has been satisfied, lender must mark this form "PAID IN FULL" and return it to the Department of Agriculture at the following address:

```
Farm Service Agency

111 Arbutus Avenue

P.O. Box 15

Oconto, WI 54153-0015
```

7. IN WITNESS WHEREOF, the Government has executed this subordination by signing on the *(a)* _____3rd_____ day of *(b)* _____November_____ , *(c)* 20 _08_ .

UNITED STATES OF AMERICA
U.S. DEPARTMENT OF AGRICULTURE

BY          *(d)*  *Lyle M. Bergman*
                   Lyle M. Bergman

                   Farm Loan Officer

TITLE       *(e)*  _____

**FARM SERVICE AGENCY**

### 8. ACKNOWLEDGMENT

STATE OF WISCONSIN
COUNTY OF OCONTO

On this 3rd day of November 2008, before me, personally appeared Lyle M. Bergman, to be known to me to be the same person who name is subscribed to the foregoing instrument, and acknowledged that he/she signed and delivered the instrument as his/hers free and voluntary act, for the uses and purposes set forth.

My commission expires:

   09-30-2012                          *Lynn M. Shallow*
                                       Lynn M. Shallow
                                       Notary Public

THIS INSTRUMENT WAS DRAFTED BY THE UNITED STATES DEPARTMENT OF AGRICULTURE

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its program and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information ( Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, SW., Washington, DC 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.*

**ATTACHMENT #1**

**ATTACHMENT TO REAL ESTATE SUBORDINATION FOR JOSEPH A. HALLADA AND ROBERTA J. HALLADA IN THE AMOUNT OF $125,000 DATED 11-3-2008 ISSUED TO GREENSTONE FARM CREDIT SERVICES, FLCA – DE PERE, WI**

Loan Purposes:
$ 48,741.00 – Refinance ACA operating loan #1134995500
+ 10,684.00 – Refinance ACA intermediate loan #1136482100
+ 62,010.00 – Refinance Zeitler Agri Center Operating account
+ 1,250.00 – Internal appraisal
+ 2,315.00 – Loan fees
$125,000.00 – Total loan

Interest rate to be a monthly Tier 3 variable rate product code 3500 starting at 6.25%. Repayment of this loan will be from a monthly by dairy assignment. The Lender is responsible for revising the repayment schedule with any changes in the interest rate to keep the repayment / amortization schedule at 240 months (20 years). This portion of the subordination agreement will expire 20 years from the date of the note, unless repaid prior to that date.

Other Conditions of the subordination:
- This subordination does not cover any future subsequent advances.
- This subordination is subject to GreenStone FCS releasing its purchase money security in the IHC 5088 tractor.
- This subordination agreement replaces one dated 5-12-2008 for $125,000. Please return that subordination agreement back to our office marked "Paid-in-Full".
- Lender is also responsible for returning this subordination agreement to FSA marked "Paid-in Full" when these three loans are fully repaid.

SUBORDINATION

RETURN TO: FARM SERVICE AGENCY
          PO BOX 15
          OCONTO, WI 54153-0015

This form is available electronically.

**FSA-2455**
(12-31-07)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 1 (Chattel Security)
Position 5 (Real Estate Security)

## SUBORDINATION BY THE GOVERNMENT

1. The United States of America acting through the United States Department of Agriculture (called the "Government") is the owner and holder of the following-described instruments executed by *(a)* Joseph A. Hallada Jr. and Roberta J. Hallada

of *(b)* Oconto _____ County,

State of *(c)* Wisconsin _____ :

| *(d) Title of Instrument* | *(e) Date of Instrument* | *(f) Date Filed* | *(g) Office Filed* | *(h) Document File or Book No* | *(i) Page No.* |
|---|---|---|---|---|---|
| Real Estate Mortgage | 10-24-2006 | 10-25-2006 | Register of Deeds (Oconto) | #595329 Vol. 1232 | 398 |

AND, *(j)* GreenStone Farm Credit Services, FLCA _____ (called the "Lender")

has agreed to loan *(k)* $ 125,000.00 _____ to *(l)* Joseph A. Hallada, Jr. and

Roberta J. Hallada _____ (called the "Borrower") for the following purposes: *(m)*

(See attachment #1 to this document.)
This instrument is three of nine (3 of 9) subordinations by the Government in favor of
the lender executed this date relating to the Borrower.  As used in this instrument,
the term "this subordination" shall include all nine (9) instruments, and the total
limitation of $125,000.00 shall be the combined total of all nine (9) instruments.

**Exhibit BL**

2. THEREFORE, in consideration of the Lender's agreement to make such loan to Borrower and meet other conditions of this subordination, the Government (1) consents to the Borrower obtaining the loan from the Lender for such purposes, and (2) agrees to and does subordinate in favor of the Lender and its successors and assigns its liens of security interests created or evidenced by the above described instruments insofar as they cover the following described property and provided the Lender perfects a lien on this property:

The Northeast fractional Quarter (NE Frac'l ¼) of the Northeast Quarter (NE ¼) of Section Six (6), Township Twenty-nine (29) North, Range Twenty (20) East, Town of Lena, Oconto County, Wisconsin.
Tax parcel: 020-060600111

3. This subordination is limited to (1) the amount actually loaned by the Lender to the Borrower (principal and accrued interest) for the foregoing purposes, (2) future advances for taxes, insurance, and payments on liens prior to the Lender's lien, and (3) the amount actually advanced for foreclosure costs made by the Lender. Any amount in excess of such amount will not be covered by this subordination unless prior written consent was obtained from the Government for incurring the expenditure in question.

4. The Lender must:

   a. Incorporate into the Borrower's promissory note a statement that the loan will be in default should any proceeds of the loan funds obtained as a result of this subordination be used (1) for a purpose that will contribute to the excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as provided by 7 C.F.R. part 1940, subpart G or any successor regulation, or (2) for any purpose not provided for above.

   b. Obtain a perfected security interest on the above property.

   c. Give notice of foreclosure as required by the Government.

5. FSA offsets under the Debt Collection Act (31 U.S.C. 3711 et seq.) or 7 C.F.R. part 3 have priority over this subordination.

6. When the indebtedness has been satisfied, lender must mark this form "PAID IN FULL" and return it to the Department of Agriculture at the following address:

Farm Service Agency

111 Arbutus Avenue

P.O. Box 15

Oconto, WI 54153-0015

7. IN WITNESS WHEREOF, the Government has executed this subordination by signing on the *(a)* _____3rd_____ day of *(b)* _____November_____ , *(c)* 20 __08__ .

UNITED STATES OF AMERICA
U.S. DEPARTMENT OF AGRICULTURE

BY     *(d)* _Lyle M. Bergman_____

Lyle M. Bergman

Farm Loan Officer

TITLE     *(e)* _____

FARM SERVICE AGENCY

8. ACKNOWLEDGMENT

STATE OF WISCONSIN
COUNTY OF OCONTO

On this 3rd day of November 2008, before me, personally appeared Lyle M. Bergman, to be known to me to be the same person who name is subscribed to the foregoing instrument, and acknowledged that he/she signed and delivered the instrument as his/hers free and voluntary act, for the uses and purposes set forth.

My commission expires:

09-30-2012

_Lynn M. Shallow_
Lynn M. Shallow
Notary Public

THIS INSTRUMENT WAS DRAFTED BY THE UNITED STATES DEPARTMENT OF AGRICULTURE

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its program and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information ( Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, SW., Washington, DC 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.

**ATTACHMENT #1**

**ATTACHMENT TO REAL ESTATE SUBORDINATION FOR JOSEPH A. HALLADA AND ROBERTA J. HALLADA IN THE AMOUNT OF $125,000 DATED 11-3-2008 ISSUED TO GREENSTONE FARM CREDIT SERVICES, FLCA – DE PERE, WI**

Loan Purposes:
$ 48,741.00 – Refinance ACA operating loan #1134995500
\+ 10,684.00 – Refinance ACA intermediate loan #1136482100
\+ 62,010.00 – Refinance Zeitler Agri Center Operating account
\+   1,250.00 – Internal appraisal
\+   2,315.00 – Loan fees
$125,000.00 – Total loan

Interest rate to be a monthly Tier 3 variable rate product code 3500 starting at 6.25%. Repayment of this loan will be from a monthly by dairy assignment. The Lender is responsible for revising the repayment schedule with any changes in the interest rate to keep the repayment / amortization schedule at 240 months (20 years). This portion of the subordination agreement will expire 20 years from the date of the note, unless repaid prior to that date.

Other Conditions of the subordination:
- This subordination does not cover any future subsequent advances.
- This subordination is subject to GreenStone FCS releasing its purchase money security in the IHC 5088 tractor.
- This subordination agreement replaces one dated 5-12-2008 for $125,000. Please return that subordination agreement back to our office marked "Paid-in-Full".
- Lender is also responsible for returning this subordination agreement to FSA marked "Paid-in Full" when these three loans are fully repaid.

SUBORDINATION

**This form is available electronically.**

**FSA-2455**
(12-31-07)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 1 (Chattel Security)
Position 5 (Real Estate Security)

## SUBORDINATION BY THE GOVERNMENT

1. The United States of America acting through the United States Department of Agriculture (called the "Government") is the owner and holder of the following-described instruments executed by *(a)* Joseph A. Hallada Jr. and Roberta J. Hallada

of *(b)* Oconto _____ Coun

State of *(c)* Wisconsin _____ :

| *(d) Title of Instrument* | *(e) Date of Instrument* | *(f) Date Filed* | *(g) Office Filed* | *(h) Document File or Book No* | *(i) Page No* |
|---|---|---|---|---|---|
| Real Estate Mortgage | 04-15-2008 | 05-19-2008 | Register of Deeds (Oconto) | #614703 Vol. 1311 | 155 |

# Exhibit BM

(called the "Lende

AND, *(j)* GreenStone Farm Credit Services, FLCA

has agreed to loan *(k)* $ 125,000.00 to *(l)* Joseph A. Hallada, Jr. and
Roberta J. Hallada _____ (called the "Borrower") for the following purposes: *(m*

(See attachment #1 to this document.)

2. THEREFORE, in consideration of the Lender's agreement to make such loan to Borrower and meet other conditions of this subordination, the Government (1) consents to the Borrower obtaining the loan from the Lender for such purposes, and (2) agrees to and does subordinate in favor of the Lender and its successors and assigns its liens of security interests created or evidenced by the above described instruments insofar as they cover the following described property and provided the Lender perfects a lien on this property:

```
The Northeast fractional Quarter (NE Frac'l ¼) of the Northeast Quarter (NE ¼) of
Section Six (6), Township Twenty-nine (29) North,  Range Twenty (20) East, Town of
Lena, Oconto County, Wisconsin.
Tax parcel: 020-060600111
```

3. This subordination is limited to (1) the amount actually loaned by the Lender to the Borrower (principal and accrued interest) for the foregoing purposes, (2) future advances for taxes, insurance, and payments on liens prior to the Lender's lien, and (3) the amount actually advanced for foreclosure costs made by the Lender. Any amount in excess of such amount will not be covered by this subordination unless prior written consent was obtained from the Government for incurring the expenditure in question.

4. The Lender must:

    a. Incorporate into the Borrower's promissory note a statement that the loan will be in default should any proceeds of the loan funds obtained as a result of this subordination be used  (1) for a purpose that will contribute to the excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as provided by 7 C.F.R. part 1940, subpart G or any successor regulation, (2) for any purpose not provided for above.

    b. Obtain a perfected security interest on the above property.

    c. Give notice of foreclosure as required by the Government.

5. FSA offsets under the Debt Collection Act (31 U.S.C. 3711 et seq.) or 7 C.F.R. part 3 have priority over this subordination.

6. When the indebtedness has been satisfied, lender must mark this form "PAID IN FULL" and return it to Department of Agriculture at the following address:

```
Farm Service Agency

111 Arbutus Avenue

P.O. Box 15

Oconto, WI 54153-0015
```

7. IN WITNESS WHEREOF, the Government has executed this subordination by signing on the *(a)* _____3rd_____ day of *(b)* _____November_____ , *(c)* 20 __08__ .

UNITED STATES OF AMERICA
U.S. DEPARTMENT OF AGRICULTURE

BY          *(d)*          *Lyle M. Bergman*
                        Lyle M. Bergman

                        Farm Loan Officer

TITLE      *(e)*

FARM SERVICE AGENCY

## 8. ACKNOWLEDGMENT

STATE OF WISCONSIN
COUNTY OF OCONTO

On this 3rd day of November 2008, before me, personally appeared Lyle M. Bergman, to be known to me to be the same person who name is subscribed to the foregoing instrument, and acknowledged that he/she signed and delivered the instrument as his/hers free and voluntary act, for the uses and purposes set forth.

My commission expires:

     09-30-2012          *Lynn M. Shallow*
                        Lynn M. Shallow
                        Notary Public

THIS INSTRUMENT WAS DRAFTED BY THE UNITED STATES DEPARTMENT OF AGRICULTURE

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its program and activities on the basis of race, color, national origin, age, disability, and where applicable sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information ( Braille, large print, audiotape, etc.)

**ATTACHMENT #1**

**ATTACHMENT TO REAL ESTATE SUBORDINATION FOR JOSEPH A. HALLADA AND ROBERTA J. HALLADA IN THE AMOUNT OF $125,000 DATED 11-3-2008 ISSUED TO GREENSTONE FARM CREDIT SERVICES, FLCA – DE PERE, WI**

Loan Purposes:
$ 48,741.00 – Refinance ACA operating loan #1134995500
+ 10,684.00 – Refinance ACA intermediate loan #1136482100
+ 62,010.00 – Refinance Zeitler Agri Center Operating account
+   1,250.00 – Internal appraisal
+   2,315.00 – Loan fees
$125,000.00 – Total loan

Interest rate to be a monthly Tier 3 variable rate product code 3500 starting at 6.25%. Repayment of this loan will be from a monthly by dairy assignment. The Lender is responsible for revising the repayment schedule with any changes in the interest rate to keep the repayment / amortization schedule at 240 months (20 years). This portion of the subordination agreement will expire 20 years from the date of the note, unless repaid prior to that date.

Other Conditions of the subordination:
- This subordination does not cover any future subsequent advances.
- This subordination is subject to GreenStone FCS releasing its purchase money security in the IHC 5088 tractor.
- This subordination agreement replaces one dated 5-12-2008 for $125,000. Please return that subordination agreement back to our office marked "Paid-in-Full".
- Lender is also responsible for returning this subordination agreement to FSA marked "Paid-in Full" when these three loans are fully repaid.

SUBORDINATION

RETURN TO: FARM SERVICE AGENCY
PO BOX 15
OCONTO, WI 54153-0015

This form is available electronically.

**FSA-2455**
(12-31-07)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 1 (Chattel Security)
Position 5 (Real Estate Security)

## SUBORDINATION BY THE GOVERNMENT

1. The United States of America acting through the United States Department of Agriculture (called the "Government") is the owner and holder of the following-described instruments executed by  *(a)* Joseph A. Hallada Jr. and Roberta J. Hallada

of *(b)* Oconto _____ Count

State of *(c)* Wisconsin _____ :

| *(d)* Title of Instrument | *(e)* Date of Instrument | *(f)* Date Filed | *(g)* Office Filed | *(h)* Document File or Book No | *(i)* Page No. |
|---|---|---|---|---|---|
| Financing Statement | 06-03-2003 | 06-03-2003 | Register of Deeds (Oconto) | #540355 | |

# Exhibit BN

AND, *(j)* GreenStone Farm Credit Services, FLCA _____ (called the "Lende

has agreed to loan *(k)* $ 125,000.00 _____ to *(l)* Joseph A. Hallada, Jr. and
Roberta J. Hallada _____ (called the "Borrower") for the following purposes: *(m*

(See attachment #1 to this document.)

This form is available electronically.

2. THEREFORE, in consideration of the Lender's agreement to make such loan to Borrower and meet other conditions of this subordination, the Government (1) consents to the Borrower obtaining the loan from the Lender for such purposes, and (2) agrees to and does subordinate in favor of the Lender and its successors and assigns its liens of security interests created or evidenced by the above described instruments insofar as they cover the following described property and provided the Lender perfects a lien on this property:

```
The Northeast fractional Quarter (NE Frac'l ¼) of the Northeast Quarter (NE ¼) of
Section Six (6), Township Twenty-nine (29) North,  Range Twenty (20) East, Town of
Lena, Oconto County, Wisconsin.
Tax parcel: 020-060600111
```

3. This subordination is limited to (1) the amount actually loaned by the Lender to the Borrower (principal and accrued interest) for the foregoing purposes, (2) future advances for taxes, insurance, and payments on liens prior to the Lender's lien, and (3) the amount actually advanced for foreclosure costs made by the Lender. Any amount in excess of such amount will not be covered by this subordination unless prior written consent was obtained from the Government for incurring the expenditure in question.

4. The Lender must:

a. Incorporate into the Borrower's promissory note a statement that the loan will be in default should any proceeds of the loan funds obtained as a result of this subordination be used  (1) for a purpose that will contribute to the excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as provided by 7 C.F.R. part 1940, subpart G or any successor regulation, o (2) for any purpose not provided for above.

b. Obtain a perfected security interest on the above property.

c. Give notice of foreclosure as required by the Government.

5. FSA offsets under the Debt Collection Act (31 U.S.C. 3711 et seq.) or 7 C.F.R. part 3 have priority over this subordination.

6. When the indebtedness has been satisfied, lender must mark this form "PAID IN FULL" and return it to tl Department of Agriculture at the following address:

```
Farm Service Agency

111 Arbutus Avenue

P.O. Box 15

Oconto, WI 54153-0015
```

7. IN WITNESS WHEREOF, the Government has executed this subordination by signing on the *(a)* _____3rd_____ day of *(b)* _____November_____ , *(c)* 20 __08__ .

UNITED STATES OF AMERICA
U.S. DEPARTMENT OF AGRICULTURE

BY       *(d)* _~~Lyle M. Bergman~~_

Lyle M. Bergman

Farm Loan Officer

TITLE   *(e)* _____

FARM SERVICE AGENCY

## 8. ACKNOWLEDGMENT

STATE OF WISCONSIN
COUNTY OF OCONTO

On this 3rd day of November 2008, before me, personally appeared Lyle M. Bergman, to be known to me to be the same person who name is subscribed to the foregoing instrument, and acknowledged that he/she signed and delivered the instrument as his/hers free and voluntary act, for the uses and purposes set forth.

My commission expires:

09-30-2012

_Lynn M. Shallow_

Lynn M. Shallow
Notary Public

THIS INSTRUMENT WAS DRAFTED BY THE UNITED STATES DEPARTMENT OF AGRICULTURE

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its program and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office o

**ATTACHMENT #1**

**ATTACHMENT TO REAL ESTATE SUBORDINATION FOR JOSEPH A. HALLADA AND ROBERTA J. HALLADA IN THE AMOUNT OF $125,000 DATED 11-3-2008 ISSUED TO GREENSTONE FARM CREDIT SERVICES, FLCA – DE PERE, WI**

Loan Purposes:
$ 48,741.00 – Refinance ACA operating loan #1134995500
+ 10,684.00 – Refinance ACA intermediate loan #1136482100
+ 62,010.00 – Refinance Zeitler Agri Center Operating account
+ 1,250.00 – Internal appraisal
+ 2,315.00 – Loan fees
$125,000.00 – Total loan

Interest rate to be a monthly Tier 3 variable rate product code 3500 starting at 6.25%. Repayment of this loan will be from a monthly by dairy assignment. The Lender is responsible for revising the repayment schedule with any changes in the interest rate to keep the repayment / amortization schedule at 240 months (20 years). This portion of the subordination agreement will expire 20 years from the date of the note, unless repaid prior to that date.

Other Conditions of the subordination:
- This subordination does not cover any future subsequent advances.
- This subordination is subject to GreenStone FCS releasing its purchase money security in the IHC 5088 tractor.
- This subordination agreement replaces one dated 5-12-2008 for $125,000. Please return that subordination agreement back to our office marked "Paid-in-Full".
- Lender is also responsible for returning this subordination agreement to FSA marked "Paid-in Full" when these three loans are fully repaid.

SUBORDINATION

RETURN TO: FARM SERVICE AGENCY
          PO BOX 15
          OCONTO, WI 54153-0015

This form is available electronically.

**FSA-2455**
(12-31-07)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 1 (Chattel Security)
Position 5 (Real Estate Security)

## SUBORDINATION BY THE GOVERNMENT

   1. The United States of America acting through the United States Department of Agriculture (called the "Government") is the owner and holder of the following-described instruments executed by  *(a)* Joseph A. Hallada Jr. and Roberta J. Hallada

of *(b)* Oconto _____ Count

State of *(c)* Wisconsin _____ :

| *(d) Title of Instrument* | *(e) Date of Instrument* | *(f) Date Filed* | *(g) Office Filed* | *(h) Document File or Book No.* | *(i) Page No.* |
|---|---|---|---|---|---|
| Real Estate Mortgage | 06-15-2004 | 06-16-2004 | Register of Deeds (Marinette) | #666140 | |

# Exhibit BO

AND, *(j)* GreenStone Farm Credit Services, FLCA _____ (called the "Lende

has agreed to loan *(k)* $ 125,000.00 _____ to *(l)* Joseph A. Hallada, Jr. and
Roberta J. Hallada _____ (called the "Borrower") for the following purposes: *(m*

(See attachment #1 to this document.)
This instrument ... Government in favor of
the lender executed this date relating to the Borrower. As used in this instrument,

2. THEREFORE, in consideration of the Lender's agreement to make such loan to Borrower and meet other conditions of this subordination, the Government (1) consents to the Borrower obtaining the loan from the Lender for such purposes, and (2) agrees to and does subordinate in favor of the Lender and its successors and assigns its liens of security interests created or evidenced by the above described instruments insofar as they cover the following described property and provided the Lender perfects a lien on this property:

(See attachment #2 to this document.)

3. This subordination is limited to (1) the amount actually loaned by the Lender to the Borrower (principal and accrued interest) for the foregoing purposes, (2) future advances for taxes, insurance, and payments on liens prior to the Lender's lien, and (3) the amount actually advanced for foreclosure costs made by the Lender. Any amount in excess of such amount will not be covered by this subordination unless prior written consent was obtained from the Government for incurring the expenditure in question.

4. The Lender must:

   a. Incorporate into the Borrower's promissory note a statement that the loan will be in default should an proceeds of the loan funds obtained as a result of this subordination be used (1) for a purpose that wil contribute to the excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as provided by 7 C.F.R. part 1940, subpart G or any successor regulation, (2) for any purpose not provided for above.

   b. Obtain a perfected security interest on the above property.

   c. Give notice of foreclosure as required by the Government.

5. FSA offsets under the Debt Collection Act (31 U.S.C. 3711 et seq.) or 7 C.F.R. part 3 have priority over this subordination.

6. When the indebtedness has been satisfied, lender must mark this form "PAID IN FULL" and return it to Department of Agriculture at the following address:

Farm Service Agency

111 Arbutus Avenue

P.O. Box 15

Oconto, WI 54153-0015

7.  IN WITNESS WHEREOF, the Government has executed this subordination by signing on the *(a)* _____3rd_____ day of *(b)* _____November_____ , *(c)* 20 __08__ .

UNITED STATES OF AMERICA
U.S. DEPARTMENT OF AGRICULTURE

BY        *(d)* _____

Lyle M. Bergman

Farm Loan Officer

TITLE     *(e)* _____

**FARM SERVICE AGENCY**

## 8.  ACKNOWLEDGMENT

STATE OF WISCONSIN
COUNTY OF OCONTO

On this 3rd day of November 2008, before me, personally appeared Lyle M. Bergman, to be known to me to be the same person who name is subscribed to the foregoing instrument, and acknowledged that he/she signed and delivered the instrument as his/hers free and voluntary act, for the uses and purposes set forth.

My commission expires:

09-30-2012                         Lynn M. Shallow
                                   Notary Public

THIS INSTRUMENT WAS DRAFTED BY THE UNITED STATES DEPARTMENT OF AGRICULTURE

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its program and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information ( Braille, large print, audiotape, etc.)

**ATTACHMENT #1**

**ATTACHMENT TO REAL ESTATE SUBORDINATION FOR JOSEPH A. HALLADA AND ROBERTA J. HALLADA IN THE AMOUNT OF $125,000 DATED 11-3-2008 ISSUED TO GREENSTONE FARM CREDIT SERVICES, FLCA – DE PERE, WI**

Loan Purposes:
$ 48,741.00 – Refinance ACA operating loan #1134995500
+ 10,684.00 – Refinance ACA intermediate loan #1136482100
+ 62,010.00 – Refinance Zeitler Agri Center Operating account
+   1,250.00 – Internal appraisal
+   2,315.00 – Loan fees
$125,000.00 – Total loan

Interest rate to be a monthly Tier 3 variable rate product code 3500 starting at 6.25%. Repayment of this loan will be from a monthly by dairy assignment. The Lender is responsible for revising the repayment schedule with any changes in the interest rate to keep the repayment / amortization schedule at 240 months (20 years). This portion of the subordination agreement will expire 20 years from the date of the note, unless repaid prior to that date.

Other Conditions of the subordination:
- This subordination does not cover any future subsequent advances.
- This subordination is subject to GreenStone FCS releasing its purchase money security in the IHC 5088 tractor.
- This subordination agreement replaces one dated 5-12-2008 for $125,000. Please return that subordination agreement back to our office marked "Paid-in-Full".
- Lender is also responsible for returning this subordination agreement to FSA marked "Paid-in Full" when these three loans are fully repaid.

**ATTACHMENT #2**

**ATTACHMENT TO REAL ESTATE SUBORDINATION FOR JOSEPH A. HALLADA AND ROBERT J. HALLAD IN THE AMOUNT OF $125,000 DATED 11-2008 ISSUED TO GREENSTONE FARM CREDIT SERVICES, FLCA – DE PERE, WI**

The Southwest Quarter (SW ¼) of the Northeast Quarter (NE ¼);
The Northwest Quarter (NW ¼) of the Southeast Quarter (SE ¼)'
The East half (E ½) of the Southeast Quarter (SE ¼)
All in Section 31, T30N, R20E, Marinette County, Wisconsin.

The Northwest Quarter (NW ¼) of the Southwest Quarter (SW ¼) of Section 28, T30N, R20E, containing 40 acres More or less, according to Government Survey, But **EXCEPTING THEREFROM** that part thereof described as: Beginning on the West line said forty, at a point 775 feet North From the Southwest corner thereof; thence East, at right angles, 300 Feet; Thence North, at right angles, 270 feet; thence West, at right angles, 300 Feet to the West line of said forty; thence South, on said West line, 270 Feet, to the point of beginning, situate in the Town of Pound, Marinette County, Wisconsin.

Subject to existing highways, easement(s) and right of way(s) of record.

SUBORDINATION

RETURN TO: FARM SERVICE AGENCY
           PO BOX 15
           OCONTO, WI 54153-0015

**This form is available electronically.**

**FSA-2455**
(12-31-07)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 1 (Chattel Securit
Position 5 (Real Estate Securit

## SUBORDINATION BY THE GOVERNMENT

    1. The United States of America acting through the United States Department of Agriculture (called the "Government") is the owner and holder of the following-described instruments executed by *(a)* Joseph A. Hallada Jr. and Roberta J. Hallada

of *(b)* Oconto _____ Coun

State of *(c)* Wisconsin _____ :

| *(d) Title of Instrument* | *(e) Date of Instrument* | *(f) Date Filed* | *(g) Office Filed* | *(h) Document File or Book No* | *(i) Page No* |
|---|---|---|---|---|---|
| Real Estate Mortgage | 09-27-2006 | 09-28-2006 | Register of Deeds (Marinette) | #699968 | |

# Exhibit BP

AND, *(j)* GreenStone Farm Credit Services, FLCA _____ (called the "Lende

has agreed to loan *(k)* $ 125,000.00 _____ to *(l)* Joseph A. Hallada, Jr. and Roberta J. Hallada _____ (called the "Borrower") for the following purposes: *(m*

(See attachment #1 to this document.)
This _____ Government in favor
the lender executed this date relating to the Borrower. As used in this instrument,

2. THEREFORE, in consideration of the Lender's agreement to make such loan to Borrower and meet other conditions of this subordination, the Government (1) consents to the Borrower obtaining the loan from the Lender for such purposes, and (2) agrees to and does subordinate in favor of the Lender and its successors and assigns its liens of security interests created or evidenced by the above described instruments insofar as they cover the following described property and provided the Lender perfects a lien on this property:

(See attachment #2 to this document.)

3. This subordination is limited to (1) the amount actually loaned by the Lender to the Borrower (principal and accrued interest) for the foregoing purposes, (2) future advances for taxes, insurance, and payments on liens prior to the Lender's lien, and (3) the amount actually advanced for foreclosure costs made by the Lender. Any amount in excess of such amount will not be covered by this subordination unless prior written consent was obtained from the Government for incurring the expenditure in question.

4. The Lender must:

   a. Incorporate into the Borrower's promissory note a statement that the loan will be in default should any proceeds of the loan funds obtained as a result of this subordination be used (1) for a purpose that will contribute to the excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as provided by 7 C.F.R. part 1940, subpart G or any successor regulation, (2) for any purpose not provided for above.

   b. Obtain a perfected security interest on the above property.

   c. Give notice of foreclosure as required by the Government.

5. FSA offsets under the Debt Collection Act (31 U.S.C. 3711 et seq.) or 7 C.F.R. part 3 have priority over this subordination.

6. When the indebtedness has been satisfied, lender must mark this form "PAID IN FULL" and return it to Department of Agriculture at the following address:

Farm Service Agency

111 Arbutus Avenue

P.O. Box 15

Oconto, WI 54153-0015

7. IN WITNESS WHEREOF, the Government has executed this subordination by signing on
the *(a)* _____3rd_____ day of *(b)* _____November_____ , *(c)* 20 __08__ .

                                            UNITED STATES OF AMERICA
                                            U.S. DEPARTMENT OF AGRICULTURE

                                    BY      *(d)* _Lyle M. Bergman_

                                            Lyle M. Bergman

                                            Farm Loan Officer

                                    TITLE   *(e)* _____

                                            **FARM SERVICE AGENCY**

## 8. ACKNOWLEDGMENT

STATE OF WISCONSIN
COUNTY OF OCONTO

On this 3rd day of November 2008, before me, personally appeared Lyle M. Bergman, to
be known to me to be the same person who name is subscribed to the foregoing
instrument, and acknowledged that he/she signed and delivered the instrument as
his/hers free and voluntary act, for the uses and purposes set forth.

My commission expires:

        09-30-2012                          _Lynn M. Shallow_
                                            Lynn M. Shallow
                                            Notary Public


THIS INSTRUMENT WAS DRAFTED BY THE UNITED STATES DEPARTMENT OF AGRICULTURE

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its program and activities on the basis of race, color, national origin, age,
disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs,
reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all
programs.) Persons with disabilities who require alternative means for communication of program information ( Braille, large print, audiotape, etc.)
should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office*

**ATTACHMENT #1**

**ATTACHMENT TO REAL ESTATE SUBORDINATION FOR JOSEPH A. HALLADA AND ROBERTA J. HALLADA IN THE AMOUNT OF $125,000 DATED 11-3-2008 ISSUED TO GREENSTONE FARM CREDIT SERVICES, FLCA – DE PERE, WI**

Loan Purposes:
$ 48,741.00 – Refinance ACA operating loan #1134995500
+ 10,684.00 – Refinance ACA intermediate loan #1136482100
+ 62,010.00 – Refinance Zeitler Agri Center Operating account
+  1,250.00 – Internal appraisal
+  2,315.00 – Loan fees
$125,000.00 – Total loan

Interest rate to be a monthly Tier 3 variable rate product code 3500 starting at 6.25%. Repayment of this loan will be from a monthly by dairy assignment. The Lender is responsible for revising the repayment schedule with any changes in the interest rate to keep the repayment / amortization schedule at 240 months (20 years). This portion of the subordination agreement will expire 20 years from the date of the note, unless repaid prior to that date.

Other Conditions of the subordination:
- This subordination does not cover any future subsequent advances.
- This subordination is subject to GreenStone FCS releasing its purchase money security in the IHC 5088 tractor.
- This subordination agreement replaces one dated 5-12-2008 for $125,000. Please return that subordination agreement back to our office marked "Paid-in-Full".
- Lender is also responsible for returning this subordination agreement to FSA marked "Paid-in Full" when these three loans are fully repaid.

**ATTACHMENT #2**

**ATTACHMENT TO REAL ESTATE SUBORDINATION FOR JOSEPH A. HALLADA AND ROBERT J. HALLAD IN THE AMOUNT OF $125,000 DATED 11-2008 ISSUED TO GREENSTONE FARM CREDIT SERVICES, FLCA – DE PERE, WI**

The Southwest Quarter (SW ¼) of the Northeast Quarter (NE ¼);
The Northwest Quarter (NW ¼) of the Southeast Quarter (SE ¼)'
The East half (E ½) of the Southeast Quarter (SE ¼)
All in Section 31, T30N, R20E, Marinette County, Wisconsin.

The Northwest Quarter (NW ¼) of the Southwest Quarter (SW ¼) of Section 28, T30N, R20E, containing 40 acres More or less, according to Government Survey, But **EXCEPTING THEREFROM** that part thereof described as: Beginning on the West line said forty, at a point 775 feet North From the Southwest corner thereof; thence East, at right angles, 300 Feet; Thence North, at right angles, 270 feet; thence West, at right angles, 300 Feet to the West line of said forty; thence South, on said West line, 270 Feet, to the point of beginning, situate in the Town of Pound, Marinette County, Wisconsin.

Subject to existing highways, easement(s) and right of way(s) of record.

SUBORDINATION

RETURN TO: FARM SERVICE AGENCY
          PO BOX 15
          OCONTO, WI 54153-0015

This form is available electronically.

**FSA-2455**
(12-31-07)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 1 (Chattel Security
Position 5 (Real Estate Security

## SUBORDINATION BY THE GOVERNMENT

1. The United States of America acting through the United States Department of Agriculture (called the "Government") is the owner and holder of the following-described instruments executed by *(a)* Joseph A. Hallada Jr. and Roberta J. Hallada

of *(b)* Oconto _____ Count

State of *(c)* Wisconsin :

| *(d) Title of Instrument* | *(e) Date of Instrument* | *(f) Date Filed* | *(g) Office Filed* | *(h) Document File or Book No* | *(i) Page No* |
|---|---|---|---|---|---|
| Real Estate Mortgage | 10-24-2006 | 10-31-2006 | Register of Deeds (Marinette) | #701291 | |

# Exhibit BQ

AND, *(j)* GreenStone Farm Credit Services, FLCA _____ (called the "Lende

has agreed to loan *(k)* $ 125,000.00 ____ to *(l)* Joseph A. Hallada, Jr. and
Roberta J. Hallada _____ (called the "Borrower") for the following purposes: *(m*

(See attachment #1 to this document.)
This ~~Case 1:18-cv-00822~~ ght ~~Filed 05/30/18~~ of ~~Pages 1 of 5~~ in ~~Document 1-69~~ Government in favor
the lender executed this date relating to the Borrower. As used in this instrument,

2. THEREFORE, in consideration of the Lender's agreement to make such loan to Borrower and meet other conditions of this subordination, the Government (1) consents to the Borrower obtaining the loan from the Lender for such purposes, and (2) agrees to and does subordinate in favor of the Lender and its successors and assigns its liens of security interests created or evidenced by the above described instruments insofar as they cover the following described property and provided the Lender perfects a lien on this property:

(See attachment #2 to this document.)

3. This subordination is limited to (1) the amount actually loaned by the Lender to the Borrower (principal and accrued interest) for the foregoing purposes, (2) future advances for taxes, insurance, and payments on liens prior to the Lender's lien, and (3) the amount actually advanced for foreclosure costs made by the Lender. Any amount in excess of such amount will not be covered by this subordination unless prior written consent was obtained from the Government for incurring the expenditure in question.

4. The Lender must:

   a. Incorporate into the Borrower's promissory note a statement that the loan will be in default should any proceeds of the loan funds obtained as a result of this subordination be used (1) for a purpose that will contribute to the excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as provided by 7 C.F.R. part 1940, subpart G or any successor regulation, (2) for any purpose not provided for above.

   b. Obtain a perfected security interest on the above property.

   c. Give notice of foreclosure as required by the Government.

5. FSA offsets under the Debt Collection Act (31 U.S.C. 3711 et seq.) or 7 C.F.R. part 3 have priority over this subordination.

6. When the indebtedness has been satisfied, lender must mark this form "PAID IN FULL" and return it to Department of Agriculture at the following address:

Farm Service Agency

111 Arbutus Avenue

P.O. Box 15

Oconto, WI 54153-0015

7. IN WITNESS WHEREOF, the Government has executed this subordination by signing on the *(a)* _____3rd_____ day of *(b)* _____November_____, *(c)* 20 __08__ .

UNITED STATES OF AMERICA
U.S. DEPARTMENT OF AGRICULTURE

BY        *(d)* _Lyle M. Bergman_

Lyle M. Bergman

Farm Loan Officer

TITLE     *(e)* _____

FARM SERVICE AGENCY

## 8. ACKNOWLEDGMENT

STATE OF WISCONSIN
COUNTY OF OCONTO

On this 3rd day of November 2008, before me, personally appeared Lyle M. Bergman, to be known to me to be the same person who name is subscribed to the foregoing instrument, and acknowledged that he/she signed and delivered the instrument as his/hers free and voluntary act, for the uses and purposes set forth.

My commission expires:

      09-30-2012

_Lynn M. Shallow_
Lynn M. Shallow
Notary Public

THIS INSTRUMENT WAS DRAFTED BY THE UNITED STATES DEPARTMENT OF AGRICULTURE

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its program and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information ( Braille, large print, audiotape, etc. should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office

Case 1:18-cv-00022   Filed 05/30/18   Page 2 of 3   Document 1-69

**ATTACHMENT #1**

**ATTACHMENT TO REAL ESTATE SUBORDINATION FOR JOSEPH A. HALLADA AND ROBERTA J. HALLADA IN THE AMOUNT OF $125,000 DATED 11-3-2008 ISSUED TO GREENSTONE FARM CREDIT SERVICES, FLCA – DE PERE, WI**

Loan Purposes:
$ 48,741.00 – Refinance ACA operating loan #1134995500
+ 10,684.00 – Refinance ACA intermediate loan #1136482100
+ 62,010.00 – Refinance Zeitler Agri Center Operating account
+  1,250.00 – Internal appraisal
+  2,315.00 – Loan fees
$125,000.00 – Total loan

Interest rate to be a monthly Tier 3 variable rate product code 3500 starting at 6.25%. Repayment of this loan will be from a monthly by dairy assignment. The Lender is responsible for revising the repayment schedule with any changes in the interest rate to keep the repayment / amortization schedule at 240 months (20 years). This portion of the subordination agreement will expire 20 years from the date of the note, unless repaid prior to that date.

Other Conditions of the subordination:
- This subordination does not cover any future subsequent advances.
- This subordination is subject to GreenStone FCS releasing its purchase money security in the IHC 5088 tractor.
- This subordination agreement replaces one dated 5-12-2008 for $125,000. Please return that subordination agreement back to our office marked "Paid-in-Full".
- Lender is also responsible for returning this subordination agreement to FSA marked "Paid-in Full" when these three loans are fully repaid.

**ATTACHMENT #2**

**ATTACHMENT TO REAL ESTATE SUBORDINATION FOR JOSEPH A. HALLADA AND ROBERT J. HALLAD IN THE AMOUNT OF $125,000 DATED 11-3 2008 ISSUED TO GREENSTONE FARM CREDIT SERVICES, FLCA – DE PERE, WI**

The Southwest Quarter (SW ¼) of the Northeast Quarter (NE ¼);
The Northwest Quarter (NW ¼) of the Southeast Quarter (SE ¼)'
The East half (E ½) of the Southeast Quarter (SE ¼)
All in Section 31, T30N, R20E, Marinette County, Wisconsin.

The Northwest Quarter (NW ¼) of the Southwest Quarter (SW ¼) of Section 28, T30N, R20E, containing 40 acres More or less, according to Government Survey, But **EXCEPTING THEREFROM** that part thereof described as: Beginning on the West line o said forty, at a point 775 feet North From the Southwest corner thereof; thence East, at right angles, 300 Feet; Thence North, at right angles, 270 feet; thence West, at right angles, 300 Feet to the West line of said forty; thence South, on said West line, 270 Feet, to the point of beginning, situate in the Town of Pound, Marinette County, Wisconsin.

Subject to existing highways, easement(s) and right of way(s) of record.

SUBORDINATION

RETURN TO: FARM SERVICE AGENCY
              PO BOX 15
              OCONTO, WI 54153-0015

**This form is available electronically.**

**FSA-2455**
(12-31-07)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 1 (Chattel Security
Position 5 (Real Estate Security

## SUBORDINATION BY THE GOVERNMENT

1. The United States of America acting through the United States Department of Agriculture (called the "Government") is the owner and holder of the following-described instruments executed by *(a)* Joseph A. Hallada Jr. and Roberta J. Hallada

of *(b)* Oconto _____ Count

State of *(c)* Wisconsin _____ :

| *(d) Title of Instrument* | *(e) Date of Instrument* | *(f) Date Filed* | *(g) Office Filed* | *(h) Document File or Book No* | *(i) Page No* |
|---|---|---|---|---|---|
| Real Estate Mortgage | 04-15-2008 | 05-19-2008 | Register of Deeds (Marinette) | #721466 | |

# Exhibit BR

AND, *(j)* GreenStone Farm Credit Services, FLCA _____ (called the "Lende

has agreed to loan *(k)* $ 125,000.00 _____ to *(l)* Joseph A. Hallada, Jr. and
Roberta J. Hallada _____ (called the "Borrower") for the following purposes: *(m*

(See attachment #1 to this document.)
This form ...

2.  THEREFORE, in consideration of the Lender's agreement to make such loan to Borrower and meet other conditions of this subordination, the Government (1) consents to the Borrower obtaining the loan from the Lender for such purposes, and (2) agrees to and does subordinate in favor of the Lender and its successors and assigns its liens of security interests created or evidenced by the above described instruments insofar as they cover the following described property and provided the Lender perfects a lien on this property:

(See attachment #2 to this document.)

3.  This subordination is limited to (1) the amount actually loaned by the Lender to the Borrower (principal and accrued interest) for the foregoing purposes, (2) future advances for taxes, insurance, and payments on liens prior to the Lender's lien, and (3) the amount actually advanced for foreclosure costs made by the Lender. Any amount in excess of such amount will not be covered by this subordination unless prior written consent was obtained from the Government for incurring the expenditure in question.

4.  The Lender must:

    a.  Incorporate into the Borrower's promissory note a statement that the loan will be in default should any proceeds of the loan funds obtained as a result of this subordination be used (1) for a purpose that will contribute to the excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as provided by 7 C.F.R. part 1940, subpart G or any successor regulation, (2) for any purpose not provided for above.

    b.  Obtain a perfected security interest on the above property.

    c.  Give notice of foreclosure as required by the Government.

5.  FSA offsets under the Debt Collection Act (31 U.S.C. 3711 et seq.) or 7 C.F.R. part 3 have priority over this subordination.

6.  When the indebtedness has been satisfied, lender must mark this form "PAID IN FULL" and return it to the Department of Agriculture at the following address:

Farm Service Agency

111 Arbutus Avenue

P.O. Box 15

Oconto, WI 54153-0015

7. IN WITNESS WHEREOF, the Government has executed this subordination by signing on the *(a)* _____3rd_____ day of *(b)* _____November_____ , *(c)* 20 __08__ .

UNITED STATES OF AMERICA
U.S. DEPARTMENT OF AGRICULTURE

BY          *(d)* *Lyle M. Bergman*

Lyle M. Bergman

Farm Loan Officer

TITLE       *(e)* _____

**FARM SERVICE AGENCY**

## 8. ACKNOWLEDGMENT

STATE OF WISCONSIN
COUNTY OF OCONTO

On this 3rd day of November 2008, before me, personally appeared Lyle M. Bergman, to be known to me to be the same person who name is subscribed to the foregoing instrument, and acknowledged that he/she signed and delivered the instrument as his/hers free and voluntary act, for the uses and purposes set forth.

My commission expires:

09-30-2012                                    *Lynn M. Shallow*
                                              Lynn M. Shallow
                                              Notary Public

THIS INSTRUMENT WAS DRAFTED BY THE UNITED STATES DEPARTMENT OF AGRICULTURE

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information ( Braille, large print, audiotape, etc.)

# ATTACHMENT #1

## ATTACHMENT TO REAL ESTATE SUBORDINATION FOR JOSEPH A. HALLADA AND ROBERT J. HALLAD IN THE AMOUNT OF $125,000 DATED 11-3-2008 ISSUED TO GREENSTONE FARM CREDIT SERVICES, FLCA – DE PERE, WI

Loan Purposes:
$ 48,741.00 – Refinance ACA operating loan #1134995500
+ 10,684.00 – Refinance ACA intermediate loan #1136482100
+ 62,010.00 – Refinance Zeitler Agri Center Operating account
+   1,250.00 – Internal appraisal
+   2,315.00 – Loan fees
$125,000.00 – Total loan

Interest rate to be a monthly Tier 3 variable rate product code 3500 starting at 6.25%. Repayment of this loan will be from a monthly by dairy assignment. The Lender is responsible for revising the repayment schedule with any changes in the interest rate to keep the repayment / amortization schedule at 240 months (20 years). This portion of the subordination agreement will expire 20 years from the date of the note, unless repaid prior to that date.

Other Conditions of the subordination:
- This subordination does not cover any future subsequent advances.
- This subordination is subject to GreenStone FCS releasing its purchase money security in the IHC 5088 tractor.
- This subordination agreement replaces one dated 5-12-2008 for $125,000. Please return that subordination agreement back to our office marked "Paid-in-Full".
- Lender is also responsible for returning this subordination agreement to FSA marked "Paid-in Full" when these three loans are fully repaid.

## ATTACHMENT #2

**ATTACHMENT TO REAL ESTATE SUBORDINATION FOR JOSEPH A. HALLADA AND ROBERT J. HALLAD IN THE AMOUNT OF $125,000 DATED 11-2008 ISSUED TO GREENSTONE FARM CREDIT SERVICES, FLCA – DE PERE, WI**

The Southwest Quarter (SW ¼) of the Northeast Quarter (NE ¼);
The Northwest Quarter (NW ¼) of the Southeast Quarter (SE ¼)'
The East half (E ½) of the Southeast Quarter (SE ¼)
All in Section 31, T30N, R20E, Marinette County, Wisconsin.

The Northwest Quarter (NW ¼) of the Southwest Quarter (SW ¼) of Section 28, T30N, R20E, containing 40 acres More or less, according to Government Survey, But **EXCEPTING THEREFROM** that part thereof described as: Beginning on the West line said forty, at a point 775 feet North From the Southwest corner thereof; thence East, at right angles, 300 Feet; Thence North, at right angles, 270 feet; thence West, at right angles, 300 Feet to the West line of said forty; thence South, on said West line, 270 Feet, to the point of beginning, situate in the Town of Pound, Marinette County, Wisconsin.

Subject to existing highways, easement(s) and right of way(s) of record.



United States
Department of
Agriculture

Farm and Foreign
Agricultural
Services

Farm
Service
Agency

Wisconsin State Office
8030 Excelsior Drive, Suite 100
Madison, WI 53717
Ph.: 608-662-4422
Fax: 855-758-0755

Certified Mail Return Receipt Requested & Regular

7016 1370 0000 8123 0214

# NOTICE OF ACCELERATION OF YOUR DEBT TO THE FARM SERVICE AGENCY AND DEMAND FOR PAYMENT OF THAT DEBT

Roberta J. Hallada
Joseph A. Hallada JR
9677 Midway Road
Coleman, WI 54112

February 14, 2018

Dear Mr. & Mrs. Hallada:

PLEASE NOTE that the entire indebtedness due on the promissory notes and/or assumption agreements which evidence the loans received by you from the United States of America, acting through the Farm Service Agency, United States Department of Agriculture is now declared immediately due and payable. They are described as follows:

| Debt Instrument | Date of Instrument | Original Amount |
|---|---|---|
| Promissory Note | August 12, 2009 | $1,211.91 |
| Promissory Note | August 12, 2009 | $22,390.59 |
| Promissory Note | August 12, 2009 | $16,255.39 |
| Promissory Note | August 12, 2009 | $59,921.65 |
| Promissory Note | August 12, 2009 | $22,900.57 |
| Promissory Note | August 12, 2009 | $41,137.15 |
| Promissory Note | August 12, 2009 | $16,522.74 |
| Promissory Note | September 8, 2010 | $35,500 |
| Promissory Note | July 8, 2011 | $48,610 |
| Promissory Note | August 11, 2011 | $13,700 |
| Promissory Note | August 28, 2012 | $28,750 |
| Promissory Note | January 9, 2014 | $20,440 |
| Promissory Note | January 9, 2014 | $31,500 |

USDA is an equal opportunity employer, provider and lender.

The promissory notes or assumption agreements are secured by real estate mortgages, deeds of trust, security agreement, and financing statements, etc., described and perfected as follows:

| Security Instrument | Date Recorded | Recording Office | Recording Information |
|---|---|---|---|
| Fin. Ste. | June 3, 2003 | Oconto County | 540355 |
| Continuation | Jan 2, 2008 | Oconto County | 610067 |
| Continuation | January 17, 2013 | Oconto County | 664184 |
| Continuation | December 18, 2017 | Oconto county | 709087 |
| Fin. Ste. | December 18, 2014 | WDFI | 140016313620 |
| Fin Ste. | May 30, 2003 | WDFI | 030009013619 |
| Fin. Ste. | June 23, 2000 | Oconto County | 00251311 |
| Fin. Ste. | June 21, 2000 | Oconto County | 00299500 |
| Continuation | December 21, 2007 | WDFI | 070017439933 |
| Continuation | January 14, 2003 | WDFI | 130000674926 |
| Continuation | December 18, 2017 | WDFI | 170016918429 |
| Mortgage | December 18, 2014 | Oconto County | 682281 |
| Mortgage | June 15, 2014 | Marinette County | 666140 |
| Mortgage | June 15, 2004 | Oconto County | 560547 |
| Mortgage | October 24, 2006 | Oconto County | 595329 |
| Mortgage | September 27, 2006 | Marinette County | 699968 |
| Mortgage | September 27, 2006 | Oconto County | 594232 |
| Mortgage | August 12, 2009 | Marinette County | 735983 |
| Mortgage | August 12, 2009 | Oconto County | 628135 |
| Mortgage | April 15, 2008 | Marinette County | 721466 |
| Mortgage | April 15, 2008 | Oconto county | 614703 |
| Mortgage | October 24, 2006 | Marinette County | 701291 |
| Mortgage | August 12, 2009 | Marinette County | 735983 |
| Mortgage | August 12, 2009 | Oconto County | 628135 |
| Mortgage | April 15, 2008 | Marinette County | 721466 |
| Mortgage | May 19, 2008 | Oconto County | 614703 |
| Mortgage | October 24, 2006 | Marinette County | 701291 |
| Mortgage | August 28, 2012 | Oconto County | 659761 |
| Mortgage | August 28, 2012 | Marinette County | 659761 |
| Mortgage | August 11, 2011 | Marinette County | 659761 |
| Mortgage | August 11, 2011 | Oconto County | 648564 |
| Mortgage | July 8, 2011 | Marinette County | 755444 |
| Mortgage | July 8, 2011 | Oconto County | 647815 |
| Mortgage | September 8, 2010 | Marinette County | 747203 |
| Mortgage | September 8, 2010 | Oconto, County | 638750 |
| Mortgage | December 18, 2014 | Marinette County | 789919 |
| Mortgage | June 23, 2014 | Oconto County | 677871 |
| Mortgage | June 23, 2014 | Marinette County | 784912 |
| Mortgage | January 9, 2014 | Oconto County | 747203 |
| Mortgage | January 9, 2014 | Marinette County | 781060 |

This acceleration of your indebtedness is made in accordance with the authority granted in the above-described instruments. **The reasons for the acceleration of your indebtedness include your monetary default.**

The indebtedness due is $257,297.86 unpaid principal, and $21,190.32 interest, as of today plus additional interest accruing at the rate of $19.3521 per day thereafter, plus any advances made by the United States for the protection of its security and interest accruing on any such advances and any shared appreciation. Unless full payment of your indebtedness is received made by one of the methods described below within 30 days from the date of this letter, the United States will foreclose the above described security instruments and pursue any other available remedies.

If your account is referred to the Department of Justice for foreclosure and/or other collection activity after foreclosure, such as a deficiency judgment or enforcing a judgment lien, attorney's fees may be added to your debt as well as a Department of Justice fee of 3 percent.

Full payment may be made in any of the following ways:

A) CASH

   Payment should be made by cashier's check, certified check, or postal money order payable to the Farm Service Agency and delivered to FSA at the above listed address.

   If you submit to the UNITED STATES any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the Farm Service Agency and yourself, that payment <u>WILL NOT CANCEL</u> the effect of this notice. If such insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the UNITED STATES may have for breach of any promissory note or covenant in the security instruments will result and the Farm Service Agency may proceed as though no such payment had been made.

B) TRANSFER AND ASSUMPTION

   You may transfer the collateral for your loans to someone who is willing and able to assume the debt. Contact FSA immediately if you are interested in this.

C) SALE

   You may sell the collateral for your loans for its market value and send the proceeds to FSA or to other creditors with liens prior to FSA's lien. Contact FSA immediately if you are interested in this.

If you fail to comply with the requirements outlined in this notice within the next 30 days, the United States plans to proceed with foreclosure/liquidation.

YOU DO NOT HAVE ANY RIGHT TO APPEAL THIS DECISION TO ACCELERATE YOUR FSA DEBTS.

**UNITED STATES OF AMERICA**

BY: _____

Tyler Radke
District Director
Farm Service Agency
United States Department of Agriculture

TR:dl

cc:    Farm Loan Chief, FSA/STO
       Farm Loan Specialist, FSA/Manitowoc County USDA Service Center
       Farm Loan Manager, FSA/Shawano County USDA Service Center

Notice to Customers Presenting Checks

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. For inquiries, please contact your local office.

Privacy Act – A Privacy Act Statement required by 5.U.S.C. § 552a(e)(3) stating our authority for soliciting and collecting the information from your check, and explaining the purposes and routine uses which will be made of your check information, is available from our Internet site at (http://www.fms.treas.gov/otcnet/index.html ), or call toll free at (1-866-945-7920) to obtain a copy by mail. Furnishing the check information is voluntary, but a decision not to do so may require you to make payment by some other method..

USDA is an equal opportunity employer, provider and lender.

# USPS Tracking®

FAQs    (http://faq.usps.com/?articleId=220900)

Track Another Package  ✚

Remove

**Tracking Number:** 70161370000081230214

**Expected Delivery on**

## SATURDAY
# 17
FEBRUARY
2018

**by**
**8:00pm**

### Delivered

February 17, 2018 at 1:12 pm
Delivered, Left with Individual
COLEMAN, WI 54112

**Get Updates**

**Text & Email Updates**

**Tracking History**

**Product Information**

**See Less**

How can I help you?

/ /TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabe...   3/16/2018

| Customer: | HALLADA JR, JOSEPH ANDREW | Case #: | 58-042-*****1066 |
|---|---|---|---|

**Total Payoff**

Customer Name : HALLADA JR, JOSEPH ANDREW
Case Number   : 58-042-*****1066
Accrual Date  : 05/04/2018

The Total displays the sum of the selected loans.

**Payoff Summary**

| Fund Code / Loan # | Date of Loan | Principal Balance | Total Interest | Daily Int. Accrual | Total Payoff |
|---|---|---|---|---|---|
| 4330-22 | 08/12/2009 | $827.87 | $103.65 | $0.0851 | $931.52 |

Date of Last Cash Payment: 12/13/2016
Principal Amounts

| | |
|---|---|
| Unpaid Principal: | $812.28 |
| Unpaid Principal Advance: | $0.00 |
| DSA Unpaid Principal - 01/01/2014: | $15.59 |
| DSA Unpaid Principal Advance - 01/01/2014: | $0.00 |

Interest Amounts

| | |
|---|---|
| Accrued Interest: | $87.63 |
| Accrued Interest Advance: | $0.00 |
| Unpaid Deferred Interest: | $1.97 |
| DSA Accrued Interest - 01/01/2014: | $13.77 |
| DSA Accrued Interest Advance - 01/01/2014: | $0.00 |
| DSA Unpaid Deferred Interest - 01/01/2014: | $0.28 |

| Fund Code / Loan # | Date of Loan | Principal Balance | Total Interest | Daily Int. Accrual | Total Payoff |
|---|---|---|---|---|---|
| 4330-23 | 08/12/2009 | $14,593.55 | $2,609.14 | $1.4994 | $17,202.69 |

Date of Last Cash Payment: 06/29/2015
Principal Amounts

| | |
|---|---|
| Unpaid Principal: | $13,783.08 |
| Unpaid Principal Advance: | $0.00 |
| DSA Unpaid Principal - 01/01/2014: | $810.47 |
| DSA Unpaid Principal Advance - 01/01/2014: | $0.00 |

Interest Amounts

| | |
|---|---|
| Accrued Interest: | $1,471.30 |
| Accrued Interest Advance: | $0.00 |
| Unpaid Deferred Interest: | $781.33 |
| DSA Accrued Interest - 01/01/2014: | $331.78 |
| DSA Accrued Interest Advance - 01/01/2014: | $0.00 |
| DSA Unpaid Deferred Interest - 01/01/2014: | $24.73 |

| Fund Code / Loan # | Date of Loan | Principal Balance | Total Interest | Daily Int. Accrual | Total Payoff |
|---|---|---|---|---|---|
| 4430-24 | 08/12/2009 | $11,327.19 | $767.40 | $0.6982 | $12,094.59 |

Date of Last Cash Payment: 10/26/2015
Principal Amounts

| | |
|---|---|
| Unpaid Principal: | $10,713.36 |
| Unpaid Principal Advance: | $0.00 |
| DSA Unpaid Principal - 01/01/2014: | $613.83 |
| DSA Unpaid Principal Advance - 01/01/2014: | $0.00 |

Interest Amounts

| | |
|---|---|
| Accrued Interest: | $607.58 |
| Accrued Interest Advance: | $0.00 |
| Unpaid Deferred Interest: | $7.41 |
| DSA Accrued Interest - 01/01/2014: | $151.83 |
| DSA Accrued Interest Advance - 01/01/2014: | $0.00 |
| DSA Unpaid Deferred Interest - 01/01/2014: | $0.58 |

| Fund Code / Loan # | Date of Loan | Principal Balance | Total Interest | Daily Int. Accrual | Total Payoff |
|---|---|---|---|---|---|
| 4430-25 | 08/12/2009 | $42,240.40 | $2,806.99 | $2.6039 | $45,047.39 |

Date of Last Cash Payment: 11/27/2015
Principal Amounts

| | |
|---|---|
| Unpaid Principal: | $39,593.65 |
| Unpaid Principal Advance: | $0.00 |
| DSA Unpaid Principal - 01/01/2014: | $2,646.75 |
| DSA Unpaid Principal Advance - 01/01/2014: | $0.00 |

Interest Amounts

| | |
|---|---|
| Accrued Interest: | $2,167.34 |
| Accrued Interest Advance: | $0.00 |
| Unpaid Deferred Interest: | $37.01 |
| DSA Accrued Interest - 01/01/2014: | $601.20 |
| DSA Accrued Interest Advance - 01/01/2014: | $0.00 |
| DSA Unpaid Deferred Interest - 01/01/2014: | $1.44 |

| Fund Code / Loan # | Date of Loan | Principal Balance | Total Interest | Daily Int. Accrual | Total Payoff |
|---|---|---|---|---|---|
| 4430-26 | 08/12/2009 | $16,055.48 | $1,094.55 | $0.9897 | $17,150.03 |

Date of Last Cash Payment: 10/26/2015
Principal Amounts

| | |
|---|---|
| Unpaid Principal: | $15,099.88 |
| Unpaid Principal Advance: | $0.00 |
| DSA Unpaid Principal - 01/01/2014: | $955.60 |

**Exhibit BT**

| | | | | | |
|---|---|---|---|---|---|
| | | DSA Unpaid Principal Advance - 01/01/2014: | | | $0.00 |
| | Interest Amounts | Accrued Interest: | | | $856.35 |
| | | Accrued Interest Advance: | | | $0.00 |
| | | Unpaid Deferred Interest: | | | $13.90 |
| | | DSA Accrued Interest - 01/01/2014: | | | $223.72 |
| | | DSA Accrued Interest Advance - 01/01/2014: | | | $0.00 |
| | | DSA Unpaid Deferred Interest - 01/01/2014: | | | $0.58 |
| 4430-27 | 08/12/2009 | $29,044.79 | $1,891.62 | $1.7904 | $30,936.41 |
| | Date of Last Cash Payment: 12/18/2015 | | | | |
| | Principal Amounts | Unpaid Principal: | | | $27,230.42 |
| | | Unpaid Principal Advance: | | | $0.00 |
| | | DSA Unpaid Principal - 01/01/2014: | | | $1,814.37 |
| | | DSA Unpaid Principal Advance - 01/01/2014: | | | $0.00 |
| | Interest Amounts | Accrued Interest: | | | $1,455.33 |
| | | Accrued Interest Advance: | | | $0.00 |
| | | Unpaid Deferred Interest: | | | $22.68 |
| | | DSA Accrued Interest - 01/01/2014: | | | $412.46 |
| | | DSA Accrued Interest Advance - 01/01/2014: | | | $0.00 |
| | | DSA Unpaid Deferred Interest - 01/01/2014: | | | $1.15 |
| 4130-28 | 08/12/2009 | $16,086.02 | $2,478.99 | $1.8179 | $18,565.01 |
| | Date of Last Cash Payment: 01/19/2016 | | | | |
| | Principal Amounts | Unpaid Principal: | | | $15,415.95 |
| | | Unpaid Principal Advance: | | | $500.00 |
| | | DSA Unpaid Principal - 01/01/2014: | | | $170.07 |
| | | DSA Unpaid Principal Advance - 01/01/2014: | | | $0.00 |
| | Interest Amounts | Accrued Interest: | | | $1,454.75 |
| | | Accrued Interest Advance: | | | $1.64 |
| | | Unpaid Deferred Interest: | | | $701.06 |
| | | DSA Accrued Interest - 01/01/2014: | | | $314.92 |
| | | DSA Accrued Interest Advance - 01/01/2014: | | | $0.00 |
| | | DSA Unpaid Deferred Interest - 01/01/2014: | | | $6.62 |
| 4320-29 | 09/08/2010 | $19,453.90 | $2,452.13 | $1.9987 | $21,906.03 |
| | Date of Last Cash Payment: 07/17/2015 | | | | |
| | Principal Amounts | Unpaid Principal: | | | $17,556.75 |
| | | Unpaid Principal Advance: | | | $0.00 |
| | | DSA Unpaid Principal - 01/01/2014: | | | $1,897.15 |
| | | DSA Unpaid Principal Advance - 01/01/2014: | | | $0.00 |
| | Interest Amounts | Accrued Interest: | | | $1,841.65 |
| | | Accrued Interest Advance: | | | $0.00 |
| | | DSA Accrued Interest - 01/01/2014: | | | $610.48 |
| | | DSA Accrued Interest Advance - 01/01/2014: | | | $0.00 |
| 4320-30 | 07/08/2011 | $30,998.88 | $3,777.67 | $3.1849 | $34,776.55 |
| | Date of Last Cash Payment: 08/17/2015 | | | | |
| | Principal Amounts | Unpaid Principal: | | | $28,249.57 |
| | | Unpaid Principal Advance: | | | $0.00 |
| | | DSA Unpaid Principal - 01/01/2014: | | | $2,749.31 |
| | | DSA Unpaid Principal Advance - 01/01/2014: | | | $0.00 |
| | Interest Amounts | Accrued Interest: | | | $2,873.33 |
| | | Accrued Interest Advance: | | | $0.00 |
| | | DSA Accrued Interest - 01/01/2014: | | | $904.34 |
| | | DSA Accrued Interest Advance - 01/01/2014: | | | $0.00 |
| 4420-31 | 08/11/2011 | $10,420.05 | $624.81 | $0.6066 | $11,044.86 |
| | Date of Last Cash Payment: 12/18/2015 | | | | |
| | Principal Amounts | Unpaid Principal: | | | $9,885.69 |
| | | Unpaid Principal Advance: | | | $0.00 |
| | | DSA Unpaid Principal - 01/01/2014: | | | $534.36 |
| | | DSA Unpaid Principal Advance - 01/01/2014: | | | $0.00 |
| | Interest Amounts | Accrued Interest: | | | $498.99 |
| | | Accrued Interest Advance: | | | $0.00 |
| | | DSA Accrued Interest - 01/01/2014: | | | $125.82 |
| | | DSA Accrued Interest Advance - 01/01/2014: | | | $0.00 |
| 4320-32 | 08/28/2012 | $21,200.90 | $1,518.89 | $1.3069 | $22,719.79 |
| | Date of Last Cash Payment: 08/27/2015 | | | | |
| | Principal Amounts | Unpaid Principal: | | | $19,627.54 |
| | | Unpaid Principal Advance: | | | $0.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | | DSA Unpaid Principal - 01/01/2014: | | $1,573.36 |
| | | | DSA Unpaid Principal Advance - 01/01/2014: | | $0.00 |
| | | **Interest Amounts** | Accrued Interest: | | $1,185.71 |
| | | | Accrued Interest Advance: | | $0.00 |
| | | | DSA Accrued Interest - 01/01/2014: | | $333.18 |
| | | | DSA Accrued Interest Advance - 01/01/2014: | | $0.00 |
| 4320-33 | 01/09/2014 | $17,779.22 | $1,372.41 | $1.4004 | $19,151.63 |
| | **Date of Last Cash Payment: 08/27/2015** | | | | |
| | **Principal Amounts** | | Unpaid Principal: | | $17,779.22 |
| | | | Unpaid Principal Advance: | | $0.00 |
| | **Interest Amounts** | | Accrued Interest: | | $1,372.41 |
| | | | Accrued Interest Advance: | | $0.00 |
| 4420-34 | 01/09/2014 | $27,769.61 | $1,222.53 | $1.4265 | $28,992.14 |
| | **Date of Last Cash Payment: 12/28/2015** | | | | |
| | **Principal Amounts** | | Unpaid Principal: | | $27,769.61 |
| | | | Unpaid Principal Advance: | | $0.00 |
| | **Interest Amounts** | | Accrued Interest: | | $1,222.53 |
| | | | Accrued Interest Advance: | | $0.00 |
| 4440-99 | 04/10/2018 | $36.00 | $0.05 | $0.0021 | $36.05 |
| | **Date of Last Cash Payment:** | | | | |
| | **Principal Amounts** | | Unpaid Principal: | | $36.00 |
| | | | Unpaid Principal Advance: | | $0.00 |
| | **Interest Amounts** | | Accrued Interest: | | $0.05 |
| | | | Accrued Interest Advance: | | $0.00 |
| **Total** | | $257,833.86 | $22,720.83 | $19.4107 | $280,554.69 |
| | **Principal Amounts** | | Unpaid Principal: | | $243,553.00 |
| | | | Unpaid Principal Advance: | | $500.00 |
| | | | DSA Unpaid Principal - 01/01/2014: | | $13,780.86 |
| | | | DSA Unpaid Principal Advance - 01/01/2014: | | $0.00 |
| | **Interest Amounts** | | Accrued Interest: | | $17,094.95 |
| | | | Accrued Interest Advance: | | $1.64 |
| | | | Unpaid Deferred Interest: | | $1,565.36 |
| | | | DSA Accrued Interest - 01/01/2014: | | $4,023.50 |
| | | | DSA Accrued Interest Advance - 01/01/2014: | | $0.00 |
| | | | DSA Unpaid Deferred Interest - 01/01/2014: | | $35.38 |

https://intranet-apps.fsa.usda.gov/flp/cm/totalpayoff.do?action=Printer Friendly                    5/4/2018

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

Place an "X" in the appropriate box: ☐ Green Bay Division ☐ Milwaukee Division

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
*(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine ☐ 345 Marine Product Liability | Liability | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

Case 1:18-cv-00822 Filed 05/30/18 Page 1 of 2 Document 1-73

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.